1 | **KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, #101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

Attorneys for Plaintiffs

# United States District Court
## Southern District of California

| | |
|---|---|
| **Kelissa Ronquillo-Griffin; Khoi Nguyen; and Russell Smith, individually and on behalf of others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**TELUS Communications, Inc.; and TransUnion Rental Screening Solutions, Inc., and Transactel (Barbados), Inc.**<br><br>Defendants. | **Case No.:** 3:17-cv-00129-JM-BLM<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. **Unlawful Recording of Cellular Communications under California Penal Code Section 632.7; and**<br><br>2. **Invasion of Privacy.**<br><br>**JURY TRIAL DEMANDED** |

## Introduction

1. The California State Legislature passed the California Invasion of Privacy Act ("CIPA") in 1967 to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibited intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

2. The plaintiffs Kelissa Ronquillo-Griffin ("Ronquillo"), Khoi Nguyen ("Nguyen"), and Russell Smith ("Smith") (collectively the "Plaintiffs") individually and on behalf of all others similarly situated California residents and nationwide consumers ("Class Members"), bring this action for damages and injunctive relief against defendants Transactel (Barbados), Inc. d/b/a TELUS International ("Transactel"), TransUnion Rental Screening Solutions, Inc. ("TransUnion") (collectively the "Defendants"), for Defendants unauthorized and illegal recordings of conversations with Plaintiffs without any notification nor warning to Plaintiffs or Class Members, causing Plaintiffs and Class Members damages.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendants' names in this Complaint

includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## Jurisdiction and Venue

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d). The aggregated claims of the individual Class Members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Plaintiffs' class, on the one hand, and Defendants, on the other hand, are citizens of different states.

8. Plaintiffs are natural persons, all of whom reside in the County of San Diego, State of California, within the judicial district where the lawsuit is brought pursuant to 28 U.S.C. § 1391(c)(1).

9. Defendant TRANSACTEL is a foreign corporation which provides business process outsourcing services in Central America, with headquarters in Barbados.

10. Upon information and belief, the website for Defendant TRANSACTEL is https://www.telusinternational.com.

11. Defendant TRANSACTEL's website claims, "We enable customer experience innovation through spirited teamwork, agile thinking, and a caring culture that puts customers first. For us, it starts with the Culture Value Chain – our unique formula for equating highly engaged frontline team members to our clients' top line growth."

12. Defendant TransUnion is a corporation registered in the State of Delaware, with its principal place of business in the City of Chicago, Illinois.

13. Upon information and belief, the website for Defendant TransUnion is https://www.mysmartmove.com. TransUnion provides its customers with credit reports, scores, eviction reports, and recommendations.

14. Upon information and belief Defendant TRANSACTEL, at all material

times hereto, acted on behalf of Defendant TransUnion, making unlawful and illegal recordings of conversations with customers, including Plaintiffs.

15. This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts in California through systematic and continuous marketing, sales, and distribution of their products and services, or otherwise intentionally avail themselves of the California market through the promotion, sale, marketing and distribution of their products so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice. Moreover, Defendants' wrongful and illegal conduct (as described herein) foreseeably affects consumers in California. Furthermore, both Defendants are registered to conduct business in California.

16. Venue is proper in this Court because, upon information and belief, Defendants transact business in this district and the acts and omissions alleged, specifically, Defendants invaded Plaintiffs' privacy by illegally recording a conversation with Plaintiffs, occurred while Plaintiffs were physically located in the City and County of San Diego, State of California, pursuant to 28 U.S.C. § 1391(b)(2).

17. Furthermore, Defendants have established sufficient contacts in this district pursuant to 28 U.S.C. § 1391(a), through the business of promoting, selling, marketing and distributing various products including Defendant TRANSACTEL's communication and Defendant TransUnion's credit report related products and services.

## Parties

18. Defendants were, and are, corporations organized under the laws of Delaware, registered to conduct business in California.

19. Plaintiffs are natural persons and residents in the City of San Diego, State of California.

**Factual Allegations**

20. Defendant TRANSACTEL provides contact center outsourcing solutions including call center operations across the globe. Furthermore, Defendant TRANSACTEL offers call center agents to accommodate credit and collections requests for many companies. Defendant is a "leading Canadian telecommunications company with $12.7 billion of annual revenue and 12.6 million customer connections – [] employ[ing] over 25,000 people with delivery centers in eight countries serving customers in over 35 languages.

21. Upon information and belief, Defendant TRANSACTEL acting on behalf of Defendant TransUnion began making telephone calls sometime around 2016 to promote TransUnion Rental Screening Solutions, from Canadian telephone number 780-392-0160.

22. Sometime in December 2016, all Plaintiffs requested a copy of their credit reports from Defendant TransUnion.

23. On or about December 14, 2016, at 2:11 pm, Defendants called Plaintiff Ronquillo on her cellular telephone number ending with "0160" from the telephone number displayed as 780-392-0160, during which time Defendants asked Plaintiff Ronquillo a variety of questions, requested Ronquillo to forward to Defendant TransUnion an identification card to receive a TransUnion credit report. After speaking with Defendants' representative for approximately twelve minutes, Plaintiff Ronquillo asked if the conversation was being recorded. Defendants' representative answered "yes, the conversation is being recorded for quality assurance" even though no warning regarding the recorded conversation was ever given. Plaintiff Ronquillo immediately felt vulnerable and protested by stating that Defendants' agent should have informed Plaintiff Ronquillo that she was being recorded upon initiating communication.

24. On or about December 14, 2016, Plaintiff Smith was contacted by Defendant TRANSACTEL on his cellular telephone number ending with "5440" from the telephone number displayed as 780-392-0160. During the phone conversation, Defendant TRANSACTEL's representative introduced himself as a TransUnion representative, stating that Plaintiff Smith needed to send a copy of his identification and Plaintiff's utility bill. At no point during the conversation with Defendants, Plaintiff Smith was advised that the conversation was being recorded.

25. Upon information and belief, the telephone conversation between Plaintiff Smith and Defendants' representative was recorded.

26. On or about December 15, 2016, Plaintiff Nguyen was contacted twice by Defendant TRANSACTEL on his cellular telephone number ending with "7513" from the telephone number displayed as 780-392-0160. During the phone conversation, Defendant TRANSACTEL's representative introduced himself as a TransUnion representative and provided his email (jgiamat@transunion.com) and facsimile number (800-799-5885), stating that Plaintiff Nguyen needed to send a copy of his driver's license or passport within the next two days. The telephone conversation between Nguyen and Defendants lasted for about four (4) minutes.

27. Upon information and belief, the telephone conversation between Plaintiff Nguyen and Defendants' representative was recorded.

28. At no point, whatsoever, during the December 15, 2016 conversation with the Defendants' representative, was Nguyen given a warning or notification that the conversation was recorded.

29. When customers dial the phone number 780-392-0160, a message plays stating: "Thank you for calling TELUS International . . . ."

30. Through Defendants' aforementioned conduct, Plaintiffs suffered an invasion of a legally protected interest in privacy, which is specifically

addressed and protected by California law.

31. Plaintiffs were personally affected by Defendants' aforementioned conduct because Plaintiffs were shocked, upset and angry that Defendants audio recorded one or more cellular telephone conversations with Plaintiffs without Plaintiffs' knowledge or consent.

## Class Action Allegations

32. Plaintiffs bring this lawsuit as a class action on behalf of themselves and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

33. Plaintiffs propose a class consisting of and defined as follow:

> All persons in California whose inbound and outbound cellular telephone conversations were recorded without their consent by Defendant/s and/or their agent/s within the two years prior to the filing of the Complaint.

34. Excluded from the Class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

35. Plaintiffs reserve the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

36. <u>Numerosity</u>: The Class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiffs at this time; however, given that, on information and belief, Defendants called to millions of class members nationwide during the Class Period, it is reasonable to presume that the

members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

37. <u>Commonality</u>: There are common questions of law and fact as to Class members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within the statutory period Defendants recorded any call with the California members;
- Whether Defendants had and continue to have a policy during the relevant period of recording telephone calls made to the Class members;
- Whether Defendants' policy or practice of recording telephone communications with Class members constitutes an invasion of privacy and a violation of Cal. Penal Code § 632.7;
- Whether Plaintiffs and Class members were damaged thereby, and the extent of damages for such violation; and
- Whether Defendants should be enjoined from engaging in such conduct in the future.

38. <u>Typicality</u>: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiffs' claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

39. Plaintiffs represent and are Class members because Plaintiffs received a call from Defendants' or their agents' telephone number 780-392-0160, at which time neither Plaintiff was provided with a proper warning of the recorded call, and Defendants recorded Plaintiffs' conversations without notification.

40. Plaintiffs and Class members were harmed by the acts of Defendants in at least the following ways: Defendants illegally recorded the Plaintiffs and Class members by way of their telephones thereby causing Plaintiffs and

Class members to have personal information revealed without notification that their conversation was being recorded and by invading the privacy of said Plaintiffs and Class members. Plaintiffs and Class members were damaged thereby.

41. <u>Adequacy</u>: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, as demonstrated herein. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts, or differences with any Class member. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of California Penal Code section 632.7. Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class member.

42. <u>Predominance</u>: Questions of law or fact common to the Class members predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiffs and Class members are capable of proof at trial through evidence that is common to the class rather than individual to its members.

43. <u>Superiority</u>: Plaintiffs and the Class members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy particularly because as individual Class members have no way of discovering that Defendants recorded their telephone conversations without Class members' knowledge or consent. Furthermore, absent a class action, most Class members would

likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger. Because of the relatively small size of the individual Class members' claims, it is likely that only a few Class members could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class members will continue to incur damages, and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

44. The Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

45. This suit seeks only damages and injunctive relief for recovery of economic

injury on behalf of Class members and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand The Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class members can be identified through Defendant's records.

### Count I
### Illegal Telephone Recording of Cellular Phone Conversations
### Under California Penal Code § 632.7

47. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

48. At all relevant times hereto, Defendants had and followed a policy and practice of using a telecommunications system that enabled them to surreptitiously record cellular telephone communications between Defendants and Plaintiffs and California Class members.

49. At all relevant times hereto, Defendants intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendants and Plaintiffs and California Class members.

50. At all relevant times hereto, Defendants had and followed a policy and practice of not advising or warning Plaintiffs and California Class members that their cellular telephone communications with Defendants would be recorded.

51. Defendants failed to obtain consent of Plaintiffs and California Class members prior to recording any of their cellular telephone conversations.

52. This conduct by Defendants violated section 632.7(a) of the California Penal Code.

53. Plaintiffs and California Class members are entitled to recovery actual and statutory damages in the amount of $5,000.00 per violation.
54. Plaintiffs' counsel are also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

## Count II
## Invasion of Privacy
## Intrusion Into Private Affairs

55. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.
56. Plaintiffs and Class members had a reasonable expectation of privacy while some of the above conduct took place.
57. Defendants intentionally intruded into Plaintiffs' and Class members' expectation of privacy.
58. Defendants' intrusion would be highly offensive to a reasonable person.
59. Plaintiffs and Class members were harmed as a direct and proximate result of these unauthorized and unwarned recorded communications.
60. The conduct of Defendants was a substantial factor in causing Plaintiffs and Class members this harm.

## Prayer For Relief

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray that judgment be entered against Defendants, and Plaintiffs and the Class be awarded damages from Defendants, and each of them, as follows:

- That the action regarding each violation of the Invasion of Privacy and Cal. Penal Code Section § 632.7 be certified as a class action on behalf of the Class and requested herein;
- That Plaintiffs be appointed as representatives of the Class;
- That Plaintiffs' counsel be appointed as counsel for the Class;
- Punitive damages;
- Special, general, compensatory and punitive damages;

- An amount of $5,000 for each violation of section 632 *et seq.* of the California Penal Code, or three times the amount of any actual damages sustained by Plaintiffs, whichever is greater.

**Jury Demand**

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs and Class members are entitled to, and demand, a trial by jury.

Dated: March 16, 2017

Respectfully submitted,

**HYDE & SWIGART**

By: s/ YANA A. HART, ESQ.

YANA A. HART, ESQ.
yana@westcoastlitigation.com
ATTORNEY FOR PLAINTIFF