**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Jason A. Ibey, Esq. (284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

[Additional Counsel on Signature Page]

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELISSA RONQUILLO-GRIFFIN, KHOI NGUYEN, and RUSSELL SMITH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TELUS COMMUNICATIONS, INC., TRANSUNION RENTAL SCREENING SOLUTIONS, INC., AND TRANSACTEL (BARBADOS), INC.,<br><br>Defendants. | Case No.: 3:17-cv-00129-JM-BLM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT TRANSACTEL (BARBADOS), INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**Hearing:**<br>Date:   June 26, 2017<br>Time:   10:00 a.m.<br>Ctrm.:  5D<br><br>Complaint filed:  January 24, 2017<br>FAC filed:  March 16, 2017 |

*Sidebar (vertical text):* KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... iii

I. INTRODUCTION ...................................................................................... 1

II. STATEMEMT OF FACTS ........................................................................ 2

III. LEGAL STANDARD ................................................................................ 4

IV. PLAINTIFFS ADEQUATELY ALLEGED THAT TRANSACTEL
UNLAWFULLY RECORDED COMMUNICATIONS WITH
PALINTIFFS PURSUANT TO SECTION 637.2 ....................................... 5

  A. *Granina* was Wrongly Decided and Should Not Be Followed ....... 6

  B. Section 632.7 Prohibits Every Person from Recording a
  Conversation Without Consent ............................................................ 8

    1) Assuming, *arguendo,* that section 632.7 requires
    Plaintiffs to plead the receipt of their communication
    was without consent, Plaintiffs should give leave to
    amend ............................................................................................ 9

    2) Plaintiffs adequately alleged use of a cellular telephone
    by at least one party ................................................................... 10

V. TRANSACTEL ENGAGED IN HIGHLY OFFENSIVE CONDUCT
CAUSING HARM TO PLAINTIFFS WHEN TRANSACTEL
RECORDED PLAINTIFFS' CONVERSATIONS WITHOUT
THEIR KNOWLEDGE OR CONSENT ................................................... 11

  A. Recording Conversations Without Consent is Highly Offensive .. 12

  B. Defendant's Case Law is Distinguishable ...................................... 12

    1) *Hoffman v. Cenlar Agency, Inc.* .............................................. 12

    2) *Montegna v. Yodle* ................................................................... 13

C. **Plaintiffs Were Shocked, Upset, and Angered by Transactel's Unlawful Recordings** .................................................14

VI. **THE 2017 AMENDMENT TO SECTION 637.2 SERVE TO CLARIFY AND CONFIRM THAT A PLAINTIFF MAY RECOVER STATUTORY DAMAGES PER VIOLATION** .......................................15

A. *Lal* **was Wrongly Decided and Should Not Be Followed** ...............16

B. **Many Courts, Including the California Supreme Court, Applied Per Violation Recoveries Prior to the 2017 Amendment to Section 637.2** ................................................16

VII. **CONCLUSION** ................................................19

**Kazerouni Law Group, APC**
Costa Mesa, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kazerouni Law Group, APC**
Costa Mesa, California

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) .................................................................4

*Barker v. Riverside County Office of Ed.,*
    584 F. 3d 821 (9th Cir. 2009)....................................................4

*Bell Atl. Corp v. Twombly,*
    550 U.S. 544 (2007) .................................................................4

*Brown v. Defender Sec. Co.,*
    2012 U.S. Dist. LEXIS 153133 (C.D. Cal. Oct. 2, 2012) ............8

*Cahill v. Liberty Mutual Ins. Co.,*
    80 F.3d 336 (9th Cir. 1996)................................................4, 14

*Caminetti v. U.S.,*
    242 U.S. 470 (1917) .................................................................6

*Chang v. Chen,*
    80 F. 3d 1293 (9th Cir. 1996)....................................................4

*Coulter v. Bank of America,*
    28 Cal. App. 4th 923 (1994).....................................................17

*Dimidowich v. Bell & Howell,*
    803 F.2d 1473 (9th Cir. 1986)..................................................16

*Dimidowich v. Bell & Howell,*
    810 F.2d 1517 (9th Cir. 1987)..................................................16

*Fairfield v. American Photocopy etc.,*
    138 Cal. App. 2d 82 (1955)......................................................14

*Flanagan v. Flanagan,*
    27 Cal. 4th 766 (2002) ..............................................1, 9, 17, 18

*Foote v. Credit One Bank, N.A.,*
　　No. CV-13-8605-MWF (PLAx), 2014 U.S. Dist. LEXIS 195757
　　(C.D. Cal. Mar. 10, 2014) ........................................................................8, 15

*Granina v. Eddie Bauer,*
　　2015 WL 9855304 (Cal. Super. Dec. 2, 2015).....................................5, 6, 7

*Hall v. City of Santa Barbara,*
　　833 F.2d 1270 (9th Cir. 1986).........................................................................5

*Hoffman v. Cenlar Agency, Inc.,*
　　2013 WL 1285126 (S.D. Cal. Mar. 27, 2013).........................................12, 13

*Hurrey-Mayer v. Wells Fargo Mortg., Inc.,*
　　2009 U.S. Dist. LEXIS 103039 (S.D. Cal. Nov. 4, 2009)...........................11

*Hurst v. Columbia Sportswear Co.,*
　　No. CV14-00075-RGK (JEMx), 2014 U.S. Dist. LEXIS 32144
　　(C.D. Cal. Mar. 10, 2014) .............................................................................17

*Jackson v. Carey,*
　　353 F. 3d 750 (9th Cir. 2003).........................................................................4

*Kearney v. Salomon Smith Barney, Inc.*
　　39 Cal. 4th 95 (Jul. 13, 2006)..........................................................8, 12, 16

*Kimmel v. Goland,*
　　51 Cal. 3d 202 (1990)....................................................................................16

*Kleenwell Biohazard Waste & Gen. Ecology Consultants v. Nelson,*
　　48 F. 3d 391 (9th Cir. 1995)..........................................................................16

*Lal v. Capital One Financial Corporation,*
　　2017 WL 134563 (N.D. Cal. Apr. 4, 2017) .....................................15, 16, 17

*Lee v. City of Los Angeles,*
　　250 F.3d 668 (9th Cir. 2001)...........................................................................4

*Lewis v. Costco Wholesale Corporation et al,*
　　Case No. 2:12-cv-04820-JAK-AJW (C.D. Cal. 2012)...................................7

Kazerouni Law Group, APC
Costa Mesa, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Lopez v. Smith,*
   203 F. 3d 1122 (9th Cir. 2000)..........................................................................4

*McDouglas v. County of Imperial,*
   942 F. 2d 668 (9th Cir. 1991)..........................................................................5

*Mendiondo v. Centinela Hosp. Med. Ctr.,*
   521 F.3d 1097 (9th Cir. 2008)........................................................................4

*Miller v. National Broadcasting Co.,*
   187 Cal. App. 3d 1463 (1986)......................................................................14

*Montegna v. Yodle*
   2012 WL 3069969 (S.D. Cal. Jul. 27, 2012)..............................................13

*Moss v. U.S. Secret Serv.,*
   572 F. 3d 962 (9th Cir. 2009)..........................................................................4

*Neilson v. Chang (In re First T.D. & Inv. Inc.),*
   253 F. 3d 529 (9th Cir. 2001)..........................................................................7

*Pareto v. F.D.I.C.,*
   139 F.3d 750 (9th Cir. 2003)..........................................................................4

*Raffin v. Medicredit, Inc.,*
   No. CV 15-4912-GHK (PJWx), 2017 U.S. Dist. LEXIS 5311
   (C.D. Cal. Jan. 3, 2017)....................................................................................6

*Rezvanpour v. SGS Auto Servs.,*
   No. 8:14-cv-00113-ODW(JPRx), 2014 U.S. Dist. LEXIS 94861
   (C.D. Cal. July 11, 2014) ................................................................................8

*Ribas v. Clark,*
   38 Cal. 3d 355 (1985)......................................................................................16

*Roberts v. Wyndham Int'l Inc.,*
   2012 U.S. Dist. LEXIS 170719 (N.D. Cal. Nov. 29, 2012) ......................11

*Safari Club Int'l v. Rudolph,*
   2017 U.S. App. LEXIS 2416 (9th Cir. Feb. 10, 2017)................................12

**Kazerouni Law Group, APC**
Costa Mesa, California

*Simpson v. Best W. Int'l, Inc.,*
    No. 3:12-cv-04672-JCS, 2012 U.S. Dist. LEXIS 162181
    (N.D. Cal. Nov. 9, 2012) .................................................................7, 9

*Simpson v. Vantage Hospitality Group,*
    2012 U.S. Dist. LEXIS 172157 (N.D. Cal. Dec. 4, 2012) ........................7, 9

*United States v. Toro-Barboza,*
    673 F.3d 1136 (9th Cir. Cal. 2012) .............................................10

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ......................................................5

*Zephyr v. Saxon Mortg. Servs.,*
    2012 U.S. Dist. LEXIS 78091 (E.D. Cal. June 4, 2012) .......................16

**Statutes**

California Penal Code, § 632 .............................................8, 10, 15, 16

California Penal Code, § 632(a) ..................................................12

California Penal Code, § 632.7 .............................................*passim*

California Penal Code, § 637.2 ..........................2, 5, 16, 17, 18

California Penal Code, § 637.2(a) ..........................................12, 15

**Rules**

Fed. R. Civ. P. 8 ....................................................................11

Fed. R. Civ. P. 8(a)(2) ..............................................................4

Fed. R. Civ. P. 12(b)(6) ............................................................4

Fed. R. Civ. P. 15(a)(2) ............................................................5

Kazerouni Law Group, APC
Costa Mesa, California

## I.     INTRODUCTION

California Penal Code § 632.7 prohibits one party to a cellular telephone call from intentionally recording the conversation without the knowledge or consent of the other party, or parties, to the call. The California Supreme Court has articulated a clear rational basis for the legislature conferring greater protection against recording cellular telephone calls: "the Legislature found that 'the advent of widespread use of cellular radio telephone technology means that persons will be conversing over a network which cannot guarantee privacy in the same way that it is guaranteed over landline systems." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 775 (2002). "Responding to the problem of protecting the privacy of parties to calls involving cellular or cordless telephones[,]" the legislature amended California's Privacy Act to prohibit the intentional recording of any communication involving a cellular phone without all parties' knowledge or consent. *Id.*

It should be noted that at no point in time has California ever outlawed *all* telephone or cellular telephone recording. California's Penal Code only prohibits the recording of a call without first disclosing to the other party that the recording is or will take place. All that is required to comply with California law in this regard is to offer the ubiquitous "all calls will be monitored or recorded" disclosure at the onset of a call in order to allow participants the opportunity to opt out of the call or refrain from disclosing certain personal or financial information, which they do not wish to be recorded. Given the ease of compliance, this standard disclosure statement has seen prolific use amongst businesses in California that desire to record their calls.

Despite the fact that compliance can be easily and inexpensively achieved, Defendant Transactel (Barbados), Inc., ("Defendant" or "Transactel")[1] elects to surreptitiously record its calls to California consumers, thereby depriving those

---

[1] The named defendant, TELUS Communications, Inc., was terminated and dismissed from the action on or about March 20, 2017.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

consumers of the privacy protections afforded by the California Penal Code. The Plaintiffs Kellisa Ronquillo-Griffin ("Ronquillo"), Khoi Nguyen ("Nguyen"), and Russell Smith ("Smith") (jointly, the "Plaintiffs") brought this suit to challenge those illegal recording practices. Transactel responds with the present Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss"),[2] arguing the following: (1) California Penal Code § 632.7 requires interception or receipt of a communication without consent *and* the intentional recording of the communication without consent; (2) the facts alleged do not demonstrate a highly offensive intrusion or harm to Plaintiffs; and (3) section 637.2 did not provide a "per violation" award prior to the 2017 amendment which added explicit language to that effect. Dkt. No. 12-1; Def.'s Memo., pp. 1–2.

As demonstrated herein, Transactel's construction of section 632.7 is inconsistent with the broad and inclusive language of the statute, and would render portions of the statute surplusage. Plaintiffs have adequately alleged that Transactel's conduct in recording Plaintiffs' conversations without their consent is highly offensive and caused Plaintiffs mental anguish and suffering, which constitutes actual harm subject to a damages award in an invasion of privacy action such as this. Finally, many California courts provided for a "per violation" award long before the recent amendment to section 632.7, which amendment served to clarify and confirm that such application is appropriate. For these reasons, the Court should deny Transactel's Motion to Dismiss.

## II.     STATEMENT OF FACTS

Sometime in December 2016, all three Plaintiffs requested a copy of their credit reports from Defendant Transunion Rental Screening, Inc. ("TRS"). First Amended Complaint ("FAC"), Dkt. No. 7, ¶ 22. On or about December 14, 2016,

---

[2] A Notice of Joinder was filed by the other named defendant Transunion Rental Screening Solutions, Inc. on May 16, 2017 (Dkt. No. 14), which will be briefly addressed by Plaintiffs in a separate yet concurrent filing.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Plaintiff Ronquillo received a call on her cellular telephone, during which she was asked a variety of questions and told to forward an identification card to TransUnion in order to receive a copy of her credit report. FAC, at ¶ 23. After speaking with a representative for approximately twelve minutes, Ronquillo asked if the conversation was being recorded. *Id*. The representative answered in the affirmative even though no warning was given during the course of the conversation. *Id*. Ronquillo immediately felt vulnerable and protested that she should have been informed that the call was being recorded. *Id*.

On or about December 14, 2016, Transactel contacted Plaintiff Smith on his cellular telephone. *Id*. at ¶ 24. During the conversation, a representative told Smith that he needed to send Defendant TransUnion a copy of his identification and utility bill. At no point was Smith advised that the conversation was being recorded. *Id*.

On or about December 15, 2016, Transactel twice contacted Plaintiff Nguyen on his cellular telephone. *Id*. at ¶ 26. A representative stated that Nguyen needed to send in a copy of his driver's license or passport. *Id*. Nguyen was likewise not advised that the call was being recorded. *Id*. at ¶ 28.

Upon information and belief, Transactel recorded all of its telephone conversations with all three Plaintiffs, without ever giving a warning or notification that the conversations were being recorded. *Id*. at ¶¶ 23, 24, 25, 27, 28. Plaintiffs were personally affected by Transactel's misconduct and felt shocked, upset, and angry that their conversations were recorded without their knowledge or consent. *Id*. at ¶ 31.

In response to Transactel's recording practices, Plaintiffs brought the present action, on behalf of themselves and all others similarly situated, alleging violations of California Penal Code § 632.7 and common law invasion of privacy.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### III.    LEGAL STANDARD

Under federal pleading standards, a complaint requires *only* "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under Rule 12(b)(6), a defendant may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed under this standard for two reasons only: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

A court will not normally look beyond the four corners of the complaint in resolving a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  In addition, the court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. *See Barker v. Riverside County Office of Ed.*, 584 F.3d 821, 824 (9th Cir. 2009); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Unlike factual allegations, conclusory statements are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Dismissal of a plaintiff's complaint, without leave to amend, is appropriate only when a court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Indeed, a dismissal for failure to comply with Rule 12(b)(6) "should ordinarily be without prejudice." *Vess v. Ciba-Geigy*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003).[3]  "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In light of the above standards, Transactel's Motion to Dismiss should be denied in its entirety. Alternatively, Plaintiffs respectfully request leave to file a Second Amended Complaint to cure any pleading deficiencies.

## IV.   PLAINTIFFS ADEQUATELY ALLEGED THAT TRANSACTEL UNLAWFULLY RECORDED COMMUNICATIONS WITH PLAINTIFFS PURSUANT TO SECTION 637.2

Transactel argues that Plaintiffs have not alleged and cannot allege that Transactel intercepted or received their communications without their consent, which Transactel asserts is a necessary requirement of Plaintiffs' claim under Cal. Pen. Code § 632.7.  Def.'s Memo., 5:23–25.

California Penal Code Section 632.7 provides:

> Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished[.]

Transactel relies solely on the non-binding decision from the Superior Court of California, County of Los Angeles, in *Granina v. Eddie Bauer* ("*Granina*"), 2015 WL 9855304 (Cal. Super. Dec. 2, 2015), to argue that the statute requires receipt of the communication to be without consent *and* that the communication be intentionally recorded without consent. Def.'s Memo., 5:1–3.

---

[3] In the Ninth Circuit, the Rule 12(b)(6) motion "'is viewed with disfavor and is rarely granted.'" *McDougal v. County of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991) (quoting *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986)).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

As explained below, to apply section 632.7 in this manner would contradict the statute's application to "[e]very person" and would essentially write out the term "receives" by nullifying its effect, which is to include parties *and* nonparties to the telephonic communications.

### A. *Granina* was Wrongly Decided and Should Not Be Followed

The court in *Granina* interpreted section 632.7 to mean that "a person may not be punished unless he or she engages in *both* the unconsented receipt and intentional unconsented recording of a telephone call." *Granina*, 2015 WL 9855304, at *4. The Court came to this conclusion notwithstanding its concession that the statute "broadly prohibit[s] 'every person' from maliciously eavesdropping on wireless telephone calls." *Id*. In fact, the Court observed, "it is difficult to imagine how someone talking to [a] known party via wireless telephone could fail to consent to that party's *receipt* of the communication." *Id*. But instead of acquiescing to its realization that such construction is inconsistent with the State's ability to enforce the statute against parties to the communication, the Court applied its preferred meaning, even though under such construction the term "receives" becomes mere surplusage, because one could never be a party to the communication *and* fail to consent to receipt of the communication. The presentation of this conundrum is precisely why *Granina* was wrongly decided.[4]

Furthermore, the *Granina* Court looked to the legislative history of section 632.7 unnecessarily, and inappropriately so. If the language of a statute is clear, there is no need to look to its legislative history. *Caminetti v. U.S.*, 242 U.S. 470 (1917). Only where a statute is ambiguous may a court "consider extrinsic evidence of the legislature's intent, including the statutory scheme of which the

___

[4] In *Raffin v. Medicredit, Inc.*, the court recognized that such argument made by Transactel here "is merely another way of saying that a recording must be made by a third party to be actionable." 2017 U.S. Dist. LEXIS 5311, at *16 (C.D. Cal. Jan. 3, 2017) (citing *Granina*, 2015 WL 9855304, at *4).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  provision is a part, the history and background of the statute, the apparent purpose,

2  and any considerations of constitutionality." *Neilson v. Chang* (*In re First T.D. &*

3  *Inv. Inc*.), 253 F.3d 520 (9th Cir. 2001) (internal citations omitted).

4      Section 632.7 is not ambiguous. *See Lewis v. Costco Wholesale*

5  *Corporation, et al.* ("*Lewis*"), Case No. 2:12-cv-04820-JAK-AJW, Dkt. #29 (C.D.

6  Cal. 2012) (Kronstadt, J.) ("on its face, § 632.7 is unambiguous: it precludes the

7  recording of all communications involving a cellular telephone"); *Simpson v.*

8  *Vantage Hospitality Group*, 2012 U.S. Dist. LEXIS 172157, *19 (N.D. Cal. Dec.

9  4, 2012) ("the Court finds that there is no ambiguity in the language of Section

10  632.7"); *Brown v. Defender Sec. Co.*, 2012 U.S. Dist. LEXIS 153133, *13 (C.D.

11  Cal. Oct. 2, 2012) (§ 632.7 is unambiguous).[5] That section plainly reads, "*Every*

12  person who, without the consent of all parties to a communication . . ." Cal. Pen.

13  Code § 632.7 (emphasis added). If the Legislature intended to limit the scope of

14  the statute to nonparties to the communication, which is the effect that would be

15  given under Defendant's analysis, it could have limited its reach by using less

16  inclusive language. Instead, the common and ordinary meaning of "[e]very

17  person" would encompass parties and non-parties, "who, without the consent of

18  all parties to the communication, intercepts or receives and intentionally records . .

19  . a communication[.]" *Id*.

20      Thus, the *Granina* Court's application of section 632.7 contradicts the

21  language "every person" and nullifies the term "receives," and should not be

22  followed.

23  //

24  _____

25  [5]  Even when the Northern District of California found the statutory text of §

26  632.7 to be ambiguous, disagreeing with other cases to the contrary, that court still

27  found, "[w]ith the Legislature's intent in mind, § 632.7 may fairly be read to apply
to parties to the communication, as well to as third parties." *Simpson v. Best W.*

28  *Int'l, Inc.*, 2012 U.S. Dist. LEXIS 162181, *24-25 (N.D. Cal. Nov. 9, 2012).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### B. Section 632.7 Prohibits Every Person from Recording a Conversation Without Consent

The focus of section 632.7 is on the unconsented to *audio recording* of certain types of telephone conversations, including cellular telephone conversations. *See e.g., Rezvanpour v. SGS Auto. Servs*., No. 8:14-cv-00113-ODW (JPRx), 2014 U.S. Dist. LEXIS 94861, at *10 (C.D. Cal. July 11, 2014) ("The only burden on speech activity imposed by the statute is that *parties to a phone call involving a cellphone must be informed that the call is being recorded*, after which consent may be given or the phone call ended.") (emphasis added); *Kearney*, 39 Cal. 4th at 117-18, (the California Supreme Court noted, "[t]his provision does not absolutely preclude a party to a telephone conversation from recording the conversation, but rather simply prohibits such a party from secretly or surreptitiously recording the conversation, that is, from recording the conversation without first informing all parties to the conversation that the conversation is being recorded.") (internal notes omitted); *see also Foote v. Credit One Bank, N.A*., No. CV-13-8605-MWF (PLAx), 2014 U.S. Dist. LEXIS 195757, at *5 (C.D. Cal. Mar. 10, 2014) ("§ 632.7 conspicuously lacks a requirement that the surreptitiously recorded communication be confidential.").

In *Brown v. Defender Sec. Co.*, 2012 U.S. Dist. LEXIS 153133 (C.D. Cal. Oct. 2, 2012), the parties disputed whether section 632.7 is limited to situations in which unknown third parties record cell phone conversations, or whether the statute also seeks to prevent the recording of cell phone conversations by known participants to the call. In reviewing the text of the statute, Judge Christina A. Snyder clearly held that "§ 632.7 prevents a party to a cell phone conversation from recording it without the consent of *all parties* to the conversation." *Id.* at 13 (emphasis added).

Judge Snyder explained that "[t]his interpretation flows from the clear and unambiguous language of the statute," since "as a matter of common usage, the

participants in a conversation 'receive' communications from each other," which "suggests that § 632.7 should not be limited to situations in which unknown third parties record a conversation." *Id.* Judge Snyder further explained that this "interpretation of § 632.7 does not render it duplicative of § 632" because "both statutes prevent a party to a conversation from recording it without the consent of all parties involved," but "§ 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone," without the need for a "confidential" communication. *Id.* at *14-15.

The court in *Simpson v. Vantage Hospitality Group* similarly agreed. In that case, the court recognized, "in *Flanagan* . . . the California Supreme Court noted that the prohibition contained in Section 632.7 'applies to all communications, not just confidential communications.'" *Simpson v. Vantage Hospitality Group*, 2012 U.S. Dist. LEXIS 172157, *21 (N.D. Cal. Dec. 4, 2012). And in *Simpson v. Best W. Int'l, Inc.*, No. 3:12-cv-04672-JCS, 2012 U.S. Dist. LEXIS 162181, at *26 (N.D. Cal. Nov. 9, 2012), the court held, "the Legislature intended to extend the protections against recording landline conversations—which applied to parties— to cellular communications. Interpreting § 632.7 to only apply to third parties would defeat the Legislature's intent. Therefore, the Court finds that § 632.7 applies to parties to the communication as well as third parties."

Thus, several district courts have found that section 632.7 should not be interpreted to apply only to third parties. Since known parties to the communication would effectively be excluded under Transactel's construction of the statute, its analysis is flawed and should be rejected by this court.

### 1) Assuming, *arguendo*, that section 632.7 requires Plaintiffs to plead the receipt of their communication was without consent, Plaintiffs should be give leave to amend

There is a liberal policy of permitting leave to amend, especially at this early stage of litigation. Should the Court find that Plaintiffs must allege the receipt of their communication by Defendant was without their consent (which is

practically speaking a ruling that section 632.7 applies to third parties only – or interception of a communication), Plaintiffs should be given leave amend the FAC to allege a cause of action under Cal. Pen. Code § 632 for unlawful recording of a confidential communication. *See* FAC, ¶ 49 ("At all relevant times hereto, Defendants intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendants and Plaintiffs and California Class members."). Notably, section 632 is not cumulative of section 632.7, since section 632.7 does not include a "confidentiality" requirement, as explained by Judge Synder in *Brown*. Further, the rule in *Toro-Barboza* applies where two statutes have the same elements, which is not the case here. *See United States v. Toro-Barboza*, 673 F.3d 1136, 1148 (9th Cir. Cal. 2012).

### 2) Plaintiffs adequately alleged use of a cellular telephone by at least one party

In a footnote, Transactel further contends that Plaintiffs failed to allege the type of device Transactel used to place the calls. Def.'s Memo., p. 6, n.1. Without the benefit of discovery, Plaintiffs cannot allege with certainty what type of device was used by Transactel. However, common sense indicates that Transactel must have used either a landline or cordless device. Nonetheless, only one of the devices need be a cellular telephone under the broad and inclusive language of the statute, which states that the communication must be "transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." *See* Cal. Pen. Code § 632.7. In other words, section 632.7 can be logically construed to apply where at least one party uses a cellular or cordless phone. *See* Cal. Pen. Code § 632.7. Here, Plaintiffs have alleged that the calls from Transactel were received on their cellular telephones.

*See* FAC, ¶¶ 23, 24, 26, 31.[6]

It is unnecessary for Plaintiffs to plead the exact type of telephone used by Transactel. *See Roberts v. Wyndham Int'l, Inc.*, 2012 U.S. Dist. LEXIS 170719, *14 (N.D. Cal. Nov. 29, 2012). Transactel, notably, has not cited to any authority for a contrary proposition. Moreover, Transactel must know what type of telephone it used, and thus could not possibly be prejudiced from the current pleadings. Transactel has received fair notice of the charges alleged against it under Fed. R. Civ. P. 8.

With these considerations in mind, Plaintiffs have adequately alleged the type of device used during their communications with Transactel.

## V.  TRANSACTEL ENGAGED IN HIGHLY OFFENSIVE CONDUCT CAUSING HARM TO PLAINTIFFS WHEN TRANSACTEL RECORDED PLAINTIFFS' CONVERSATIONS WITHOUT THEIR KNOWLEDGE OR CONSENT

Transactel challenges the sufficiency of Plaintiffs' Second Cause of Action alleging common law invasion of privacy. "The elements of a claim for invasion of privacy are: (1) plaintiff had a reasonable expectation of privacy in a certain circumstance; (2) defendant intentionally intruded into that circumstance; (3) defendant's intrusion would be highly offensive to a reasonable person; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *Hurrey-Mayer v. Wells Fargo Mortg., Inc.*, 2009 U.S. Dist. LEXIS 103039, at *3 (S.D. Cal. Nov. 4, 2009) (citing Judicial Council of California Jury Instruction 1800). Transactel argues only that Plaintiffs have not adequately alleged highly offensive conduct and harm. However, as explained below, Plaintiffs have sufficiently pled both of these elements.

---

[6] Plaintiffs here also limit the putative class to "persons in California whose inbound and outbound *cellular* telephone conversations were recorded without their consent[.]" FAC, ¶ 33 (emphasis added).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### A. Recording Conversations Without Consent is Highly Offensive

As to the element of highly offensive conduct, Plaintiffs were misled into thinking they were engaged in private conversations during which they were asked to send over personal documents such as their driver's licenses and/or passports (*see* FAC ¶¶ 23, 24, 26), all the while Plaintiffs' conversations were being recorded without their knowledge. Notably, "such conduct can warrant the imposition of criminal penalties, suggesting the California legislature, and perhaps an ordinary person, would view it to be highly offensive." *Safari Club Int'l v. Rudolph*, 2017 U.S. App. LEXIS 2416, *25 (9th Cir. Feb. 10, 2017) (citing Cal. Pen. Code § 632(a)); *see also* Cal. Pen. Code § 632.7(a) (providing for "imprisonment in a county jail not exceeding one year").

Furthermore, Transactel attempts to downplay its misconduct by asserting that a recording advisement is "often-overlooked" (Def.'s Memo., 6:19–22), which is a factual claim that falls outside of the four concerns of the FAC. However, as noted by the California Supreme Court, California consumers have grown accustomed to this disclosure coming at the outset of their phone calls with business entities. *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 118 n.10 (Jul. 13, 2006). As a result, "in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded[.]" *Id*. Thus, Transactel's supposed habitual oversight of its duty to disclose its recording practice is no excuse for failing to put Plaintiffs on notice that they were being recorded.

### B. Defendant's Case Law is Distinguishable

Transactel's case law is distinguishable from the allegations in the FAC.

#### 1) *Hoffman v. Cenlar Agency, Inc.*

In *Hoffman v. Cenlar Agency, Inc*., the defendant placed a single call to an attorney at a law firm. 2013 WL 1285126, *1 (S.D. Cal. Mar. 27, 2013). The plaintiff was a secretary at the law firm who answered the phone call from

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

defendant. *Id*. Plaintiff was not the intended recipient and a portion of the call between the plaintiff and defendant was recorded before plaintiff appropriately directed the call to the attorney. *Id*. The Court concluded that "a recording of the brief interaction between a law firm's secretary answering the phone and directing the call to the intended recipient is not and cannot be a highly offensive intrusion." *Id*. at *5. Unlike the secretary in *Hoffman*, the Plaintiffs, here, were the intended recipients of the telephone calls and Defendant elicited personal identification information from Plaintiffs during those calls, while the calls were being recorded. Furthermore, the plaintiff in *Hoffman* "[did] not allege[] that she was harmed in *any* matter" (*Hoffman*, 2013 WL 1285126, at *5 (emphasis added)), while Plaintiff Ronquillo, here, alleges that she "immediately felt vulnerable" (FAC ¶ 23), and all three Plaintiffs felt "shocked, upset and angry" that Defendant recorded their conversations without their knowledge or consent (*id*. at ¶ 31).

### 2) *Montegna v. Yodle*

Defendant also cites to *Montegna v. Yodle*, where the plaintiff simply alleged that he received several calls that were recorded without his consent, but failed to allege any facts regarding the plaintiffs' relationship with the defendant, facts regarding the circumstances surrounding the calls, or any facts whatsoever regarding the content of the calls. 2012 WL 3069969, *3 (S.D. Cal. Jul. 27, 2012). As a result, the court dismissed plaintiff's claim for invasion of privacy. *Id*. Unlike the plaintiff in *Montegna*, Plaintiffs here allege that Transactel, acting on behalf of Defendant TRS, made telephone calls to promote TransUnion Rental Screening Solutions; that Transactel called Plaintiffs as a result of Plaintiffs' request for a copy of their credit reports; and that Transactel asked Plaintiffs various questions during the course of the calls. *See* FAC ¶¶ 20, 21, 22, 23, 24, 26. Thus, Plaintiffs allegations in the FAC are far from conclusory statements like those in *Montegna*.

///

### C. Plaintiffs Were Shocked, Upset, and Angered by Transactel's Unlawful Recordings

Transactel asserts that Plaintiffs failed to allege harm stemming from the conversations recorded by Defendant. Def.'s Memo., 7:9. Transactel suggests that "feeling vulnerable is not the same as being harmed" (Def.'s Memo., 7:14–15); however, courts have found that damages flowing from an invasion of privacy "logically would include an award for mental suffering and anguish." *Miller v. National Broadcasting Co.*, 187 Cal. App. 3d 1463, 1484 (1986) (citing *Fairfield v. American Photocopy etc.*, 138 Cal. App. 2d 82 (1955)).[7] As such, the fact that Plaintiffs felt "shocked, upset and angry" about their conversations being recorded also constitutes actual harm subject to damages. *See* FAC ¶ 31.

Whether or not Plaintiffs truly experienced such mental anguish is a jury question not to be decided on the present motion to dismiss. *See Miller*, 187 Cal. App. 3d at n.10 ("The elements of emotional distress damages, i.e., anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, and anguish, are the subjects of legitimate inquiry by a jury in an action for invasion of privacy by intrusion, taking into account all of the consequences and events which flow from an actionable wrong."). The court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

Here, Plaintiffs allege, upon information and belief, that their conversations with Transactel were audio recorded. FAC ¶¶ 23, 25, 27. On the present Motion to Dismiss, the Court must accept as true that Transactel recorded its conversations with Plaintiffs, and that as a result, Plaintiffs felt shocked, angry, and upset, which constitutes actual harm in an action for invasion of privacy.

---

[7] "*Fairfield* was an appropriation case, but the principles it laid down concerning damage awards in privacy cases relied on a body of California law which had already recognized violation of the right of privacy as a tort." *Miller*, 187 Cal. App. 3d at 1484.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

In sum, Plaintiffs' Second Cause of Action is adequately pled and should not be dismissed.

## VI.   THE 2017 AMENDMENT TO SECTION 637.2 SERVED TO CLARIFY AND CONFIRM THAT A PLAINTIFF MAY RECOVER STATUTORY DAMAGES PER VIOLATION

Plaintiffs seek statutory damages of "$5,000 for each violation of section 632 *et seq.* of the California Penal Code, or three times the amount of any actual damages sustained by Plaintiffs, whichever is greater." FAC, 13:1–3.

Pursuant to amendment, effective January 1, 2017, California Penal Code § 637.2(a) [the damages provision] provides:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>
> > 1) Five thousand dollars ($5,000) *per violation*.
> >
> > 2) Three times the amount of actual damages, if any, sustained by the plaintiff.

Cal. Penal Code § 637.2(a) (emphasis added). The amendment added the language "per violation" to subdivision one.

Transactel contends that the amendment effectively "changed" the statute, and that the purported change in law does not apply retroactively to the calls placed to Plaintiffs in 2016. Def.'s Memo., at 7–9. However, Transactel's authority is not binding and should not be followed. Rather, the Court should adhere to controlling California Supreme Court authority.[8]

///

---

[8] "In answering questions of state law, this Court is bound by the decisions of the California Supreme Court." *Foote v. Credit One Bank, N.A.*, No. CV-13-8605-MWF (PLAx), 2014 U.S. Dist. LEXIS 195757, at *3 (C.D. Cal. Mar. 10, 2014).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## A. *Lal* was Wrongly Decided and Should Not Be Followed

Transactel bases its argument solely on the recent decision in *Lal v. Capital One Financial Corporation* ("*Lal*"), 2017 WL 134563 (N.D. Cal. Apr. 4, 2017) (concluding "the amendment actually changed § 632.7 and did not merely clarify it"). *Lal* should not be followed. First, *Lal* was decided outside of this district and is not binding on this Court. Second, and more importantly, the *Lal* decision is inconsistent with previous case law, including longstanding and controlling California Supreme Court authority, which applied a "per violation" remedy under section 637.2 well before the 2017 amendment, which suggests that the amendment intended only to *clarify* and affirm this interpretation of the statute, and <u>not</u> change the law.

## B. Many Courts, Including the California Supreme Court, Applied Per Violation Recoveries Prior to the 2017 Amendment to Section 637.2

In *Ribas v. Clark*, the California Supreme Court declared that California Penal Code § 637.2 "authorizes civil awards of $3,000[9] for each violation of California Penal Code § 632 despite a party's inability to prove actual injury." 38 Cal. 3d 355, 365 (1985).

In *Kimmel v. Goland*, the California Supreme Court specifically reiterated the rule in *Ribas*: "we concluded that Penal Code section 637.2 'authorizes civil awards of $ 3,000 for each violation of [California Penal Code § 632].'" 51 Cal. 3d 202, 210 (1990).[10]

---

[9] The 1992 Amendment to Section 637.2 substituted "Five thousand dollars ($5,000)" for "Three thousand dollars ($3,000)" in subdivision (a)(1). *See* Cal. Pen. Code § 637.2 Amendments.

[10] A district court is bound by an on-point decision on California law by the California Supreme Court. *See Kleenwell Biohazard Waste & Gen. Ecology Consultants v. Nelson*, 48 F.3d 391, 397 (9th Cir. 1995); *Dimidowich v. Bell & Howell,* 803 F.2d 1473, 1482 (9th Cir. 1986) (the Ninth Circuit "is bound to follow a state court's interpretation of that state's statutes"), *opinion modified on den. of reh'g,* 810 F.2d 1517 (9th Cir. 1987); *see also Zephyr v. Saxon Mortg.*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

In *Coulter v. Bank of America* ("*Coulter*"), Coulter admitted to secretly recording conversations with the bank's officers, managers, and employees more than 160 times. 28 Cal. App. 4th 923 (1994). The bank and its employees sought summary adjudication with respect to forty-four recordings for which there was no question as to the date, content, or parties involved. *Id*. at 925–26, n.4. The Court awarded $3,000 *per incident*,[11] multiplied by forty-four separate incidents, providing for a total award of $132,000. *Id*. at 924. If the *Lal* interpretation of the amendment were correct, the *Coulter* court would have awarded only $3,000 for the entire action.

In *Flanagan,* the California Supreme Court considered whether to accept *Coulter* or adopt the alternative view that "a conversation is confidential only if the party has an objectively reasonable expectation that the content will not later be divulged to third parties." 27 Cal. 4th at 768. After carefully considering the issue, it declared: "We endorse the standard established in . . . *Coulter*." *Id*. at 768. In *Flanagan*, a jury found that the defendant had recorded the plaintiff surreptitiously in twenty-four telephone calls and thus awarded him $5,000 per secretly recorded call, totaling $120,000. *Id*. at 771.[12] On the defendant's motion for a new trial or for judgment notwithstanding the verdict, the trial court limited the statutory damages to a total of $5,000, reasoning that multiple conversations involving the same subject should be considered a single violation. *Id*. The

---

*Servs.*, 2012 U.S. Dist. LEXIS 78091, *18 (E.D. Cal. June 4, 2012) ("*Kearney's* constitutional analysis is persuasive and its determinations regarding the meaning and application of §§ 632 and 632.7 are controlling.").

[11] At the time the *Coulter* was decided, California Penal Code § 637.2 provided for $3,000 in statutory damages (instead of $5,000).

[12] Also, back in 2014, in the matter of *Hurst v. Columbia Sportswear Co.*, No. CV 14-00075-RGK (JEMx), 2014 U.S. Dist. LEXIS 32144, at *2 (C.D. Cal. Mar. 10, 2014), it is worth noting that the defendant there argued § 632.7 provides damages of $5,000 per violation when trying to show the federal jurisdictional amount was met.

appellate court reversed, rejecting the theory that the statute provides for a single $5,000 award per victim irrespective of the number of recorded conversations, and the theory that constitutional principles limited damages to $5,000. *Id*. The appellate court determined, however, that only two of the conversations were confidential, and directed that the plaintiff be awarded $5,000 for each of those two calls. *Id*. at 772.

The Supreme Court rejected the standard that the appellate court used to determine whether the calls were confidential and remanded for a determination of whether the plaintiff was entitled to more statutory damages. *Id*. at 766. Defendant's position that section 637.2 did not intend to provide a "per violation" remedy prior to the 2017 amendment is therefore inconsistent with the application of the statute by the California Supreme Court in *Flanagan*.

If a person secretly records more than one telephone conversation without warning, that person has violated the statute more than once, has caused injury more than once, and the party injured is entitled to the $5,000 statutory damage amount for each violation. The law permits the imposition of a statutory damage for each secretly recorded telephone call because no single injury is more or less an affront than any other. Interpreting the statute, prior to 2017, as providing for only a single statutory damage amount of $5,000 per action would have permitted a violator to repeatedly invade the privacy of another without fear of additional sanction. This was not the Legislature's intent as reflected by the 2017 amendment, which served to clarify and confirm the California Supreme Court's interpretation and application of section 637.2, as providing for $5,000 per violation.

Thus, the calls placed to Plaintiffs by Transactel, which predate the amendment at issue, may constitute several violations, and Plaintiffs are entitled to recover statutory damages for each and every violation of § 632.7.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## VII.   CONCLUSION

In conclusion, Plaintiffs have demonstrated that Defendant's proposed construction of section 632.7 is inconsistent with the broad and inclusive language of the statute, and would render the term "receives" meaningless, as it would effectively exclude known parties to conversations from prosecution. Plaintiffs have alleged sufficient facts to demonstrate the highly offensive nature of Transactel's recording practices, and that such conduct caused Plaintiffs actual harm in the form of mental anguish and suffering.  Finally, the recent amendment to section 632.7 only served to confirm that a "per violation" remedy is available under the statute, which many courts, including the California Supreme Court, provided for long before this recent amendment.

For these reasons, the Court should deny Defendant's Motion to Dismiss. However, should the Court grant Defendant's Motion to Dismiss, in whole or in part, Plaintiffs respectfully request leave to amend the First Amended Complaint to cure any deficiencies.

Dated: June 12, 2017                     Respectfully submitted,

                                         **KAZEROUNI LAW GROUP, APC**

                                         By:  /s Abbas Kazerounian
                                              ABBAS KAZEROUNIAN, ESQ.
                                              *Attorney for Plaintiffs*

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq.
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
*Counsel for Plaintiffs*