UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELISSA RONQUILLO-GRIFFIN; KHOI NGUYEN; and RUSSELL SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TELUS COMMUNICATIONS, INC.; TRANSUNION RENTAL SCREENING SOLUTIONS, INC.; and TRANSACTEL (BARBADOS), INC.,<br><br>Defendants. | Case No.: 17cv129 JM (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** |

On May 16, 2017, Defendant Transactel (Barbados), Inc. ("Transactel") filed a motion to dismiss the first amended class action complaint ("FAC") of Plaintiffs Kelissa Ronquillo-Griffin, Khoi Nguyen, and Russell Smith (collectively, "Plaintiffs"). (Doc. No. 12.) That same day, Defendant Transunion Rental Screening, Inc. ("TransUnion") filed a notice of joinder in Transactel's motion.[1] (Doc. No. 14.) Plaintiffs opposed the

---

[1] Plaintiffs previously dismissed Defendant TELUS Communications, Inc. from this action, without prejudice. (Doc. No. 10.)

motion, Transactel replied, and the court took the matter under submission pursuant to Civil Local Rule 7.1(d)(1). Now, for the following reasons, the court grants the motion in part and denies it in part.

## BACKGROUND

Plaintiffs filed the FAC on March 16, 2017, alleging two counts: (1) violation of California Penal Code section 632.7 ("section 632.7"); and (2) invasion of privacy, intrusion into private affairs. (See generally Doc. No. 7.) The crux of the FAC is that after Plaintiffs requested copies of their credit reports from TransUnion in December 2016, Transactel, acting on TransUnion's behalf, called Plaintiffs and recorded those calls without their consent. The FAC alleges only three calls—one to each plaintiff. Of those three calls, one was of an unspecified duration, one was four minutes long, and one was twelve minutes long. One plaintiff was informed her call was being recorded, while the other two allege as much on information and belief. (Id. at 5–6, ¶¶ 22–28.)

Based on these allegations, Plaintiffs seek to represent a class consisting of "[a]ll persons in California whose inbound and outbound cellular telephone conversations were recorded without consent by Defendant/s and/or their agent/s within the two years prior to the filing of the [FAC]." (Id. at 7, ¶ 33.) Plaintiffs seek special, general, compensatory, and punitive damages, as well as "[a]n amount of $5,000 for each violation of section 632 et seq. of the California Penal Code, or three times the amount of any actual damages sustained by Plaintiffs, whichever is greater." (Id. at 12–13.)

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the pleadings. To overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facts merely consistent with a defendant's liability are insufficient to survive a

2

17cv129 JM (BLM)

motion to dismiss because they establish only that the allegations are possible rather than plausible. Id. at 678–79. The court must accept as true the facts alleged in a well-pled complaint, but mere legal conclusions are not entitled to an assumption of truth. Id. The court must construe the pleading in the light most favorable to the non-moving party. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995).

## DISCUSSION

The court will address Plaintiffs' two counts in the order presented. The court will then address Plaintiffs' request for statutory penalties of $5,000 for each alleged violation of section 632.7.

### A. First Count: Violation of California Penal Code Section 632.7

Section 632.7 imposes liability on anyone who, "without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone . . . ." Cal. Penal Code § 632.7(a). California Penal Code section 637.2 ("section 637.2"—not to be confused with section 632.7) provides a private right of action to enforce violations of section 632.7.

Transactel contends that "Plaintiffs' claim fails because they have not, and cannot, allege that Transactel intercepted or received their communications without consent." (Doc. No. 12-1 at 9.) According to Transactel, "[n]o one forced Plaintiffs to communicate with Transactel—they could have easily hung up the phone, but they didn't hang up because the calls were to help them obtain the copies of their credit reports that they had requested." (Doc. No. 12-1 at 9.) In support of this argument, Transactel cites Granina v. Eddie Bauer LLC, 2015 WL 9855304, at *3 (Cal. Super. Dec. 2, 2015). In Granina, a judge of the Los Angeles County Superior Court reasoned that "[b]ecause speech is a voluntary process, it is difficult to imagine how someone talking to a known party via wireless telephone could fail to consent to that party's receipt of the

3

17cv129 JM (BLM)

communication." Id. at *4. As District Judge George King recently put it, the basis of the decision in Granina "is merely another way of saying that a recording must be made by a third party to be actionable," because "[o]nly when an unknown party is listening to a conversation would someone not have consented to that party's receipt of communication." Raffin v. Medicredit, Inc., No. CV154912GHKPJWX, 2017 WL 131745, at *6 (C.D. Cal. Jan. 3, 2017); see also id. at *8 (relying on California law interpreting similar language in California Penal Code section 632 to conclude that the California Supreme Court would interpret section 632.7 to require a party's consent to record a conversation, thus rejecting Granina's narrow view).[2]

Though no California appellate court has considered whether section 632.7 applies only to non-parties to the call, federal district courts have consistently rejected that argument. For example, in Brown v. Defender Security Co., No. 12-7319, 2012 WL 5308964 (C. D. Cal. Oct. 22, 2012), the court found that it was clear and unambiguous from the text of the statute that section 632.7 prevents a party to a cell phone conversation from recording it without the consent of all parties to the conversation. Id. at *5. The court reasoned that "as a matter of common usage, the participants in a conversation 'receive' communications from each other." Id. The court in Brown found further support in the use of the disjunctive "or" between the words "intercepts" and "receives," observing that because "'intercepts' is most naturally interpreted to refer to conduct whereby an unknown party secretly accesses a conversation, 'receives' is

---

[2] Transactel attempts to discount this characterization of the issue by calling it an "abstract question of whether the statute applies only to recording by third parties." (Doc. No. 24 at 10.) It is not an abstract question; it is the essence of Transactel's argument. Maybe, under just the right circumstances, a party could argue that he misdialed the phone and did not consent to the other party receiving his communication, but in all other circumstances, to accept Transactel's position would be to accept that one party's decision to speak—even to simply answer the phone—may be deemed consent to the other party's receipt of that communication. That would, for all intents and purposes, make section 632.7 apply only to third parties—just as the court in Raffin recognized.

4

naturally read to refer to something other than access to a conversation by an unknown interloper." Id.; see also Simpson v. Vantage Hosp. Grp., Inc., No. 12-CV-04814-YGR, 2012 WL 6025772, at *6 (N.D. Cal. Dec. 4, 2012) (finding no ambiguity in the language of section 632.7 and stating, "Because the inclusion of 'receives' is presumed to have been purposeful, the Court must apply the statute as written and using the term's plain (and broad) meaning"); Ades v. Omni Hotels Mgmt. Corp., 46 F. Supp. 3d 999, 1017–18 (C.D. Cal. 2014) ("[A]s a matter of common usage, the participants in a conversation 'receive' communications from each other.").

Unlike the courts in the above-cited cases, the court in Simpson v. Best W. Int'l, Inc., No. 3:12-CV-04672-JCS, 2012 WL 5499928, at *6–7 (N.D. Cal. Nov. 13, 2012), found the term "receives" to be susceptible to at least two plausible interpretations. "On the one hand, the word 'receives' could mean a third party who inadvertently 'receives' a cellular communication by happenstance, as opposed to 'intercepting' the cellular communication intentionally. . . . On the other hand, 'received' could have the meaning ascribed to it by the court in Brown, that parties to a conversation 'receive' communications from one another." Id. at *7. Because section 632.7 was ambiguous, the court looked to the legislative history of the statute "to determine whether the California Legislature intended the statute to apply to participants of the telephone conversation, or just to third parties." Id. The court stated:

> In 1992, the California Legislature passed § 632.7 without any opposition. Cal. Dept. of Consumer Affairs, Enrolled Bill Report on Assem. Bill No. 2465 (1992), at 4. The statute was intended to simply extend to persons who use cellular or cordless telephones the same protection from recordation that persons using 'landline' telephones presently enjoy.' Author Lloyd G. Connelly's Statement of Intent, Assem. Bill No. 2465 (1992), at 1. At the time, § 632 prohibited recording confidential communications, but the Legislature assumed that § 632 only applied to communications made on landlines and not to communications made on cellular or cordless phones. See Letter to Governor Pete Wilson from Assembly Member Lloyd G. Connelly (July 2, 1992) ('under existing law, it is not

5

17cv129 JM (BLM)

>illegal to record the otherwise private conversations of persons using cellular or cordless telephones'). Moreover, at the time, §§ 632.5 and 632.6 protected communications made on cellular or cordless phones from malicious eavesdropping, but those statutes did not protect against recording. See §§ 632.5–632.6. The Legislature sought to fill in this gap by similarly prohibiting the recordation of communications made on cellular or cordless phones. Notably, then-existing law prohibiting the recording of landline communications *extended to parties* of the conversation. See Warner v. Kahn, 99 Cal. App. 3d 805 (1979) (stating the language in § 632 'has uniformly been construed to prohibit one party to a confidential communication from recording that communication without the knowledge or consent of the other party'); see also Flanagan [v. Flanagan], 27 Cal. 4th [766,] 777 [(2002)] (holding a party to the conversation liable).

Id. at *8.

"With the Legislature's intent in mind," the court in Simpson held that section 632.7 "may fairly be read to apply to parties to the communication, as well to as third parties." Id. Buttressing its holding was its determination that under the "ordinary use of the word, each party to a conversation 'receives' communications as they hear the words spoken to them from the other party." Id.; see also Lal v. Capital One Fin. Corp., No. 16-CV-06674-BLF, 2017 WL 1345636, at *9 (N.D. Cal. Apr. 12, 2017) (agreeing with Simpson's analysis and result).

This court agrees with Simpson's thorough and well-reasoned conclusion, which is in line with the bulk of authority holding that section 632.7 applies to parties to the call. Thus, the court declines to follow the Los Angeles Superior Court's decision in Granina and denies Transactel's motion to dismiss Count 1.[3]

---

[3] In a footnote, Transactel argues that the FAC is also defective because Plaintiffs failed "to allege the type of device Transactel used, and thus have failed to sufficiently plead a violation of Penal Code § 632.7, which requires that the communication be 'transmitted between [A] two cellular radio telephones, [B] a cellular radio telephone and a landline telephone, [C] two cordless telephones, [D] a cordless telephone and a landline

**B.     Second Count: Invasion of Privacy – Intrusion Into Private Affairs**

"A privacy violation based on the common law tort of intrusion has two elements. First, the defendant must intentionally intrude into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy. Second, the intrusion must occur in a manner highly offensive to a reasonable person." Hernandez v. Hillsides, Inc., 47 Cal. 4th 272, 286 (2009).

"As to the first element, the defendant must have 'penetrated some zone of physical or sensory privacy or obtained unwanted access to data by electronic or other covert means, in violation of the law or social norms.'" Safari Club Int'l v. Rudolph, 845 F.3d 1250, 1264 (9th Cir. 2017) (quoting Hernandez, 47 Cal. 4th at 286). As to the second element, "[w]hile what is 'highly offensive to a reasonable person' suggests a standard upon which a jury would properly be instructed, there is a preliminary determination of 'offensiveness' which must be made by the court in discerning the existence of a cause of action for intrusion." Miller v. Nat'l Broad. Co., 187 Cal. App. 3d 1463, 1483 (1986). To make that preliminary determination, "courts consider, among other things: the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into

---

telephone, or [E] a cordless telephone and a cellular radio telephone.'" (Doc. No. 12-1 at 10 n.1 (citing Cal. Penal Code § 632.7(a)).) But the FAC alleges that each plaintiff received a call on his or her cell phone, (see Doc. No. 7 at 5–6, ¶¶ 23, 24, 26), and the putative class is limited to persons in California using cell phones, (id. at 7, ¶ 33). Thus, regardless of whether Transactel was using a cell phone (covered by category A), landline phone (covered by category B), or cordless phone (covered by category E), Plaintiffs' claims fall within section 632.7. See also Flanagan v. Flanagan, 27 Cal. 4th 766, 776 (2002) ("Responding to the problem of protecting the privacy of parties to calls involving cellular or cordless telephones, the Legislature prohibited . . . the intentional interception or recording of a communication involving a cellular phone or a cordless phone (§ 632.7)." (emphasis added)); Roberts v. Wyndham Int'l, Inc., No. 12-CV-5083-PSG, 2012 WL 6001459, at *4 (N.D. Cal. Nov. 30, 2012) (holding plaintiffs need not allege type of phone used by defendants); McCabe v. Six Continents Hotels, Inc., No. 12-CV-04818 NC, 2014 WL 465750, at *4 (N.D. Cal. Feb. 3, 2014) (same).

which he intrudes, and the expectations of those whose privacy is invaded." Hill v. Nat'l Collegiate Athletic Assn., 7 Cal. 4th 1, 26 (1994). "Even in cases involving the use of photographic and electronic recording devices, which can raise difficult questions about covert surveillance, California tort law provides no bright line on 'offensiveness'; each case must be taken on its facts." Hernandez, 47 Cal. 4th at 287.

Taking this case on the facts, the court finds that Plaintiffs have not stated a viable cause of action for intrusion into private affairs. Transactel called each plaintiff one time. Each call was in response to that plaintiff's own request for a copy of his or her credit report. Plaintiffs do not allege that Transactel asked them to provide any personal information over the phone during those calls or that they in fact provided any personal information over the phone during those calls. Nor do Plaintiffs allege that the recorded conversations were shared, disseminated, or used to their detriment in any other way. As a result, "privacy concerns are alleviated because the intrusion was 'limited' and no information about [P]laintiffs was accessed, gathered, or disclosed." See Hernandez, 47 Cal. 4th at 300; cf. Deteresa v. Am. Broad. Companies, Inc., 121 F.3d 460, 466 (9th Cir. 1997) (affirming summary judgment in favor of defendants on intrusion claim where plaintiff "spoke voluntarily and freely with an individual whom she knew was a reporter," there was "no evidence that any intimate details of anyone's life were recorded," and "[n]o portion of what was recorded was ever broadcast").

Simply put, these alleged recordings, which were limited in both frequency and duration, and which were never used to harm Plaintiffs, fall leagues short of conduct "highly offensive to a reasonable person." Rather, they constitute a garden variety violation of section 632.7 (at best), and section 632.7 is the proper vehicle for Plaintiffs' claims.[4] Accordingly, the court grants Transactel's motion to dismiss Count 2, without

---

[4] Though Plaintiffs do not explicitly argue that any conduct allegedly giving rise to a violation of section 632.7 is highly offensive conduct, their citation to Safari Club Int'l v. Rudolph, 845 F.3d 1250, 1267 (9th Cir. 2017), seems to suggest as much. See id. (stating in dicta that secret recordings "can warrant the imposition of criminal penalties,

8

prejudice. If Plaintiffs can plead facts which would plausibly allow for a determination of offensiveness, they may file a second amended complaint within twenty days of this order.

### C. Plaintiffs' Prayer for Penalties Per Violation

Pursuant to section 637.2, Plaintiffs seek statutory damages of "$5,000 for each violation of section 632 et seq. of the California Penal Code, or three times the amount of any actual damages sustained by Plaintiffs, whichever is greater."

#### 1. The Text of Section 637.2

Following an amendment that took effect on January 1, 2017, section 637.2 now provides, in relevant part:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>
> (1) Five thousand dollars ($5,000) per violation.
>
> (2) Three times the amount of actual damages, if any, sustained by the plaintiff.

Before the amendment, section 637.2 provided:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>
> (1) Five thousand dollars ($5,000).
>
> (2) Three times the amount of actual damages, if any, sustained

---

suggesting the California legislature, and perhaps an ordinary person, would view it to be highly offensive"). But this runs counter to the California Supreme Court's guidance in Hernandez to take each case on its facts, "[e]ven in cases involving the use of photographic and electronic recording devices . . . ." 47 Cal. 4th at 287. Thus, absent binding or more persuasive authority, the court will not presume that every allegation under section 632.7 is tantamount to a claim of highly offensive conduct, and that the two claims are, in effect, interchangeable.

9

by the plaintiff.

Thus, the only difference is that the words "per violation" were added to subdivision (a)(1).

### 2. The Parties' Positions

Transactel argues that before the January 2017 amendment (the relevant period here, given that the alleged recordings took place in 2016) statutory damages were limited to $5,000 per action rather than $5,000 per violation. Transactel's argument, in short, is that the amendment changed the statute, the change does not apply retroactively, and Plaintiffs are therefore limited to $5,000 in statutory penalties in this case. In support, Transactel relies almost entirely on Lal v. Capital One Fin. Corp., No. 16-CV-06674-BLF, 2017 WL 1345636, at *7 (N.D. Cal. Apr. 12, 2017), in which the court found that the amendment changed, rather than clarified, the statute, a result it reached after consulting the text of the statute and legislative history supplied by the parties.

Plaintiffs, in opposition, contend that the amendment simply clarified the statute, and section 637.2 has always provided for statutory damages per violation. Plaintiffs' argument focuses on a number of pre-amendment California cases that appear to allow for recovery per violation, but only address the issue in dicta and with little to no analysis. For example, Plaintiffs cite Ribas v. Clark, 38 Cal. 3d 355 (1985), in which the California Supreme Court stated that section 637.2 "authorizes civil awards of $3,000 [now $5,000] for each violation of the Privacy Act despite a party's inability to prove actual injury." Id. at 365 (noting that "the right to such an award accrues at the moment of the violation"). Similarly, Plaintiffs cite Coulter v. Bank of Am., 28 Cal. App. 4th 923 (1994). There, the California Court of Appeal, in affirming the trial court's grant of summary adjudication and award of "$3,000 for each of 44 specific violations of section 632 as authorized by section 637.2," stated that section 637.2 "provides a private cause of action for any person injured by a violation of the Privacy Act with statutorily prescribed damages of $3,000 [now $5,000] per violation." Id. at 928; see also Lieberman v. KCOP

Television, Inc., 110 Cal. App. 4th 156, 167 (2003) ("[T]o recover statutory damages for violation of section 632, [the plaintiff] was not required to prove actual damages resulting from the recording. He may recover up to $5,000 for each incident.").

### 3. The Rules for Interpreting Section 637.2

In interpreting a state statute like section 637.2, the court must follow California's rules of statutory interpretation to "determine what meaning the state's highest court would give to the law." Bass v. Cty. of Butte, 458 F.3d 978, 981–82 (9th Cir. 2006). "As in any case involving statutory interpretation, [the] fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose." Id. The court must "begin by 'examining the statute's words, giving them a plain and commonsense meaning.' However, text is not to be interpreted in isolation. Rather, [the court] must look to 'the entire substance of the statute in order to determine the scope and purpose of the provision.'" Id. (quoting People v. Murphy, 25 Cal. 4th 136, 142 (2001) (internal ellipsis omitted)). "If the words themselves are not ambiguous, [the court must] presume the Legislature meant what it said, and the statute's plain meaning governs." Martinez v. Combs, 49 Cal. 4th 35, 51 (2010). If the language is ambiguous, however, the court may "turn to extrinsic aids to assist in interpretation," including legislative history, public policy, contemporaneous construction by administrative agencies, and the overall statutory scheme, as well as maxims of statutory construction. Murphy v. Kenneth Cole Prods., Inc., 40 Cal. 4th 1094, 1103–05 (2007).

In the case of an amendment, as here, "an intention to change the law is usually inferred from a material change in the language of the statute, [but] a consideration of the surrounding circumstances may indicate . . . that the amendment was merely the result of a legislative attempt to clarify the true meaning of the statute." Martin v. Cal. Mut. Bldg. & Loan Ass'n, 18 Cal. 2d 478, 484 (1941) (internal citations omitted).

///

///

### 4. The Court's View

The court agrees with Plaintiffs that the amendment clarified, rather than changed, the true meaning of section 637.2, and respectfully disagrees with the holding in Lal.[5]

Looking first to the text of the statute, the court finds that the pre-amendment version of section 637.2 is ambiguous, as it is amenable to at least two different interpretations. On the one hand, the emphasis could be on the "action"—a person may bring an action, but each action is limited to the greater of $5,000 in statutory damages or three times actual damages. On the other hand, the emphasis could be on the "violation"—a person "who has been injured by <u>a</u> violation of this chapter may bring an action against the person who committed <u>the violation</u> for the greater of the following amounts . . . ." Cal. Penal Code § 637.2(a) (emphasis added).

Given this ambiguity, the court next looks to the legislative history of the amendment[6] in an effort to determine whether the California Legislature meant to change or merely clarify section 637.2.

Section 637.2 was amended along with a handful of other Penal Code sections, including section 632, in Assembly Bill 1671 ("A.B. 1671"). See Stats. 2016, c. 855 (A.B. 1671), § 4, eff. Jan. 1, 2017. The Legislative Counsel's Digest associated with

---

[5] This issue has been tangentially before the court on one previous occasion. In Bales v. Sierra Trading Post, Inc., No. 13cv1894 JM (KSC), 2014 WL 12479973, at *2 (S.D. Cal. Mar. 18, 2014), the court granted Plaintiff's motion to remand and, in so doing, found that the "recording of so few calls, even assuming the maximum award of $5,000 per violation, falls considerably short . . . of establishing the jurisdictional minimum." Given the posture of that case, the court did not have reason to thoroughly consider whether section 637.2 permitted an award per action or per violation.

[6] As noted by the court in Lal, the available legislative history of the original statute, enacted in 1967, states only that the bill "provides for enforcement by civil actions for injunctions or damages . . . ." See Legislative Counsel's Digest for Assem. B. No. 860 (1967 Reg. Sess.) 2 Stats. 1967, Summary Dig. at 5219.

A.B. 1671 makes clear that the amendment had three main purposes: (1) to expand criminal liability for eavesdropping upon or recording confidential communications under certain circumstances and with certain exceptions; (2) to "provide that monetary damages be imposed per violation of the above-described provisions"; and (3) to "require the above-specified fines to be imposed on a per-violation basis . . . ." See 2016 Cal. Legis. Serv. Ch. 855 (A.B. 1671) (West); see also Cal. S. Rules Comm. Office of S. Floor Analyses, Third Reading Analysis of A.B. 1671 (Aug. 31, 2016), available at https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201520160AB1671 (stating that A.B. 1671 "closes a loophole in current law to prohibit the intentional disclosure of the contents of any wire, oral or electronic communication obtained without the consent of all parties by the party who taped the confidential communication without consent").

With respect to the third goal—to ensure that fines under section 632(a), which addresses penalties for unwarranted recordings, be imposed on a per violation basis—it was noted on more than one occasion that the bill "[c]larifies that the prohibition on recording a confidential communication applies to each violation." Id. (emphasis added). Or as it was put in the Senate Committee on Public Safety's bill analysis, A.B. 1671 not only "clarifies [that] the prohibition on recording a confidential communication applies to each violation," but also "clarifies that the penalties will be applied for each violation of the offense." Cal. Bill Analysis, A.B. 1671 Sen. Comm. Pub. Safety, (June 28, 2016) (emphasis added); see also Cal. Bill Analysis, A.B. 1671 Assem. Comm. Appropriations (May 4, 2016) ("[T]his bill . . . [c]larifies that the fines for the crimes of illegal recording of a confidential communication and the use or disclosure of illegally recorded confidential communications apply per violation." (emphasis added)).

Unfortunately, the available legislative history is silent as to whether A.B. 1671 also served to clarify, or in fact change, whether statutory damages applied per violation. But it is noteworthy that despite the repeated observation that the amendment simply "clarifie[d]" that fines were to be imposed per violation, the phrase "per violation" was

13

nowhere to be found in section 632(a) (regarding fines), just as it was not found in section 637.2 (regarding damages). See 2016 Cal. Legis. Serv. Ch. 855 (A.B. 1671) (West). In other words, neither section had the phrase before the amendment, both had the phrase after the amendment, and the only discussion of the phrase consistently indicated that it served a clarifying purpose. Thus, it is only logical to conclude that if the phrase was clarifying with respect to section 632(a), it was clarifying with respect to section 637.2, as well.

To embrace the alternate view, one would have to believe that identical additions of the words "per violation," included in the same amendment, were intended to have completely conflicting effects in related Penal Code sections. Furthermore, with respect to the effect on section 637.2, one would have to believe that the Legislature intended a massive change to the statute's scope (given the modern ease in placing, and recording, thousands of calls per day), yet provided no indication of that intent, nor analysis regarding the consequences of that decision, in the legislative history or anywhere else. The court does not believe either of these scenarios. Therefore, the court concludes that the January 2017 amendment clarified section 637.2; it did not change it.

This conclusion is only strengthened after turning to other "extrinsic aids to assist in interpretation," Murphy, 40 Cal. 4th at 1103, "to effectuate the law's purpose," Bass, 458 F.3d at 981–82. For example, this conclusion does not permit a violator to repeatedly invade the privacy of another without fear of additional recourse, a result unlikely to have ever been the intent of the Legislature. Additionally, this conclusion conforms to California case law approving, albeit in a cursory manner, the recovery of damages for each violation of the Privacy Act. See Ribas, 38 Cal. 3d at 365; Coulter, 28 Cal. App. 4th at 928; Lieberman, 110 Cal. App. 4th at 167. When the California Supreme Court and two districts of the California Court of Appeal state California law, even in dicta, this court is comfortable presuming that they state it correctly.

On these bases, the court finds that A.B. 1671 merely clarified section 637.2. Accordingly, the court denies Transactel's motion to dismiss Plaintiffs' prayer for $5,000 per violation of section 632.7.

**CONCLUSION**

For the foregoing reasons, the court grants in part and denies in part Transactel's motion to dismiss. Should Plaintiffs opt to file a second amended complaint, they must do so within twenty days of this order.

IT IS SO ORDERED.

DATED: June 27, 2017

JEFFREY T. MILLER
United States District Judge