UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELISSA RONQUILLO-GRIFFIN; KHOI NGUYEN; and RUSSELL SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSUNION RENTAL SCREENING SOLUTIONS, INC., AND TRANSACTEL (BARBADOS), INC.,<br><br>Defendants. | Case No.: 17CV129-JM (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT TRANSACTEL (BARBADOS), INC.**<br><br>**[ECF No. 50]** |

Currently before the Court is Plaintiffs' December 8, 2017 motion to compel discovery responses ("MTC") [ECF No. 50-1], Defendant's December 15, 2017 opposition to the motion ("Oppo.") [ECF No. 51], and Defendant's December 28, 2017 supplemental brief in opposition to the motion ("Supp. Oppo."[1]) [ECF No. 55]. For the reasons set forth below, Plaintiffs' motion

---

[1] Defendant originally indicated in the opposition and accompanying declaration that 490 calls were made to cell phone numbers with California area codes during the relevant time period, but Defendant submitted the supplemental brief in order to "correct a factual inaccuracy that it ha[d] discovered was contained in its opposition to the Motion and accompanying declaration of Edward Totino." Oppo. at 10; Supp. Oppo. at 2. Defendant indicated in the supplemental opposition that the accurate number of calls is 906 (not 490). Id.

1

is **DENIED**.

## I.    BACKGROUND

Plaintiffs filed the instant class action on January 24, 2017. ECF No. 1. The current operative complaint is Plaintiffs' Second Amended Complaint ("SAC"), filed on November 28, 2017, which alleges that Defendants violated the California Invasion of Privacy Act ("CIPA") § 632.7 by audio recording their cellular telephone conversations, without Plaintiffs' consent. ECF No. 47. Plaintiffs allege that "Defendants had and followed a policy and practice of not advising or warning Plaintiffs and California Class members that their cellular telephone communications with Defendants would be recorded." Id. at 11. Plaintiffs also allege that they provided confidential information during the telephone conversation to the representative from Defendant Transactel acting on behalf of Defendant TransUnion ("TURSS").[2] Id. at 5, 11.

Plaintiffs seek to represent the following proposed class:

> All persons in California whose inbound and outbound cellular telephone conversations were recorded without their consent by Defendant/s and/or their agent/s within the two years[3] prior to the filing of the Complaint.

Id. at 6-7.

/ / /

/ / /

/ / /

---

[2] Defendant Transactel explains in the opposition that Transactel provides call center services to TURSS. Oppo. at 5. TURSS runs a service called SmartMove which provides tenant screening whereby landlords invite prospective tenants to fill out an application and submit to screening through SmartMove. Id. SmartMove then screens the prospective tenant and provides a report to the landlord. Id.

[3] Plaintiffs explain in their Motion to Compel that "[w]hile the proposed class period in the Second Amended Complaint (Dkt. No. 47, ¶33) refers to a two-year period, that was in error and should have been limited to a one-year period after the common law privacy claims were dismissed. Nearly all of Plaintiffs' discovery requests to Transactel request information concerning the one-year period prior to the filing of the Complaint." MTC at 12.

## II. **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)"). Limits should be imposed where the burden or expense of the proposed discovery outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party is responsible for all items in the "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto, 162 F.R.D. at 610. Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

### III. DISCUSSION

The instant discovery dispute concerns Defendant Transactel's November 10, 2017 discovery responses to Plaintiff Ronquillo-Griffin's Requests for Production of Documents ("RFPs") Nos. 6, 8, 9, and 10, Set One. MTC at 8; Ibey Decl., ¶ 4. Request for Production No. 6 asks Defendant Transactel to produce "all audio recordings" for persons "similarly situated to Plaintiff." MTC at 8; see also Oppo., Exh. 1 at 8-9. Request for Production No. 8 asks Defendant Transactel to produce "all audio recordings" "for any account associated with a California address." MTC at 9; see also Oppo., Exh. 1 at 10. Request for Production No. 9 asks Defendant Transactel to produce "all audio recordings" "for any account containing a California area code." MTC at 10; see also Oppo., Exh. 1 at 11. Request for Production No. 10 asks Defendant Transactel to produce "all audio recordings" "of telephone conversations with consumers whose telephone numbers had a California area code." MTC at 11; see also Oppo., Exh. 1 at 12. Plaintiffs seek an order requiring Defendant Transactel to produce the requested audio recordings. MTC at 13-16.

Plaintiffs argue that Transactel's general objections are insufficient and improper.[4] Id. at 13. Plaintiffs further argue that the discovery sought in the four RFPs is highly relevant and necessary for Plaintiffs to prepare a motion for class certification. Id. at 16-17. Finally, Plaintiffs

---

[4] Plaintiffs ask the Court to disregard or overrule Defendant Transactel's general objections. MTC at 15. Defendant Transactel does not directly address or respond to Plaintiffs' argument regarding its General Statement and Objections. See Oppo. As set forth in this Order, the Court is considering the specific objections raised by Defendant Transactel in their Opposition.

argue that they disagree with Defendant's contention that "the audio recordings could implicate sensitive, propriety [sic] information or trade secrets," and that the stipulated protective order will protect absent class members. Id. at 21.

Defendant Transactel opposes the motion on the grounds that Plaintiffs have failed to make the required prima facie showing that the elements of Rule 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Oppo. at 7-8. Defendant Transactel also asserts that RFPs 6, 8 and 9 "make no sense" in the context of this case. Id. at 8. Defendant Transactel argues that the recordings contain confidential matters and "the privacy balance tips decidedly against the production of the recordings." Id. at 12. Finally, Defendant Transactel opposes the motion on the grounds that the "burden of production is not proportional to the needs of this case and would be unduly burdensome." Id. at 13-14.

The scope of pre-class certification discovery lies within the sound discretion of the trial court. Coleman v. Jenny Craig, Inc., 2013 WL 2896884, at *4 (S.D. Cal. June 12, 2013) (citing Kamm v. Cal. City Dev. Co., 509 F.2d 205 (9th Cir.1975)). In seeking discovery before class certification, Plaintiffs bear the burden of making a prima facie showing that the Federal Rule of Civil Procedure 23 requirements are satisfied or that discovery is likely to substantiate the class allegations (Mantolete Burden). Salgado v. O'Lakes, 2014 WL 7272784, at *4 (E.D. Cal. Dec. 18, 2014); see also Coleman, 2013 WL 2896884, at *4 (citing Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir.1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.")).

Federal Rule of Civil Procedure 23(a) permits a class action to proceed where

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

5

Additionally, a class action only will be certified if

> (1) there is a risk of substantial prejudice from separate actions; or (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) "the questions of law and fact common to class members predominate over any questions affecting only individual members and ... a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Coleman, 2013 WL 2896884, at *4. "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination" of whether a class action is maintainable. Id. (citing Kamm, 509 F.2d at 210) (stating that "[t]he propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion. Where the necessary factual issues may be resolved without discovery, it is not required.").

Here, Plaintiffs have not made a prima facie showing that the Rule 23 class requirements are satisfied to obtain the requested discovery—906 outgoing calls to cell phones with a California area code (or California address) that Transactel placed to individuals on behalf of TURSS during the 1-year period prior to the filing of the Complaint—is relevant, proportional, and likely to establish the class allegations. Plaintiffs assert that the requested audio recordings "are highly relevant to several requirements for a class certification motion," including numerosity, ascertainability, commonality, predominance, and manageability. MTC at 16-20. Regarding numerosity, Plaintiffs explain that they need this discovery because "Transactel has not indicated in a formal discovery response the total number of outgoing calls to customers of TURSS to their cell phones with a California area code during the 1-year period prior to the filing of the Complaint." Id. at 17-18. Defendant Transactel responds that this "need" no longer exists because Transactel's consultant has analyzed the data and "determined that approximately 906 calls were made to cell phone numbers with California area codes during the relevant period." Supp. Oppo. at 2 (see also Totino Supp. Decl., ¶ 3). In Mr. Totino's Declaration, he explains that he "received a new report from CompliancePoint based on the complete data set that shows,

6

of the calls made by Transactel on behalf of TURSS during the period from January 24, 2016 through February 8, 2017, approximately 906 calls were made to cell phone numbers with California area codes, not 490 calls as originally indicated." Totino Supp. Decl., ¶ 3. In light of Mr. Totino's declaration, the Court agrees that the requested discovery – audio recordings of the calls – has minimal relevance to the numerosity requirement. Moreover, Plaintiffs have not explained the relevancy of the *content* of the calls, as opposed to a list of the calls or the total number of calls.

Plaintiffs' argument with respect to ascertainability is that they "should be allowed to analyze the call recordings to determine how many there are, how many involve actual conversations (rather than static or no actual conversation), and for how many a call recording advisement was given (if any)." MTC at 18. In support, Plaintiffs state that courts have found lists of telephone numbers called to be relevant to substantiating class allegations. MTC at 18 (citing Stemple v. QC Holdings, Inc., 2013 WL 10870906 (S.D. Cal. July 15, 2013)). Defendant Transactel responds that this "purported need is weak at best." Oppo. at 10. Defendant Transactel explains:

> Transactel did not have a policy of giving a call recording advisement on outgoing calls made for TURSS. Indeed, if an individualized inquiry into hundreds of phone calls is necessary, this case is not a proper class action.

Id. (internal citations and quotations omitted). Defendant emphasizes that the Stemple case, relied on by Plaintiffs, involved the production of an outbound dial list, not audio recordings, and that the court found that the outbound dial list was "not particularly sensitive." Oppo. at 11 (citing Stemple, 2013 WL 10870906, at *4). Defendant argues that the call recordings at issue in this dispute appear to contain confidential information, as the calls were made in connection with requests for copies of their credit reports which contain confidential and private information. Oppo. at 9, 11; see also SAC, ¶ 49.

The Court agrees with Defendant that the audio recordings likely contain confidential and private information and that when a motion to compel is made seeking confidential information,

7

resolution "requires a balancing of the need for the particular information against the claimed privacy right." See, e.g., Shaw v. Experian Information Solutions, Inc., 306 F.R.D. 293, 301 (S.D. Cal. 2015). Here, Plaintiffs have established minimal relevance. Because Defendant has submitted evidence that there were 906 calls and has admitted that it did not have a policy of giving a call recording advisement on outgoing calls made for TURSS [See Oppo. at 10; see also Totino Supp. Decl., at ¶ 3], the only one of Plaintiffs' arguments that remains is the need to determine whether the call involved static, no conversation, or an actual conversation. Plaintiffs do not explain how the determination of static/no conversation/actual conversation affects the class determination, other than perhaps to reduce the number of relevant calls or verify the number of calls involving actual conversation. Plaintiffs do not provide any evidence indicating that this is a significant issue and that the information cannot be obtained via less-intrusive discovery. Given the minimal relevance and the likelihood that the conversations contain sensitive and private information, the Court finds that Plaintiffs have not established that this issue justifies the requested discovery. Moreover, the Court notes that Plaintiffs did not provide any case law supporting its argument regarding the production of the *contents* of the calls, rather than just a list of the numbers called or the total number of calls.

With respect to commonality, predominance and manageability, Plaintiffs argue that the "audio recordings are . . . directly relevant to the consent issue that Defendants will likely argue defeats class certification by creating individualized issues." MTC at 18. Plaintiffs explain that they need to review the calls to determine "which involved a conversation and which, if any, contain evidence of a call recording advisement (if any), and whether any call recording advisement is given at the outset of the calls, and thus be able to counter an individualized inquiry argument by Defendants." Id. at 19. Defendant objects to this argument, explaining that the cases cited by Plaintiffs are distinguishable because Plaintiffs are seeking audio recordings, not outbound dial lists, and Defendant did not have a policy of giving a recording advisory so there is no need to verify whether the advisement consistently was given. Oppo. at 11-12.

As discussed above with regard to ascertainability, the content of the calls have minimal

8

relevance to these issues as Defendant admittedly did not have a policy of providing a call recording advisement. See Oppo. at 10. Because Defendant does not have such a policy, Plaintiffs do not explain how the content of the calls is relevant to consent, other than perhaps reviewing each and every call individually to determine if the putative class member consented or refused to consent to the call being recorded. Again, Plaintiffs do not provide any evidence, such as other discovery responses, indicating that the calls are likely to contain a discussion regarding consent.

The Court acknowledges that outbound dial lists generally are relevant to numerosity and commonality, and therefore discoverable, in TCPA cases.[5] See Gaines v. Law Office of Patenaude & Felix, A.P.C., 2014 WL 3894348, at *2 (S.D. Cal. June 12, 2014); Knutson v. Schwan's Home Serv., 2013 WL 3746118, at *7-8 (S.D. Cal. July 15, 2013); Stemple v. QC Holdings, 2013 WL 10870906, at *2. Here, however, Plaintiffs are seeking the production of audio recordings of calls of 906 putative class members, which is different and much broader and more intrusive than outbound dial lists. The only case cited by Plaintiffs involving the production of call content, Saulsberry v. Meridian Fin. Servs. (2016 WL 3456939 (C.D. Cal. Apr. 14, 2016)), is distinguishable from the instant case as Saulsberry involved the need to determine the percentage of time a recording advisement was given, whereas in the current case, Defendant Transactel acknowledges that it did not have a policy of providing such an advisement. As a result, Plaintiffs have failed to establish that the requested discovery – the content of the audio recordings – is more than minimally relevant to the class certification issue in this case.

Even if all of the requested discovery was relevant, Plaintiffs have not established that the discovery requests are proportional under Fed. R. Civ. P. 26 and not unduly burdensome. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). In

---

[5] Plaintiff contends that "[a]s in TCPA cases, consent is a defense to this type of CIPA case." MTC at 18 (citing Maghen v. Quicken Loans Inc., 94 F. Supp. 3d 1141, 1145 (C.D. Cal. 2015) in support of the argument that "consent is a complete defense to a Section 632.7 claim.").

the Declaration of Maria Jose De Leon in Support of Transactel's Opposition, Ms. De Leon, who is the Quality Manager in Guatemala and works daily with Transactel's telephone recording system states that "[d]ue to the relevant time frame for these recordings, [recovery and review of these recordings] would require locating and restoring the recordings from a server rather than doing so directly through the telephone recording system." De Leon Decl., at 2. Ms. De Leon estimates "that for each telephone call it will take 115 minutes to try to locate and, if located, restore, export and copy each recording of the telephone call made during the relevant period." Id. While neither party provided calculations, 906 calls at almost 2 hours per call results in more than 200 8-hour work days. Given the minimal relevance, the significant likelihood that personal and confidential information will be reviewed, the burden on Defendant Transactel, and the fact that Plaintiffs have not established that it cannot obtain the relevant class information via less burdensome discovery, the Court **DENIES** Plaintiffs' Motion to Compel.[6]

Defendant further argues that Plaintiffs' two proposed alternative options to producing the recordings to Plaintiff (MTC at 17-18) would not lessen the burden because both would involve the same locating, restoring, exporting and/or copying of the recordings, plus listening to them. Oppo. at 13-14. Plaintiffs propose the following alternatives to Defendant Transactel producing the actual call recordings including: (1) Defendant Transactel to indicate in an amended response the total number of audio recorded conversations during the 1-year period and also indicate for which of the recorded conversations there was no call recording advisement given, and additionally state that Transactel has the ability to pair the audio recordings with the telephone numbers called and other unique identifiers such as address and email; or (2) produce the audio recordings to a third-party vendor at Transactel's expense for analysis, and provide the results to Plaintiffs. MTC at 23-24. The Court agrees with Defendant and declines to require Defendant to respond by complying with either alternative. However, Defendant Transactel is

---

[6] Because the Court is denying Plaintiffs' motion on this basis, the Court does not address Defendant Transactel's argument that RFPs 6, 8, and 9 "make no sense" in the context of this case. The Court notes, however, that Plaintiffs fail to address Defendant's arguments.

10

17cv129-JM (BLM)

required to state in an amended response the total number of audio recorded conversations during the one-year period. This amended discovery response must be served on Plaintiffs by January 22, 2018.

**IT IS SO ORDERED.**

Dated: 1/8/2018

Hon. Barbara L. Major
United States Magistrate Judge