# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Agreement is made and entered into as of the 27th day of August 2018, by and between plaintiffs Kelissa Ronquillo a/k/a Kelissa Ronquillo-Griffin ("Ronquillo"), Khoi Nguyen ("Nguyen"), and Russell Smith ("Smith"), individually and on behalf of Class Members (collectively, "Class Representatives"), on the one hand, and defendants Transactel (Barbados), Inc. ("Transactel") and TransUnion Rental Screening Solutions, Inc. ("TURSS") (collectively, "Defendants"), on the other hand.

RECITALS

This Agreement is made for the following purpose and with reference to the following facts:

A.      On or about January 24, 2017, Class Representatives filed a class action complaint in the United States District Court for the Southern District of California, thereby commencing that civil action entitled, *Kelissa Ronquillo-Griffin, Khoi Nguyen, and Russell Smith, and on behalf of others similarly situated v. TELUS Communications, Inc. and TransUnion Rental Screening Solutions, Inc.*, United States District Court for the Southern District of California, Case No. 17-CV-129-JM-BLM.  On March 16, 2017, a First Amended Complaint was filed that added Transactel as a defendant.  On March 20, 2017, TELUS Communications, Inc. was dismissed from the case.  On October 23, 2017, the caption of the case was amended to *Kelissa Ronquillo-Griffin, Khoi Nguyen, and Russell Smith, individually and on behalf of others similarly situated v. TransUnion Rental Screening Solutions, Inc. and Transactel (Barbados), Inc.*, United States District Court for the Southern District of California, Case No. 17-CV-129-JM-BLM (hereafter, the "Action").  On November 28, 2017, a Second Amended Complaint (hereafter, the "Complaint") was filed.

1

B.     The original and First Amended Complaint included two claims for relief: (1) Unlawful Recording of Cellular Communication under California Penal Code Section 632.7 and (2) Invasion of Privacy.   On May 16, 2017, Defendants filed a Motion to Dismiss the Complaint.   On June 27, 2017, the Court granted the motion to dismiss in part by dismissing the Invasion of Privacy claim.  The Action then proceeded with only a single claim for Unlawful Recording of Cellular Communication under California Penal Code Section 632.7.  Defendants filed answers to the Complaint denying material allegations and asserting numerous defenses.

C.     The Parties engaged in extensive written discovery and hundreds of pages of documents were produced.   In addition, Defendants took the depositions of Ronquillo, Nguyen, and Smith.

D.     Defendants have expressly denied and continue to deny that they have committed or attempted to commit any violation of law or breached any duties owed to the Class Representatives or the members of the putative class.

E.     The Parties participated in a mediation session before mediator Bruce A. Friedman, Esq. of JAMS on March 23, 2018, at which a settlement was reached subject to documentation as contained herein and the approval of the Court.

F.     Class Counsel and the Class Representatives believe that the claims asserted in the Action possess merit and have examined and considered the benefits to be obtained under the proposed settlement set forth in this Agreement, the risks associated with the continued prosecution of the complex and potentially time-consuming litigation, and the likelihood of success on the merits of the Action.  Class Counsel has investigated the facts and law relevant to the merits of the claims, conducted extensive discovery, conducted an independent investigation, and have requested confirmatory discovery in the form of a declaration following the mediation

2

as set forth in Section 28 below.  Class Counsel and the Class Representatives have concluded that the proposed settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Class.

G.      The Settlement Class is comprised of no more than approximately 670 persons.

H.      The Parties have decided to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation.  The Parties desire to settle the Action in its entirety with respect to all claims relating to the recording of calls made to California cellular telephone numbers by Transactel on behalf of TURSS during the Class Period.  The Parties intend this Agreement to bind Defendants, on the one hand, and Class Representatives (as Class Representatives and individually), and all members of the Settlement Class who do not timely request exclusion from the Settlement Class, on the other hand.

TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, in light of the foregoing, in consideration of the terms and conditions set forth herein, which the Parties acknowledge are good and valuable consideration for this Agreement, the Parties agree and stipulate, by and through their respective counsel of record, subject to approval by the Court, as follows:

1.      Definitions.

As used in this Agreement and its incorporated Exhibits, the following terms have the meanings specified herein:

(a) "Action" means the civil action pending in the United States District Court for the Southern District of California entitled, *Kelissa Ronquillo-Griffin, Khoi Nguyen, and Russell Smith, individually and on behalf of others similarly situated v. TransUnion Rental Screening*

*Solutions, Inc. and Transactel (Barbados), Inc.*, United States District Court for the Southern District of California, Case No. 17-CV-129-JM-BLM.

(b) "Agreement" means this Settlement Agreement and Release entered into between Defendants, on the one hand, and the Class Representatives, individually and on behalf of Settlement Class Members, on the other hand, in the Action, including all terms and conditions set forth herein.

(c) "Authorized Claimant" means those Settlement Class Members who submit a valid and timely Claim Form as more fully set forth herein to register their claim for recovery from the Common Fund under this Agreement.

(d) "CAFA Notice" means the notice required by 28 U.S.C. Section 1715(b).

(e) "Cell Phone Number List" means the list of cellular telephone numbers with California area codes that Transactel called on behalf of TURSS during the Class Period.

(f) "Claim Form" is the paper or electronic form that Settlement Class Members must complete and in which the Settlement Class Members must affirm entitlement to a claim and submit to the Settlement Administrator, in the form of Exhibit A incorporated herein by reference.

(g) "Class Counsel" refers to Kazerouni Law Group, APC (Abbas Kazerounian, Esq. and Jason A. Ibey, Esq.), 245 Fischer Avenue, Unit D1, Costa Mesa, CA 92626; Hyde & Swigart (Joshua B. Swigart, Esq.), 2221 Camino Del Rio South, #101, San Diego, CA 92108;  and Law Office of Daniel G. Shay (Daniel G. Shay, Esq.), 409 Camino Del Rio South, Suite 101B, San Diego, CA  92108.  For purposes of the giving of notice to Class Counsel under this agreement, such notices need only be served on the attorneys at Kazerouni Law Group, APC.

(h)  "Class List" is the list to be compiled by Transactel by taking the telephone numbers on the Cell Phone Number List and searching TURSS's Salesforce records to attempt to match those numbers to a name and mailing address.  The name and mailing address of each person so matched will appear on the Class List.  As described in Section 4.2 below, the Settlement Administrator will perform a reverse look-up search and/or skip tracing as necessary to match telephone numbers on the Cell Phone Number List with a name and mailing address that was not otherwise matched by Transactel.

(i) "Class Notice" is the Notice of Class Action Settlement, in the form of Exhibit B, incorporated herein by reference.

(j) "Class Period" is the period to which the settlement and this Agreement applies, as specified in the definition of the Settlement Class, below, namely January 24, 2016 through February 8, 2017.

(k) "Class Representatives" refers to Ronquillo, Nguyen and Smith individually and as representatives of the Settlement Class.

(l) "Common Fund" is the Four Hundred Twenty-Five Thousand ($425,000.00) which shall be used to pay all financial consideration to the Authorized Claimants, the compensation to the Class Representatives, all attorneys' fees and costs awarded to Class Counsel, and all notice and administration costs incurred in connection with the Settlement.

(m) "Complaint" refers to the Second Amended Complaint for Damages and Injunctive Relief filed on or about November 28, 2017, by Ronquillo, Nguyen and Smith individually and on behalf of all those similarly situated in the United States District Court for the Southern District of California, Case No. 17-CV-129-JM-BLM.

(n) "Court" means the United States District Court for the Southern District of California in which this Action is pending, and to which presentation of this Agreement for judicial review and approval will be made.

(o) "Defendants" refers collectively to Transactel and TURSS.

(p) "Defense Counsel" means DLA Piper LLP (US) (Edward D. Totino, Esq.), 2000 Avenue of the Stars, North Tower Fourth Floor, Los Angeles, California, 90067, for Defendant Transactel and STROOCK & STROOCK & LAVAN LLP (Stephen J. Newman, Esq.), 2029 Century Park East, Los Angeles, CA 90067, for Defendant TURSS.

(q) "Effective Date" means the tenth (10th) business day after the last of the following dates: (1) the Parties, Class Counsel and Defense Counsel have executed this Agreement; (2) the entry, without material change, of the proposed Final Approval Order and the Judgment; and (3) the final disposition of any related appeals, and in the case of no appeal, or review being filed, expiration of the applicable time to appeal as well as any time to request an extension of the time to appeal.

(r) "Final Order Approving Class Action Settlement" is the Order to be rendered by the Court substantially in the form of Exhibit C, incorporated herein by reference.

(s) "Individual Settlement Amount" shall have the meaning set forth in Section 2.3, below.

(t) "Judgment" means the Judgment to be rendered by the Court, substantially in the form of Exhibit D, incorporated herein by reference.

(u) "Net Settlement Amount" is the Common Fund less all attorneys' fees and costs as ordered by the Court, less compensation paid to the Class Representatives, and less all costs of Class Notice and administration and other costs specified herein.

(v) "Party" refers individually to the Class Representatives, on behalf of themselves and Settlement Class Members, and/or Transactel and/or TURSS.   Collectively, these are referred to as the "Parties."

(w) "Preliminary Approval Order" is the Order to be rendered by the Court in substantially the form of Exhibit E, incorporated herein by reference.

(x) "Settlement Administrator" refers to the firm of Kurtzman Carson Consultants, LLC ("KCC"), which the Parties have agreed will be responsible for the administration of this class action settlement, subject to Court approval, as more fully described herein.

(y) "Settlement Class" means all persons in California who, during the period from January 24, 2016 through February 8, 2017, were called by Transactel on behalf of TURSS on their cellular telephones and spoke with a representative.   Excluded from the Settlement Class are the Judges to whom the Action is assigned and any members of the Judges' staff or immediate family.

(z)  "Settlement Class Member" means any person in the Settlement Class who does not timely submit a valid request for exclusion from the Settlement Class in the Action by the end of the Exclusion Period.

2. Settlement Payments and Procedures

2.1    The Common Fund shall be Four Hundred Twenty-Five Thousand Dollars ($425,000.00).   Defendants shall pay the Four Hundred Twenty-Five Thousand Dollars ($425,000.00) to establish the Common Fund to the Settlement Administrator to place into the account set up to hold the Common Fund within thirty (30) calendar days of the Court issuing the Preliminary Approval Order.   In no event shall Defendants be obligated under this Agreement or otherwise to pay more than Four Hundred Twenty-Five Thousand ($425,000.00).

If the Effective Date occurs, Defendants shall have no reversionary interest in any portion of the Common Fund, and any unclaimed portion of the Common Fund, as well as any sums allocated to settlement checks that have not been cashed, shall be paid to one or more *cy pres* recipients as described in Section 10 below.

      2.2     The Common Fund shall be deposited into a trust account to be opened and maintained by the Settlement Administrator at a bank that has passed the most recent Dodd-Frank Act Stress Test.  The Settlement Administrator shall maintain said trust account and only allow withdrawals from said trust account consistent with the terms and provisions of this Agreement and any needed orders of the Court.

      2.3     Calculation of Individual Settlement Amount.

The Settlement Administrator shall calculate the Individual Settlement Amount by taking the Net Settlement Amount (X) and dividing it by the number of Authorized Claimants (Y) as represented in the following formula:   Individual Settlement Amount $= X / Y$.   If pursuant to this calculation the Individual Settlement Amount is greater than Five Thousand Dollars ($5,000.00), then the Individual Settlement Amount shall be Five Thousand Dollars ($5,000.00).

      2.4     Distribution of Individual Settlement Amount to Authorized Claimants.

Each Authorized Claimant shall receive a distribution payment from the Common Fund that is equal to the Individual Settlement Amount, by way of a check issued by the Settlement Administrator.  The checks shall have a notation on them stating that they will be void after ninety (90) calendar days and, if any check is not cashed by an Authorized Claimant prior to ninety (90) calendar days after the check is issued, then the funds represented by that check shall remain part of the Common Fund.  Ninety-five (95) calendar days after the date the checks were issued, the Settlement Administrator shall void any outstanding checks, calculate the amount

remaining in the Common Fund and, after reserving an amount for anticipated remaining settlement administration fees or costs, make a pro-rata distribution by check of the remainder of the Common Fund to those Authorized Claimants who have cashed their initial settlement checks provided, however, that no Authorized Claimant shall receive more than $5,000 under this Agreement.  The checks issued as part of this second distribution shall have a notation on them stating that they will be void after sixty (60) calendar days and, if any check is not cashed by an Authorized Claimant prior to sixty (60) calendar days after the check is issued, then the funds represented by that check shall remain part of the Common Fund.  After the sixty (60) day period expires, the Settlement Administrator shall void any uncashed checks and distribute any remainder of the Common Fund to *cy pres* recipients as described herein.  The funds represented by the check for the Individual Settlement Amount or check for the second distribution shall not become the property of any individual Authorized Claimant unless and until the check representing those funds is cashed.

2.5     Compensation for the Class Representatives.

Subject to the approval of the Court, the Class Representatives shall each receive a one-time payment of up to Three Thousand Dollars ($3,000.00) from the Common Fund for their service as Class Representatives ("Service Award"), which amount shall include the compensation for instituting, prosecuting and bearing the laboring oar and risk of this litigation as Class Representatives including their responding to extensive written discovery, sitting for their depositions, and communicating with Class Counsel throughout the litigation. Additionally, the Class Representatives may each submit one claim to the settlement.  Except as described in this section, the Class Representatives shall receive no other compensation under

this Agreement.  The Class Representatives shall receive the consideration called for as a Service Award as ordered by the Court, no later than thirty (30) calendar days after the Effective Date.

2.6     Payment of Class Counsel's Fees and Costs.

(a)     As part of the settlement, Class Counsel shall apply to the Court for an award of attorneys' fees and litigation expenses and costs to be paid from the Common Fund.  As those amounts were not discussed or agreed upon during mediation, Defendants may dispute or contest the amount of attorneys' fees and litigation expenses and costs requested by Class Counsel.  Class Counsel agree that they will not request more than 29% of the Common Fund as an award of attorneys' fees and litigation costs combined.

(b)     Class Counsel's attorneys' fees and costs as ordered by the Court shall be paid from the Common Fund by the Settlement Administrator no later than thirty (30) calendar days after the Effective Date.

2.7     Except for the attorneys' fees and costs to be paid to Class Counsel from the Common Fund, Defendants shall not be liable for any attorneys' fees or litigation expenses and costs of Class Counsel, the Class Representatives or any other Settlement Class Member in connection with the Action or any claim that is related to this Action or that was alleged in the Action, or any class notice or claims administration costs or expenses.  Except as otherwise provided above with respect to the Common Fund, Class Counsel shall not seek any fees or expenses from Defendants in connection with the Action and the settlement set forth herein, including, without limitation, any fees or expenses incurred in connection with final approval of the settlement, any objection(s) or appeal(s), expert fees, class notice or claims administration, or other fees or expenses.  Defendants agree that they will not seek to recover their costs, attorneys' fees, or expenses in connection with the Action, including, without limitation, any fees or

expenses incurred in connection with final approval of the settlement, any objection(s) or appeal(s), expert fees, class notice or claims administration, or other fees or expenses, from the Class Representatives, Class Counsel or any Settlement Class Member.

      2.8    <u>Cessation of Recording of Outbound Calls By Defendants.</u>

      In response to this Action, TURSS has instructed that Transactel stop audio recording the telephone calls that it makes on behalf of TURSS and Transactel has stopped audio recording such telephone calls.

      3.    <u>Settlement Administration and Procedure.</u>

      3.1    The Settlement Administrator shall administer the process of notifying the Class, receiving, handling, processing and paying claims, opening and maintaining any necessary trust account, setting up and maintaining a website for this settlement (with a web address of www.RonquilloClassActionSettlement.com or a similar address agreed upon by the parties) (the "Settlement Website"), and any other duties necessary for the proper administration of claims. The Settlement Administrator shall ensure that the information that it receives from Defendants and Settlement Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of Defendants as well as applicable law.   Except as specifically provided in this Agreement, the Settlement Administrator shall not disclose or disseminate any information that it receives from Defendants or Settlement Class Members without the prior written consent of all Parties.   The Settlement Administrator shall disseminate the Class Notice by mail as described in Section 4.2, below, and through the Settlement Website.

      3.2    All reasonable fees and costs incurred by the Settlement Administrator shall be paid from the Common Fund and the Settlement Administrator shall not seek payment

of any additional monies from Defendants, Class Counsel, the Class Representatives or the Settlement Class.  The Settlement Administrator shall submit written status reports jointly to Defense Counsel and Class Counsel on a weekly basis.

4.    <u>Class Notice.</u>

4.1    The Parties anticipate that most members of the Settlement Class will be able to be identified and located from the records of Defendants.

4.2    The Defendants shall provide the Class List and Cell Phone Number List to the Settlement Administrator, and shall identify the telephone numbers on the Cell Phone Number List that were not matched to names and addresses by Defendants.  The Settlement Administrator shall use such methods as it determines are practicable (which may include a reverse-directory lookup and/or skip tracing) to attempt to match those unmatched telephone numbers to names and addresses.  As for members of the Settlement Class who are identified in the Class List or otherwise identified by the Settlement Administrator, notice of the proposed class action settlement shall be provided by regular mail substantially in the form of the Class Notice and shall include a paper Claim Form as well as instructions that the Claim Form can be filled out and returned by regular mail or accessed, filled out and submitted on the Settlement Website.  Before the mailing of the Class Notice occurs, the Settlement Administrator shall run all names and addresses through the National Change of Address Database maintained by the United States Postal Service and, where applicable, adjust the mailing address accordingly.

4.3    Individuals will be able to view the Class Notice and obtain, fill out, print out and/or submit a Claim Form online from the Settlement Website.  The Claim Form for persons who received the Class Notice containing a claim identification number by mail will require, among other items of information, the claimant's social security or taxpayer

identification number, and whether the claimant spoke with a representative of Defendants. The Claim Form for claimants who did not receive a claim identification number by mail will require, among other items of information, the claimant's social security or taxpayer identification number, and the phone number(s) on which the claimant was called by Defendants, and whether the claimant spoke with a representative of Defendants. When Claim Forms are submitted online, a check of the telephone number against the Cell Phone Number List will occur upon submission of the claim. If the telephone number is not on the Cell Phone Number List, the claim will be rejected and the claimant will be given the option to mail in a paper Claim Form along with proof in the form of telephone bills or other documents showing that the claimant received a call on his or her cellular telephone number from Defendants during the Class Period.

4.4    The Court shall order that, no later than thirty (30) calendar days after the Court's Order granting preliminary approval of this settlement and Agreement, Defendants shall compile and provide to the Settlement Administrator the Cell Phone Number List and the Class List.

4.5    No later than sixty (60) calendar days after the Court's Order granting preliminary approval of this settlement and Agreement, the Settlement Administrator shall mail the Class Notice and Claim Form to the last known address of each person on the Class List.

4.6    With respect to those persons whose Class Notice is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall (1) mail the Class Notice to any forwarding address provided by the U.S. Postal Service; and (2) if no forwarding address was provided by the U.S. Postal Service, or the mailing to the forwarding address is returned as undeliverable, obtain an updated address from LexisNexis and mail the Class Notice to that updated address. If the attempts at notice by mail are unsuccessful, and/or a member of

the Settlement Class otherwise fails to follow the procedures set forth in this Agreement for submitting a claim or requesting exclusion from the Settlement Class, notice shall be provided by the Settlement Website, and the member of the Settlement Class shall automatically be deemed a Settlement Class Member whose rights and claims with respect to the issues raised in the Complaint are determined by the Court's Final Order approving the settlement and the Judgment, and by the other rulings in the Action.

4.7     The Parties agree that the Class Notice fairly informs the members of the Settlement Class of the general nature of the litigation, the financial and other terms of the Agreement particularly significant for the members of the Settlement Class, the general procedures for and consequences of making a claim and objecting to the Settlement Agreement, and for excluding themselves from the settlement, and of the date and location of the final fairness and approval hearing.  If any additional material requirements for giving notice to the Class are imposed, Defendants jointly and/or severally shall have the option to terminate this Agreement and, if terminated, this Agreement shall be null and void and this settlement of no force and effect.  Notice of such termination shall be given in writing to Class Counsel no later than fourteen (14) calendar days after the day that such additional notice requirement is imposed. For purposes of this Section, an additional requirement for giving notice to the class shall be material if either Defendant determines in its sole and absolute discretion that the additional requirement for giving notice would have a significant negative impact on its business or brand.

4.8     Compliance with the procedures described herein shall constitute due and sufficient notice to the members of the Settlement Class of this proposed settlement and shall satisfy the requirements of due process.  Nothing else shall be required of, or done by, the

Parties, Class Counsel, Defense Counsel, or the Settlement Administrator to provide notice of the proposed settlement and the final approval hearing other than as described herein.

     5.    <u>Costs Associated With Providing Notice.</u>

     All reasonable costs and expenses associated with the giving of all notices to the Settlement Class as provided in this Agreement shall be fully and exclusively paid from the Common Fund.  Neither Defendant shall be responsible for or required to pay any costs or expenses of notice to the Settlement Class.  In the event that the settlement is not granted final approval by the Court for any reason, including but not limited to Defendants exercising a right granted herein to terminate this Agreement, then all costs of settlement administration and Class Notice actually incurred shall be paid from the Common Fund and any remaining amount shall be returned by the Settlement Administrator to Defendants proportionately pursuant to Section 17, below.

     6.    <u>Claim Forms and Authorized Claimants.</u>

     6.1    For a Settlement Class Member to share in the Net Settlement Amount, his or her Claim Form must be completely filled out and signed or electronically signed by the Settlement Class Member or his or her authorized representative, with an affirmation to entitlement to a claim and the legality of the signature.  The Claim Form shall be deemed deficient by the Settlement Administrator if it is not fully completed, and, accordingly, if submitted online, will be automatically rejected upon the attempt to submit it online, or rejected after examination by the Settlement Administrator if not submitted online, and such rejection will be made known to the claimant as soon as practicable after the attempt to submit the Claim Form.  Claim Forms from persons who did not receive mail notice containing a claim identification number will also be rejected if at least one telephone number submitted by the

claimant is not on the Cell Phone Number List but in such circumstances the claimant will be given the option to submit proof in the form of telephone bills or other documents showing that the claimant received a call on his or her cellular telephone number from Defendants during the Class Period.

       6.2    The Claim Form must be submitted to the Settlement Administrator no later than one hundred thirty (130) calendar days after the date of the Court's Order granting preliminary approval of this settlement and Agreement ("Claim Period").  Any Claim Form that is submitted or returned to the Settlement Administrator after the Claim Period will not be accepted and processed.

       6.3    Promptly upon expiration of the Claim Period, the Settlement Administrator will provide, in readable format such as in a Microsoft Excel spreadsheet, a summary of the submitted Claim Forms to Class Counsel and Defense Counsel containing the total number of claims submitted, the claim identification numbers and, for claims submitted by persons who did not receive Class Notice by mail with a claim identification number, whether at least one telephone number submitted by such claimant on the Claim Form was on the Cell Phone Number List.  The summary of submitted Claim Forms shall not include the names, addresses, Social Security numbers, taxpayer identification numbers or telephone numbers of the persons submitting claims.

       6.4    The Settlement Administrator shall examine each Claim Form to determine whether the claimant who submitted the form is entitled to receive any portion of the Common Fund under the terms of this Agreement thereby becoming an Authorized Claimant. The Settlement Administrator shall have the discretion to examine and investigate any or all claims for indications that they have been improperly or fraudulently submitted and to make a

determination as to whether any particular claim should be denied because it has been improperly or fraudulently submitted.  The Defendants, jointly or severally, shall also have the option to research the basis of any claimant's claim or all claims, including the accuracy of the information provided on the Claim Form, to verify the propriety and accuracy of each claim.  In connection with this research, upon request, the Settlement Administrator will provide, in a reasonable format, any or all of the actual Claims Forms to Defense Counsel.  The Claim Forms shall be used only for processing of claims submitted under this Agreement and will not be used or released for any other purpose.  Defendants, jointly or severally, shall have thirty (30) calendar days from their receipt of the summary of the Claims Forms to notify Class Counsel and the Settlement Administrator they are exercising this option.  If Defendant(s) exercise this option, and then determine that the information provided in any individual Claim Form is inaccurate, Defendant(s) shall notify Class Counsel and the Settlement Administrator of their recommendation that the Claim Form be deemed deficient.  Class Counsel may respond to Defendant(s) challenge to a Claim Form and make a recommendation to the Settlement Administrator. The Settlement Administrator shall make the final determination as to whether a Claim Form shall be deemed valid and whether the Settlement Class Member shall become an Authorized Claimant.

       6.5    Should the Settlement Administrator deem a Claim Form deficient as described in Section 6.4, above, then the Settlement Administrator shall mail an explanation of the deficiency to the address of the person submitting the claim and email copies to Class Counsel along with claimant's contact information.  The claimant shall have a thirty (30) day period from the date of mailing to cure the defective or incomplete information on the Claim Form ("Cure Period").

6.6     Should the Settlement Administrator deem a Claim Form deficient and the claimant is unable to or does not cure the deficiency during the Cure Period, then said claimant's rights as a Settlement Class Member to pursue any claims covered by the Action will be extinguished, as set forth in Section 13, and said Settlement Class Member will not be permitted to recover from the Common Fund.

6.7     Any Settlement Class Member who fails to submit a timely Claim Form to the Settlement Administrator by following the procedure set forth in the Class Notice and who does not submit a valid request for exclusion from the Settlement Class shall automatically be deemed a Settlement Class Member whose rights and claims with respect to the issues raised in the Complaint and Action are determined by the Court's Final Order approving this settlement, the Judgment, and by the other rulings in the Action.  Thus, said Settlement Class Member's rights to pursue any claims covered by the Action will be extinguished, as set forth in Section 13, and said Settlement Class Member will not be permitted to recover from the Common Fund.

6.8     If any Settlement Class Member submits a deficient Claim Form as described above and does not correct the deficiency after being notified by the Settlement Administrator, or any Settlement Class Member submits an invalid Claim Form as described above and fails to cure the invalidity within the Cure Period, then said Settlement Class Member's rights to pursue any claims covered by the Action will be extinguished and said Settlement Class Member will not be permitted to recover from the Common Fund.  Neither the Settlement Administrator nor the Parties shall have any further obligation to notify such Settlement Class Member or to send another Claim Form to such Settlement Class Member.

6.9     Within forty-five (45) calendar days after the later of (1) Effective Date, (2) the end of the Claim Period, or (3) the resolution of all disputes over individual settlement

amounts or Authorized Claimants (including Defendants' option to research the claims as provided in Section 6.4), the Settlement Administrator will create a list ("Final List of Authorized Claimants") containing each Authorized Claimant who will receive a portion of the Common Fund.  This Final List of Authorized Claimants will be provided to Defense Counsel and Class Counsel and shall only be used by them for purposes of ensuring that the terms of this Agreement and any applicable orders of the Court are complied with.

      7.     <u>Exclusion From the Class</u>

      7.1     Any member of the Settlement Class may request to be excluded from the Settlement Class (i.e., "opt out") by mailing a letter, by first class United States mail, to the Settlement Administrator containing a statement that he or she requests to be excluded from the Settlement Class.  The member of the Settlement Class shall also be requested to but not required to provide a reason for the request.  Any such request must be made in accordance with the terms set forth in the Class Notice and will be timely only if postmarked no later than one hundred thirty (130) calendar days after the date of the Court's Order granting preliminary approval of the settlement and Agreement (the one hundred thirty (130) calendar day period being the "Exclusion Period").  The timeliness of any request for exclusion shall be conclusively determined by the postmark date.  Upon receipt of an exclusion request, the Settlement Administrator shall provide a copy of the request to Class Counsel and Defense Counsel.  No later than five business (5) days after the Exclusion Period, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of the persons who have requested exclusion from the Settlement Class.  A member of the Settlement Class who requests to be excluded from the Settlement Class is no longer a Settlement Class Member and will not be permitted to object to the settlement.

7.2     If more than twenty-five (25) persons request exclusion from the Settlement Class within the Exclusion Period as described in the preceding Section, Defendants, jointly but not severally, shall have the option to terminate this Agreement.  If Defendants terminate this Agreement, this Agreement shall be null and void and this settlement of no force and effect.  Defendants shall give notice of such termination in writing to Class Counsel and the Settlement Administrator no later than ten (10) calendar days after the day they receive the list of Settlement Class Members who have requested exclusion from the Settlement Class as described in Section 7.1, above.   In the event that Defendant(s) exercise this option, Defendant(s) shall be responsible for notice and claims administration costs incurred through the date of termination of the action under this provision with such costs coming from the Common Fund pursuant to Section 17.2, below.

8.     Obtaining Preliminary Court Approval of the Agreement and Certification of Settlement Class.

8.1     Upon full execution of the Agreement, the Parties shall take all necessary steps to obtain a Preliminary Approval Order from the Court substantially in the form of Exhibit E, granting conditional approval of the settlement and certifying the Settlement Class, all as set forth in this Agreement.  The Parties agree that the Court may make preliminary findings in connection with the Order subject to final findings and ratification in the Final Order and/or Judgment.

8.2     The proposed Preliminary Approval Order shall include the following timeline regarding settlement administration:

| Last day for Defendants to deposit the Common Fund with the Settlement Administrator | 30 calendar days after preliminary approval |
|---|---|
| Last day for Defendants to provide the | 30 calendar days after preliminary approval |

| Settlement Administrator with Class List and Cell Phone Number List | |
|---|---|
| Last day for Settlement Administrator to mail Class Notice | 60 calendar days after preliminary approval |
| Last day for Settlement Administrator to publish the Settlement Website | 60 calendar days after preliminary approval |
| Last day for Class Counsel to file motion for award of attorneys' fees, litigation costs, Class Representatives' service payment, and claims administration expenses | 100 calendar days after preliminary approval |
| Last day for requests for exclusion from the settlement to be postmarked | 130 calendar days after preliminary approval |
| Last day for claims to be submitted | 130 calendar days after preliminary approval |
| Last day for Settlement Class Members to serve objections to settlement | 130 calendar days after preliminary approval |
| Last day for Class Counsel to file motion for final approval of settlement | 150 calendar days after preliminary approval |
| Last day for the Parties to respond to any objections filed by Settlement Class Members | 160 calendar days after preliminary approval |
| Hearing on motion for final approval of settlement and application for attorneys' fees and costs, Class Representatives' service payments, and claims administration expenses | At least 175 calendar days after preliminary approval |

8.3. If the Court does not approve the settlement contemplated by and embodied in this Agreement, then this Agreement shall terminate and be of no force or effect, unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval. If this Agreement is terminated or for any reason does not occur (in whole or in part), any orders certifying the Settlement Class shall be vacated, the Action shall then proceed with no certified class and the Court shall establish a deadline for the Class Representatives to bring a motion for class certification. In such circumstances, Defendants may oppose the motion for class certification and/or file a motion for a determination that no class can be certified.

9.      Procedures for Making Objections to the Settlement

       9.1      Any Settlement Class Member may object to the terms of the settlement, including but not limited to Class Counsel's application for attorneys' fees and litigation costs, the Class Representatives' service payment, and/or the Settlement Administrator's fees.  Any objection to the settlement must be in writing and be timely mailed to be considered by the Court.  Any Settlement Class Member who desires to make an objection to the settlement must mail by first class United States mail the objection to the Settlement Administrator.    The objection will be timely only if postmarked no later than one hundred thirty (130) calendar days after the date of the Court's Order granting preliminary approval of the settlement.    The timeliness of any objection shall be conclusively determined by the postmark date.    Any written objections must state: (a) in substantial form, the name of the Action, "Ronquillo-Griffin, et al., v. TransUnion Rental Screening Solutions,  Inc., et al."; (b) the full name, address and telephone number of the objector; (c) proof of the objector's membership in the Class in the form of a statement made under penalty of perjury; (d) a statement of each objection; and (e) if represented by counsel, a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s).  The objection should also state whether or not the objector intends to appear at the hearing on final approval of settlement personally or through counsel.    The Settlement Administrator shall provide copies of all objections to Class Counsel and Defense Counsel.  Class Counsel shall file with the Court any objections received with the final approval motion papers.  The Parties will ask the Court to permit any Settlement Class Member and the attorneys for any Settlement Class Member to appear and speak at the hearing on final approval of the settlement even if the Settlement Class

Member has not submitted a written objection.  If any objection is rejected or overruled, the objecting Settlement Class Member will be bound by the Judgment as if he or she had not objected.

       9.2     Any objector to the settlement must submit a timely and valid Claim Form in order to participate in the settlement in the event his or her objection is overruled or rejected. Any person who requests exclusion from the Settlement Class may not object.  If any person submits a request for exclusion and also an objection, the request for exclusion shall take precedence and that person shall not be a Settlement Class Member.

      10.     *Cy Pres* Distribution of Common Fund Remainder.

In the event that any portion of the Common Fund remains unclaimed, or any check sent to any Authorized Claimant remains uncashed for more than sixty (60) calendar days after issuance in the second distribution, then such unclaimed or uncashed funds will, subject to approval by the Court, become part of the Common Fund for *cy pres* distribution. The Parties recommend that New Media Rights be approved as the contingent *cy pres* beneficiary, subject to Court approval.

      11.     Final Approval, Judgment, and Dismissal with Prejudice.

       11.1     After the Court's preliminary approval of the settlement and the provision of notice to the Class as forth above, the Parties shall take all necessary steps to obtain final approval of the settlement from the Court and to thereafter effectuate the settlement, including entry of the Final Approval Order and the Judgment in the Action, addressing any appellate issues, and obtaining any necessary further orders from the Court.  The final approval hearing shall take place no less than one hundred seventy-five (175) calendar days after entry of the Court's Order granting preliminary approval of the settlement.

11.2     Class Counsel shall file any papers supporting its request for attorneys' fees and costs, Class Representatives' service payment, and Settlement Administrator's expenses, with the Court no later than one hundred (100) calendar days after the date of the Court's Order granting preliminary approval of the settlement.

11.3     Class Counsel shall file a motion for final approval of the settlement no later than one hundred fifty (150) calendar days after the date of the Court's Order granting preliminary approval of the settlement.

11.4     In the event any objections to the settlement are served, including any objections to the requested attorneys' fees and costs, administration expenses, and Class Representative's service payment, the Parties, either individually or jointly, may file a response to such objections no later than one hundred sixty (160) calendar days after the date of the Court's Order granting preliminary approval of the settlement.

11.5     As part of the process of obtaining final approval of the settlement, the proposed Final Approval Order, Exhibit C, and Judgment, Exhibit D, shall be submitted to the Court with the Motion for Preliminary Approval of the settlement.  At the time of the final hearing by the Court, and if the Court provides final approval of the settlement, the Parties shall request the Court immediately execute and enter the mutually-agreed upon Final Approval Order and Judgment.

11.6     As part of the Judgment, the Class Representatives shall dismiss with prejudice all claims that they brought against Defendants provided that the Court grants final approval.

12.   Compensation to Authorized Claimants.

12.1   No later than ninety (90) calendar days after the Effective Date, the Settlement Administrator shall proceed to distribute the Individual Settlement Amount to each Authorized Claimant.

12.2   The Parties expect that the Settlement Administrator shall manage, oversee, coordinate and/or conduct all administration of disbursements of the Common Fund and otherwise manage the Common Fund.  The Settlement Administrator shall provide a toll-free phone number for Settlement Class Members to call to ask questions regarding their claims. Calls to this toll-free number need not answered by live agents; instead, the toll-free number may have voicemail capability where Settlement Class Members may leave messages for the Settlement Administrator.   The Settlement Administrator shall also establish an email address that shall serve as a questions inbox so that the Settlement Administrator may receive and respond to inquiries by email.   Additionally, the Settlement Administrator will communicate with Class Counsel and Defense Counsel on a regular basis regarding the settlement.

13.   Release, Waiver, and Covenant Not to Sue.

13.1   Upon entry of the Judgment, Class Representatives, for themselves and on behalf of each Settlement Class Member, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, irrevocably, and forever released Defendants, and each of them, and, whether or not specifically named herein, each of their past or present directors, officers, employees, agents, insurers or reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, affiliated companies, parents and their other subsidiaries, subsidiaries, joint venturers, independent contractors, vendors, service

providers, wholesalers, resellers, distributors, retailers, divisions, predecessors, successors, and assigns (collectively, the "Released Parties"), from any and all liabilities, claims, causes of action, damages, penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, which were asserted in the Action or are related to the claims asserted in the Action, including any and all claims relating to the intercepting, monitoring and/or recording of telephone calls or other communications, and any and all claims for violation of the California Invasion of Privacy Act (including without limitation Cal. Penal Code §§ 630, 631, 632,  and 632.7), and any and all claims for statutory damages under Cal. Penal Code § 637.2, and any and all claims under any laws that regulate, govern, prohibit or restrict the intercepting, recording or monitoring of telephone calls or other communications (hereafter, collectively, the "Released Claims").

13.2    In addition, each of the Class Representatives, for herself or himself only and not on behalf of the Settlement Class Members, hereby fully, finally and irrevocably releases Defendants and, whether or not specifically named herein, each of their past or present directors, officers, employees, agents, shareholders, members, investors, insurers, reinsurers, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, parents, subsidiaries, joint venturers, independent contractors, service providers, vendors, divisions, predecessors, successors, and assigns, from any and all liabilities, claims, causes of action, damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, of any kind or nature whatsoever.

13.3    By operation of the entry of the Judgment, the Class Representatives, for themselves in general, and on behalf of each Settlement Class Member in connection with the Released Claims, agree to waive any and all provisions, rights and benefits, which they now have

or in the future may be conferred to them by section 1542 of the California Civil Code ("Section 1542") or any comparable statutory or common law provision of any other jurisdiction. Section 1542 reads as follows:

> Certain Claims Not Affected by General Release: A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

Class Representatives, for themselves and each Settlement Class Member, expressly acknowledge that, to the extent permitted by law, they are waiving for themselves in general, and on behalf of each Settlement Class Member in connection with the Released Claims, the protections of Section 1542 and of any comparable statutory or common law provision of any other jurisdiction.

13.4   Except for proceedings to enforce the terms of this Settlement Agreement, upon entry of Judgment, the Class Representatives, for themselves and on behalf of each Settlement Class Member, shall be deemed to have, and by operation of the Judgment shall have agreed, not to file, maintain, cause or knowingly permit the filing or maintenance of any lawsuit, administrative action, or other proceeding, in any state, federal or foreign court, or before any local, state, federal or foreign administrative agency, or any other tribunal, that arises from or relates to any of the Released Claims against the Released Parties, or any other claims released under this Agreement.

14.   CAFA Notice.  Defendants shall be responsible for providing the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 no later than 10 days after the filing of the Preliminary Approval Motion.  Defendants may delegate the preparation and service of the CAFA Notice to the Settlement Administrator.  If Defendants do so, they shall work with the

Settlement Administrator to create the form of CAFA Notice which the Settlement Administrator shall serve on the appropriate officials, and the Settlement Administrator shall file a declaration with the Court no later than thirty (30) days after it serves the CAFA Notice stating that the CAFA Notice has been served on the appropriate officials.

     15.   <u>Non-Evidentiary Use.</u>

       Defendants expressly disclaim and deny any wrongdoing or liability whatsoever, and the Parties expressly agree to conditional certification of the Settlement Class solely for the purposes of this Settlement.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by Defendants of any liability or wrongdoing by Defendants or any of their affiliates, agents, representatives, vendors, or any other person or entity acting on their behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants, or any waiver of defenses available to the Defendants, in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed a waiver of Defendants' rights to challenge class certification if the Effective Date for any reason does not occur; or (d) is or may be deemed to be a waiver of Defendants' right to seek to enforce any arbitration provision in other cases or against individuals in the Settlement Class who opted-out of the Settlement Class.  In addition, neither

the fact of, nor any documents relating to, TURSS' and/or Transactel's termination of the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

16.     Collateral Attack and *Res Judicata.*

16.1     This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the Class Notice after the Judgment is entered.   Such prohibited collateral attacks shall include but are not limited to claims that the procedures for claims administration were incorrect, or that the Settlement Class Member failed for any reason to receive timely notice of the procedure for submitting a Claim Form.

16.2     To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.   The Released Parties may file this Agreement and/or the Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     Nullification.

17.1     If (1) the Court should for any reason fail to certify the Settlement Class; or (2) the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties; or (3) the Court should for any reason fail to enter the Judgment; or (4) the Judgment is reversed, modified, or declared or rendered void; or (5) the Court should for any reason fail to dismiss with prejudice the Class Representatives' claims; or (6) Defendants terminate this

Agreement for any of the reasons permitted herein, then (i) this Agreement shall be considered null and void, notwithstanding the severability clause in this Agreement, (ii) neither this Agreement nor any of the related negotiations or proceedings shall be of any force or effect, (iii) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court, (iv) Class Representatives and Class Counsel shall make repayment to the Settlement Administrator of any disbursements they received from the Common Fund, and (v) the Settlement Administrator shall proportionately return to Defendants any portion of the Common Fund that is in its possession.

17.2    In the event that for any reason final distribution of the Common Fund does not occur (for example, because this Agreement and/or the Judgment is modified or reversed on appeal, or this Agreement is canceled, rescinded, terminated, voided, or nullified), the entire Common Fund shall remain the property of Defendants, and the Settlement Administrator shall return the Common Fund, less any amounts incurred for notice and administration costs, to Defendants in the same proportion as the funds were originally received by the Settlement Administrator from Defendants.

17.3    In the event of a timely appeal from the Judgment, the fees and reimbursement of expenses to Class Counsel shall not be paid and the Common Fund shall not be distributed to Authorized Claimants pending the completion of the appeal.

18.    Taxes.

Any person or entity that receives a distribution from the Common Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses shall not be paid from the Common Fund.  In no event shall Defendants or any of the other Released Parties have any

responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Common Fund to Plaintiffs, Settlement Class Members, Class Counsel or any other person or entity, and the Common Fund, Plaintiffs and Class Counsel shall indemnify and hold Defendants and the other Released Parties harmless for all such taxes and tax-related expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

19.     Confidentiality, Publicity and Non-Disparagement.

19.1    The Parties agree that prior to the Court issuing the Preliminary Approval Order, they shall treat the terms of this Agreement as confidential and shall not disclose the terms of this Agreement to any persons, excluding the proposed settlement administrator, unless such disclosure is necessary to effectuate settlement provided for in this Agreement.

19.2    In order to ensure that all information provided to the Settlement Class regarding the terms and conditions of this Agreement is content-neutral and has been approved by the Court in substance, the Parties agree that no press release or statements to the press shall be made concerning this Agreement except as required by law or to effectuate the Agreement. Notwithstanding the foregoing, Class Counsel may post on their websites a brief statement that the Action has been preliminarily approval and/or finally approved, as the circumstance may be.

19.3    The Parties shall abstain from making, publishing, posting, aiding, or authorizing the publication of any false or derogatory statements to any other persons about each other with regard to the conduct of any of the Parties occurring through the Effective Date.

20.     Extensions of Time.

Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.  If the time to do or

complete any act in the Agreement falls on a weekend or holiday, then that time shall be extended until the next court day.

21.     <u>No Pending Actions.</u>

Each of the Parties represents and warrants that he or it is not aware of any pending lawsuits or administrative proceedings involving Defendants, or each of them, regarding the subject matter of the Action other than those actions described above.

22.     <u>Integration.</u>

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.   No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided herein.

23.     <u>Construction and Intent.</u>

23.1    This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.   This Agreement has been negotiated at arms-length by parties of equal bargaining power, and drafted jointly by Class Counsel and Defense Counsel.   Each of the Parties has had full opportunity to review and consider the contents of this Agreement, has read and fully understands the provisions of this Agreement, and has relied on the advice and representation of legal counsel of his or its own choosing.   In the event that a dispute arises with respect to this Agreement, no Party shall assert that any other Party is the drafter of this Agreement, for purposes of resolving ambiguities that may be contained herein.   If any provision of this Agreement shall be deemed ambiguous, such provision shall not be construed against any Party on the basis of the identity of the purported drafter of this Agreement.

23.2    The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Action.

23.3    The Parties agree that the Agreement was negotiated in good faith by the Parties.

23.4    The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute part of this Agreement.

23.5    As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

24.    Governing Law.

This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.  The sole and exclusive forum for resolution of any disputes arising under or related to this Agreement shall be the United States District Court for the Southern District of California or, if and only if that court does not have subject matter jurisdiction, the state courts located in San Diego County, California.

25.    Survival of Warranties and Representations.

The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

26.    Representative Capacity.

Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.

27.     <u>Counterparts.</u>

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.  The Agreement may be executed by facsimile or scanned signature.

28.     <u>Confirmatory Discovery</u>

Prior to moving for preliminary approval of the settlement, a representative of Transactel shall provide a declaration under penalty of perjury to the best of his or her knowledge or belief to Class Counsel indicating as follows: i) an estimate of the typical percentage of Transactel's outgoing telephone calls made on behalf of TURSS that are answered by the called party based on Transactel's experience; ii) how many audio recording files exist for calls made to the numbers in the Cell Phone Number List; iii) a representation that the data results provided to Transactel by Compliance Point in this Action is true and accurate to the best of Transactel's knowledge.

29.     <u>Cooperation of the Parties.</u>

29.1    The Parties acknowledge that it is their intent to consummate this Agreement and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.  Specifically, the Parties to this Agreement agree to prepare and execute all documents, to seek Court approvals, defend Court approvals, and to do all things reasonably necessary to complete the settlement described in this Agreement.  Further, the Parties will comply in good faith with the terms and conditions of the Agreement.

29.2    Should any dispute arise among the Parties or their respective counsel regarding the implementation or interpretation of this Agreement, a representative of Class Counsel and a representative of Defense Counsel shall meet and confer in an attempt to resolve such disputes prior to submitting such disputes to the Court.  In addition, any of the Parties may request that any such dispute be mediated by Bruce A. Friedman, Esq. of JAMS with the costs of such mediation being split equally among the Parties.

30.    Severability.

If any portion, provision, or part of this Agreement is held, determined or judged to be invalid, unenforceable, or void, for any reason whatsoever, each such portion, provision, or part shall be severed from the remaining portions, provisions, or parts of this Agreement and shall not affect the validity or enforceability of such remaining portions, provisions, or parts, unless doing so would deprive a Party a benefit of its bargain.

31.    Notices.

31.1    All notices and documents to Class Counsel and Defense Counsel provided for herein shall be sent via email in portable document format (pdf) or, if too large to send in that format, by U.S. Mail.

31.2    Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of notice to the Class.

32.    Documents Produced During Litigation

No later than Ninety (90) days after the Effective Date, each Party shall delete, destroy or discard any documents that it received from any other Party that were designated as "Confidential" under the Stipulated Protective Order in the Action.

33.   <u>Modification and Amendment.</u>

This Agreement may be amended or modified only by a written instrument signed by the Parties' counsel and approved by the Court.

34.   <u>Binding on Successors and Assigns.</u>

The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

35.   <u>Calculation of Dates.</u>

When the terms of this Agreement provide that any action must be taken by a certain date, that action shall be timely if performed by 11:59 p.m. Pacific Time on that date.

36.   <u>Court to Retain Jurisdiction.</u>

Notwithstanding the entry of Judgment, the Court shall retain jurisdiction of the Action until such time as the Court determines that the settlement is fully consummated according to the terms and conditions of this Agreement.

All of the foregoing is agreed to as of the date first written above.


_____
Kelissa Ronquillo, individually and as
Class Representative

_____
Khoi Nguyen, individually and as
Class Representative

_____
Russell Smith, individually and as
Class Representative

Transactel (Barbados), Inc.

By:_____

Its: _____

TransUnion Rental Screening Solutions, Inc.

By:_____

Its: _____


APPROVED AS TO FORM:

KAZEROUNI LAW GROUP, APC

By:_____
              Abbas Kazerounian
Attorneys for Class Representatives and the Class


DLA PIPER LLP (US)


By:_____
              Edward D. Totino
Attorneys for Defendant Transactel (Barbados), Inc.

STROOCK & STROOCK & LAVAN LLP


By:_____
              Stephen J. Newman
Attorneys for Defendant TransUnion Rental Screening Solutions, Inc.

WEST\281319380.9

Transactel (Barbados), Inc.

By:_____

Its: _____

TransUnion Rental Screening Solutions, Inc.

By: _Denisl Y Joyle_

Its: _SVP_


APPROVED AS TO FORM:

KAZEROUNI LAW GROUP, APC


By:_____
        Abbas Kazerounian
Attorneys for Class Representatives and the Class


DLA PIPER LLP (US)


By:_____
        Edward D. Totino
Attorneys for Defendant Transactel (Barbados), Inc.

STROOCK & STROOCK & LAVAN LLP


By: _____
        Stephen J. Newman
Attorneys for Defendant TransUnion Rental Screening Solutions, Inc.

WEST\281319380.9

EXHIBIT "A"

*Kelissa Ronquillo-Griffin, Khoi Nguyen, and Russell Smith, individually and on behalf of others similarly situated v. TransUnion Rental Screening Solutions, Inc. and Transactel (Barbados), Inc.*,
United States District Court for the Southern District of California, Case No. 17-CV-129-JM-BLM

---

### SETTLEMENT CLAIM FORM

This Claim Form is for persons who, during the period from January 24, 2016 through February 8, 2017, while physically located in California, were called by Transactel (Barbados), Inc. ("Transactel") on behalf of TransUnion Rental Screening Solutions, Inc. ("TURSS") (collectively, "Defendants") on their cellular telephones and spoke with a representative.

To receive your share of the settlement, **you must submit this completed Claim Form either online by accessing the Settlement website at www.XXXX.com, or by regular mail to the following address, postmarked no later than [insert date]**:

Ronquillo Call Recording Settlement Claims Administrator

P.O. Box XXXX

City / State, XXXXX

Toll Free: 1-8XX-XXX-XXXX

Website: XXXX

Please note that you may make only one claim, regardless of the number of calls you received from Defendants.  The Settlement Administrator has access to records which may be used to verify the accuracy of claims.

---

### I.   Your Name and Address

Please clearly print or type your information in the spaces below:

Claim Identification Number (if available): _____

First Name: _____   MI: _____   Last Name: _____

Street Address: _____

City: _____   State: _____   Zip Code: _____

Email Address (optional): _____Social Security or Taxpayer ID No.: _____

Cellular Phone Number(s) on which you received call(s) from Defendants (only necessary if you do not

have a claim identification number):  _____, _____,

_____,_____, _____

---

### II.   Certification

By my signature below, I affirm to my best honest belief, that during the period from January 24, 2016 through February 8, 2017 while physically located in California I received a call on my cellular telephone from Defendants and spoke with representative of Defendants.

Dated: _____/_____/_____

_____
Print Name

_____
Signature

**Questions? Call 1-8XX-XXX-XXXX or visit XXXXXXXX**

# EXHIBIT "B"

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Kelissa Ronquillo-Griffin, Khoi Nguyen, and Russell Smith, individually and on behalf of others similarly situated v. TransUnion Rental Screening Solutions, Inc. and Transactel (Barbados), Inc.,*
United States District Court for the Southern District of California, Case No. 17-CV-129-JM-BLM

## READ THIS NOTICE CAREFULLY
## YOUR LEGAL RIGHTS MAY BE AFFECTED

This Notice is for is for persons who, during the period from January 24, 2016 through February 8, 2017, while physically located in California, were called by Transactel (Barbados), Inc. ("Transactel") on behalf of TransUnion Rental Screening Solutions, Inc. ("TURSS") (collectively, "Defendants") on their cellular telephones and spoke with a representative.  Please read the rest of this Notice carefully to find out more.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **Participate in the Settlement** | If you wish to receive a Settlement Payment, read this Notice for information on how to file a claim. If you do not file a Claim Form by [insert date], you will not receive a Settlement Payment. |
| **Exclude Yourself from the Settlement** | If you do not want to participate in the settlement, you must send a letter requesting exclusion postmarked no later than [insert date] or else you will be bound by the settlement. |
| **Object to the Settlement** | If you wish to object to the settlement, you must follow the directions in this Notice no later than [insert date]. |
| **Participate in the Hearing** | If you submit a timely objection to the settlement, you may also indicate in the objection whether you wish to appear and be heard at the time of the final fairness hearing. |
| **Do Nothing** | If you do nothing with respect to this Notice, you will not receive any Settlement Payment and you will be bound by the terms of the settlement including the release of claims described below. |

## THESE RIGHTS AND OPTIONS, INCLUDING THE DEADLINES BY WHICH TO EXERCISE THEM, ARE EXPLAINED IN THIS NOTICE BELOW

**Questions? Call [insert] or visit www.[insert].com**

## What is the Case About?

This class action case alleges that Defendants violated California laws that prohibit the recording of telephone calls without notice to or consent of all parties to the conversation.  The case covers persons who, during the period from January 24, 2016 through February 8, 2017, while physically located in California, were called by Defendants on their cellular telephones and spoke with a representative.

## What is a Class Action?

In a class action, one or more people called class representatives (in this case Kelissa Ronquillo a/k/a Kelissa Ronquillo-Griffin ("Ronquillo"), Khoi Nguyen ("Nguyen"), and Russell Smith ("Smith")) (collectively, "Class Representatives") sue on behalf of people who have similar claims.

## Am I a Class Member?

You are a Class Member if, during the period from January 24, 2016 through February 8, 2017, while physically located in California, you were called by Defendants on your cellular telephone and spoke with a representative.  This Notice of Proposed Class Action Settlement is expected to be mailed to no more than 670 persons.

**If you received a notice of this proposed settlement by mail, Defendants have records indicating that you may be a member of the Class entitled to submit a Claim Form.  You might be a member even if you did not receive notice by mail.**

## Why is There a Settlement?

Both sides agreed to a settlement to avoid the uncertainty and cost of class certification and a trial and to provide benefits to Class Members more promptly.  The Court did not decide in favor of Class Representatives or Defendants.  Defendants deny any liability or wrongdoing of any kind associated with the claims in this class action.

## What Can I Get From The Settlement?

Defendants have agreed to create a Common Fund of $425,000.  After class action administration fees and notice costs (which the Settlement Administrator has estimated will be no more than $40,000), service payments to the Class Representatives (not to exceed $3,000 each), and Class Counsel's attorneys' fees and costs (together not to exceed 29% of the Common Fund) are deducted, the remaining amount will be divided up equally amongst all Class Members who submit timely and valid Claim Forms with a maximum of $5,000 being paid to any individual Class Member.  If any of the Common Fund remains after payment of all valid and timely claims, including funds from settlement checks that remain unclaimed or uncashed, then such funds will be distributed to New Media Rights, a non-profit organization engaged in protecting privacy rights.

You may make only one claim, regardless of the number of calls you received from Defendants during the period from January 24, 2016 through February 8, 2017.  **Please note that the Settlement Administrator and/or Defendants may use available records to investigate the accuracy of claims.**

## What Do I Need to Do To Receive a Settlement Payment?

**You must complete a Claim Form and return it to the Settlement Administrator on time.**  You may obtain a hard copy Claim Form from the Settlement Website, www.ronquilloclassactionsettlement.com, by calling 866-___-____, or by writing to the Settlement Administrator at:

**Questions? Call [insert] or visit www.[insert].com**

Ronquillo Settlement Claims Administrator
[insert address]

You also may submit a completed Claim Form online at the Settlement Website, www.ronquilloclassactionsettlement.com. A Claim Form will not be considered timely unless it is returned to the Settlement Administrator online or sent by mail postmarked no later than [insert date].

Upon a request from a Class Member, the Settlement Administrator will accept a completed paper Claim Form by facsimile or e-mail which is sent no later than [insert date].

**If you move during the pendency of the Lawsuit, please contact the Settlement Administrator to update your address.**

### What Am I Giving Up to Get Settlement Benefits or Stay In the Settlement Class?

Unless you exclude yourself, as described below, you will remain in the Settlement Class and be bound by the terms of the settlement and all of the Court's orders. This means that you can't sue or be part of any other lawsuit against Defendants or their related parties about the issues in this case. Staying in the Settlement Class also means that you agree to the following release of claims, which describes the legal claims that you give up:

**Release by the Settlement Class.** Upon entry of the Judgment, Class Representatives, for themselves and on behalf of each Settlement Class Member, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, irrevocably, and forever released Defendants, and each of them, and, whether or not specifically named herein, each of their past or present directors, officers, employees, agents, insurers or reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, affiliated companies, parents and their other subsidiaries, subsidiaries, joint venturers, independent contractors, vendors, service providers, wholesalers, resellers, distributors, retailers, divisions, predecessors, successors, and assigns (collectively, the "Released Parties"), from any and all liabilities, claims, causes of action, damages, penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, which were asserted in the Action or are related to the claims asserted in the Action, including any and all claims relating to the intercepting, monitoring and/or recording of telephone calls or other communications, and any and all claims for violation of the California Invasion of Privacy Act (including without limitation Cal. Penal Code §§ 630, 631, 632, and 632.7), and any and all claims for statutory damages under Cal. Penal Code § 637.2, and any and all claims under any laws that regulate, govern, prohibit or restrict the intercepting, recording or monitoring of telephone calls or other communications (hereafter, collectively, the "Released Claims"). Please review the Settlement Agreement on the Settlement Website for the full terms of the Settlement Agreement including the release.

### When Can I Expect To Receive My Settlement Payment?

The Court will hold a hearing on [insert date and time], to decide whether to give final approval to the settlement. You will be kept informed of the progress of the settlement by checking the Settlement Website. Please be patient.

**Questions? Call [insert] or visit www.[insert].com**

## Can I Exclude Myself From the Settlement?

If you do not want to receive benefits from this settlement, but you want to keep the right to sue Defendants on your own at your own expense about the issues in this case, then you <u>must</u> take steps to exclude yourself from the settlement.  This is also called "opting-out" of the settlement.  To exclude yourself from the settlement (opt out), you must send a letter by first class United States mail to the Settlement Administrator, containing (1) the title of the Action; (2) the full name, address, and telephone number of the person requesting exclusion; and (3) a statement that he or she requests to be excluded from the Settlement Class.  Be sure to include your name, address, telephone number, and signature. Your letter requesting exclusion from the settlement <u>must</u> be postmarked no later than [insert date] and mailed to:

> Ronquillo Settlement Exclusions
> [insert address]

If you request exclusion from the settlement, you will not get any settlement benefits, and you cannot object to the terms of the settlement.  You will not be legally bound by anything that happens in this lawsuit.

## If I Don't Exclude Myself, Can I Sue Defendants for the Same Thing Later?

No.  Unless you exclude yourself, you <u>give up any right</u> to sue Defendants and/or any of the Released Parties for the claims that this settlement resolves.  If you have a pending lawsuit covering these same claims, speak to your lawyer in that case immediately.  You must exclude yourself from this Settlement Class to continue your own lawsuit.

## Do I Have a Lawyer in the Case?

The Court has appointed Kazerouni Law Group, APC (Abbas Kazerounian, Esq. and Jason A. Ibey, Esq.), Hyde & Swigart (Joshua B. Swigart, Esq.), and Law Office of Daniel G. Shay (Daniel G. Shay, Esq.) to represent you and other Class Members as Class Counsel.  Class Counsel will be paid from the Common Fund and you will not be charged for this.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## How Will the Lawyers, the Class Representatives and the Settlement Administrator Be Paid?

Class Counsel will ask the Court to approve payment of up to $123,250 (29% of the $425,000 Common Fund) to Class Counsel for attorneys' fees and out-of-pocket costs.  The fees would pay Class Counsel for investigating the facts, litigating the case, negotiating the settlement, and following through to make sure that its terms are carried out.  Class Counsel also will ask the Court to approve a payment of $3,000 to each of the Class Representatives for their service as Class Representatives.  The Court may award less than these amounts.  These amounts will be paid out of the $425,000.00 Common Fund.  Class Counsel will file with the Court their motion for award of attorneys' fees, litigation costs, administration costs and Class Representatives' service payment no later than [insert date].  After that date, you may view the motion on the Settlement Website.

It is estimated that the Settlement Administrator will ask the Court to approve payment of approximately $23,000 from the Common Fund for its fees and costs incurred in providing notice of and administering the settlement.

**Questions? Call [insert] or visit www.[insert].com**

## How Do I Tell the Court That I Don't Like the Settlement?

You can ask the Court to deny approval of the Settlement by making an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

You must object to the proposed settlement in writing. All written objections and supporting papers must include (1) the name and case number of the lawsuit: *Kelissa Ronquillo-Griffin, Khoi Nguyen, and Russell Smith v. TransUnion Rental Screening Solutions, Inc. and Transactel (Barbados), Inc.*, United States District Court for the Southern District of California, Case No. 17-CV-129-JM-BLM, (2) the objector's full name, postal address and telephone number, (3) proof of the objector's membership in the Settlement Class in the form of a statement made under penalty of perjury, (4) all grounds for the objection including, if available, the factual and legal bases for the objection known to the objector or his or her counsel and the relief the objector is seeking, (5) the identity, postal address, and telephone number for all counsel who represent the objector, if any, and (6) a statement confirming whether the objector or the objector's counsel intends to appear personally at the final fairness hearing.

Objections must be mailed or otherwise served on the Settlement Administrator at the following addresses:

> Ronquillo Settlement Objections
> [insert address]

Objections must be postmarked or delivered by [insert date] to be considered timely.

## What's the Difference Between Objecting and Excluding?

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. If you object, you must still submit a Claim Form to receive the benefits of the settlement. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class or participate in the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you. You cannot both object to and exclude yourself from the settlement. Any person who attempts both to object to and exclude themselves from the settlement will be deemed to have excluded themselves and will forfeit the right to object to or participate in the settlement or any of its terms.

## When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a final fairness hearing regarding the settlement at [insert date and time] at the United States District Court for the Southern District of California, [insert courtroom and address]. At that hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who ask to speak at the hearing. The Court also will decide how much to pay to Class Counsel and the Class Representatives. After the hearing, the Court will decide whether to approve the settlement. Class Counsel does not know how long those decisions will take.

The final fairness hearing date, time or location may be changed and notice of any change will be provided on the Settlement Website, www.[insert].com, so please check the Settlement Website for updated hearing information.

## Do I Have to Come to the Hearing?
**Questions? Call [insert] or visit www.[insert].com**

No.  Class Counsel will answer questions the Court may have.  You are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you submit your written objection on time, the Court will consider it.  You also may also have your own lawyer attend the hearing at your own expense, but doing so is not necessary.

You cannot submit an objection or speak at the hearing if you excluded yourself from the Settlement Class.

### What Happens if I Do Nothing At All?

If you do nothing, you will remain in the Settlement Class and will be bound by the terms of the settlement and all of the Court's orders including the Release.  This also means that you will not receive any settlement benefits and can't sue or be part of any other lawsuit against Defendants or the other Released Parties about the issues in this case.

### Are There More Details About the Settlement?

This notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the Settlement Agreement. You may obtain a copy of the Settlement Agreement and other case documents through the Settlement Website, www.[insert].com, by calling 866-___-____, by writing to the Settlement Administrator at Ronquillo Settlement Administrator, [insert address], or by visiting the office of the Clerk of the United States District Court for the Southern District of California at [insert address]. You also can contact Class Counsel:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq.,
Jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

**Questions? Call [insert] or visit www.[insert].com**

**PLEASE DO NOT CALL THE COURT, THE COURT CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL WITH ANY QUESTIONS RELATED TO THE SETTLEMENT.**

Questions? Call **[insert]** or visit www.**[insert]**.com

# EXHIBIT "C"

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   **KELISSA RONQUILLO-**          CASE NO. 17-CV-129-JM-BLM
     **GRIFFIN, KHOI NGUYEN, AND**
12   **RUSSELL SMITH,**              <u>**CLASS ACTION**</u>
     **INDIVIDUALLY AND ON**
13   **BEHALF OF OTHERS**            **ORDER GRANTING FINAL**
     **SIMILARLY SITUATED**          **APPROVAL OF CLASS ACTION**
14                                   **SETTLEMENT; APPROVAL OF**
     **V.**                          **ATTORNEYS' FEES, INCENTIVE**
15                                   **PAYMENTS AND COSTS OF**
     **TRANSUNION RENTAL**           **LITIGATION**
16   **SCREENING SOLUTIONS, INC.**
     **AND TRANSACTEL**              **JUDGE:**  Hon. Jeffrey T. Miller
17   **(BARBADOS), INC.**

18
19
20
21
22
23
24
25
26
27
28

Plaintiffs Kelissa Ronquillo a/k/a Kelissa Ronquillo-Griffin ("Ronquillo"), Khoi Nguyen ("Nguyen"), and Russell Smith ("Smith"), individually and on behalf of Class Members (collectively, "Plaintiffs" or "Class Representatives"), and Defendants TransUnion Rental Screening Solutions, Inc. ("TURSS") and Transactel (Barbados), Inc. ("Transactel") (collectively, "Defendants"), entered into a Settlement Agreement and Release (hereinafter referred to as the "Settlement Agreement" or "Agreement"), which is subject to review under Fed. R. Civ. P. 23. Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Action").

On [insert date], upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

On [insert date], Plaintiffs filed their Motion for Attorneys' Fees, Costs and Incentive Payments which was then posted on the Settlement Website so that it was available to all Settlement Class Members.

On [insert date], Plaintiffs filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"), which was then posted on the Settlement Website so that it was available to all Settlement Class Members.

Pursuant to their Final Approval Motion, Plaintiffs request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

A Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable,

adequate, and in the best interests of the Settlement Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion, any objections filed, the Motion for Attorneys' Fees, Costs and Incentive Payments, any objections thereto and responses to objections, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

I.      The Agreement and all definitions set forth therein are hereby incorporated with and made part of this Final Order Approving Class Action Settlement ("Final Order").

II.     JURISDICTION: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling Parties thereto including, without limitation, the Class Members.

III.    CLASS MEMBERS: Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Settlement Class Members:

> All persons in California who, during the period from January 24, 2016 through February 8, 2017, were called by Transactel on behalf of TURSS on their cellular telephones and spoke with a representative.

> Excluded from the Settlement Class are the Judges to whom the Action is assigned and any member of the Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

IV.   APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL :    Pursuant to Fed. R. Civ. P. 23, Plaintiffs are the Class Representatives and Kazerouni Law Group, APC (Abbas Kazerounian, Esq. and Jason A. Ibey, Esq.), Hyde & Swigart (Joshua B. Swigart, Esq. and Law Office of Daniel G. Shay (Daniel G. Shay, Esq.), are certified as Class Counsel.

V.   NOTICE AND CLAIMS PROCESS:    Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, KCC, has complied with the approved notice process as confirmed in its declaration filed with the Court.  The Court finds that the form and method for notifying the Settlement Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order, provided a means of notice reasonably calculated to apprise the Settlement Class Members of the pendency of the action and the proposed settlement, and thereby satisfied the requirements of Fed. R. Civ. P. 23(c)(2) and due process, and constituted the best notice practicable under the circumstances, and due and sufficient notice to all Settlement Class Members entitled thereto. Specifically, individual notice was provided to those potential Settlement Class Members whose cellular telephone numbers were identified in Transactel's records as having received a call from Transactel on behalf of TURSS during the period from January 24, 2016 through February 8, 2017 and for whom a name and address could be located by a search of Transactel's records or a reverse directory search performed by the Settlement Administrator; and all other persons were notified by a dedicated settlement website. The Court finds that the notice process was designed to advise the Settlement Class Members of their rights. The Court finds that the notice requirements set forth in the Class Action Fairness Act and any other

applicable law have been satisfied.  Further, the Court finds that Common Fund is approved, and the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

VI.     FINAL CLASS CERTIFICATION:  The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes, namely:

1) The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

2) There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

3) The claims of Plaintiffs are typical of the claims of the Settlement Class Members;

4) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class Members; and

5) Class treatment of these claims will be efficient and manageable thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members, the strength of Plaintiffs' case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VII.   <u>SETTLEMENT TERMS</u>:  The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement contained therein, are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Settlement Administrator shall conduct all administration of the Common Fund. The Settlement Administrator shall prepare and issue all disbursements of the Individual Settlement Amounts from the Common Fund to Authorized Claimants entitled to such benefits within the time period specified in the Agreement. In according with Section 10 of the Agreement, the Court approves New Media Rights as the *cy pres* recipient of unclaimed settlement funds.

VIII.   <u>ATTORNEYS' FEES</u>: The Court finds that Class Counsel are qualified to represent the Settlement Class. The Court hereby grants Class Counsel's request for an award of attorney's fees and litigation costs in the total amount of $_____. The Court finds that the amount of this award (estimated to be $_____ as of the fairness hearing) is fair and reasonable in light of the efforts expended by Class Counsel in prosecuting this Action and the results obtained, based on either the percentage-of-the-fund or lodestar methodology.  The attorney's fees and litigation costs are to be paid form the Common Fund within the time period set forth in the Agreement.

IX.   <u>SERVICE AWARDS</u>: The Court finds that it is appropriate for the Class Representatives each to be paid $3,000.00 from the Common Fund, as a service award for instituting, prosecuting and bearing the risk of this litigation. Aside from any claims they are paid to them as a result of claims they made as members of the Settlement Class, this service award shall be the only consideration paid to the Class Representatives.

X.   <u>EXCLUSIONS AND OBJECTIONS</u>:  This Final Order and Judgment applies to all claims or causes of action settled under the terms of the Agreement, and shall be fully binding with respect to all Settlement Class Members who did not properly request exclusion. A total of __ timely exclusion requests were received. Those persons requesting exclusion are identified on Exhibit A to this Order. The Court hereby excludes these persons from the Settlement Class and the Settlement.

XI. Settlement Class Members were given an opportunity to object to the settlement.  After consideration of each of the objections, the Court hereby overrules such objections.

XII.  This Order is binding on all Settlement Class Members, except those individuals named on **Exhibit A**.

XIII.   <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>: The Class Representatives, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the Release contained in the Agreement, Class Representatives, for themselves and on behalf of each Settlement Class Member, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, irrevocably, and forever released Defendants, and each of them, and, whether or not specifically named herein, each of their past or present directors, officers, employees, agents, insurers or reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, affiliated companies, parents and their other subsidiaries, subsidiaries, joint venturers, independent contractors, vendors,

service providers, wholesalers, resellers, distributors, retailers, divisions, predecessors, successors, and assigns (collectively, the "Released Parties"), from any and all liabilities, claims, causes of action, damages, penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, which were asserted in the Action or are related to the claims asserted in the Action, including any and all claims relating to the intercepting, monitoring and/or recording of telephone calls or other communications, and any and all claims for violation of the California Invasion of Privacy Act (including without limitation Cal. Penal Code §§ 630, 631, 632,  and 632.7), and any and all claims for statutory damages under Cal. Penal Code § 637.2, and any and all claims under any laws that regulate, govern, prohibit or restrict the intercepting, recording or monitoring of telephone calls or other communications (collectively, the "Released Claims").

XIV.   This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

XV.   Without affecting the finality of this Order the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order and the judgment.

IT IS SO ORDERED.

Dated: _____

_____
THE HON. JEFFREY T. MILLER
U.S. DISTRICT COURT JUDGE

# EXHIBIT "D"

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| **KELISSA RONQUILLO-GRIFFIN, KHOI NGUYEN, AND RUSSELL SMITH, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED**<br><br>**V.**<br><br>**TRANSUNION RENTAL SCREENING SOLUTIONS, INC. AND TRANSACTEL (BARBADOS), INC.** | CASE NO. 17-CV-129-JM-BLM<br><br>**CLASS ACTION**<br><br>**JUDGMENT**<br><br>**JUDGE:** Hon. Jeffrey T. Miller |

19      Pursuant to the Order Granting Final Approval Of Class Action Settlement;

20  Approval Of Attorneys' Fees, Incentive Payments And Costs Of Litigation filed

21  [insert date], and there being no just reason for delay, judgment is hereby entered on

22  the Second  Amended Complaint for Damages and Injunctive Relief ("Complaint")

23  filed on or about November 28, 2017 (Document No. 47), and the Complaint is

24  hereby dismissed with prejudice in all respects.

25      Without affecting the finality of this Judgment, the Court hereby retains

26  continuing and exclusive jurisdiction over the Parties and all matters relating to this

27  Action   and/or   the   Settlement   Agreement,   including   the   administration,

28

**JUDGMENT**

1    interpretation, construction, effectuation, enforcement and consummation of the

2    Settlement Agreement and the Court's Orders in this Action.

3

4         IT IS SO ORDERED.

5

6

7    Date: _____              _____

8                                       Hon. Jeffrey T. Miller
                                        Judge of the U.S. District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "E"

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

**KELISSA RONQUILLO-GRIFFIN, KHOI NGUYEN, AND RUSSELL SMITH, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED**

12
13
14

V.

15

**TRANSUNION RENTAL SCREENING SOLUTIONS, INC. AND TRANSACTEL (BARBADOS), INC.**

16
17
18

CASE NO. 17-CV-129-JM-BLM

<u>CLASS ACTION</u>

<u>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>

**JUDGE:** Hon. Jeffrey T. Miller

19
20
21
22
23
24
25
26
27
28

Plaintiffs Kelissa Ronquillo a/k/a Kelissa Ronquillo-Griffin ("Ronquillo"), Khoi Nguyen ("Nguyen"), and Russell Smith ("Smith"), individually and on behalf of Class Members (collectively, "Plaintiffs" or "Class Representatives"), filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Action"). The Preliminary Approval Motion was unopposed by Defendants TransUnion Rental Screening Solutions, Inc. ("TURSS") and Transactel (Barbados), Inc. ("Transactel") (collectively, "Defendants").

The Court has read and considered the Settlement Agreement and Release (the "Settlement Agreement" or "Agreement"), the Preliminary Approval Motion, and the record in this case.

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

I. <u>JURISDICTION</u>:  The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.  All capitalized terms used herein have the meanings defined herein and / or in the Agreement.

II. <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT</u>:  The Court preliminarily finds that the Settlement of the Action, on the terms and conditions set forth in the Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Settlement Class Members, taking into consideration the benefits to Settlement Class Members; the strength and weaknesses of Plaintiffs' case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals.  The Court finds that notice of the Settlement should be given to persons in the Settlement Class and a full hearing should be held on approval of the Settlement. The provisions of the Settlement Agreement are preliminarily approved and the Parties shall comply with its terms.

III.  <u>SETTLEMENT ADMINISTRATOR</u>:  The Court approves the selection of Kurtzman Carson Consultants, LLC ("KCC") to be the Settlement Administrator.  The Settlement Administrator will administer the applicable provisions of the Agreement in accordance with the terms of the Agreement, including, but not limited to, distributing and providing the class notice, receiving and examining claims, calculating claims against the Common Fund, preparing and issuing all disbursements of the Common Fund to Authorized Claimants, and handling inquiries from Settlement Class Members.  All reasonable fees and costs of the Settlement Administrator shall be paid from the Common Fund.

IV.  In compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, and as set forth in the Agreement, Defendants, themselves or through their designee, are ordered to serve written notice of the proposed settlement on the U.S. Attorney General and the appropriate California state official, unless such notice has already been served.

V.  <u>CLASS MEMBERS</u>:  Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby preliminarily and conditionally certified, for settlement purposes only, as a class action on behalf of the following Settlement Class Members:

> All persons in California who, during the period from January 24, 2016 through February 8, 2017, were called by Transactel on behalf of TURSS on their cellular telephones and spoke with a representative.
>
> Excluded from the Settlement Class are the Judges to whom the Action is assigned and any member of the Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

**VI.    CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT**: For purposes of the Court considering preliminary approval, the Court appoints Plaintiffs as the Class Representatives and Kazerouni Law Group, APC (Abbas Kazerounian, Esq. and Jason A. Ibey, Esq.), Hyde & Swigart (Joshua B. Swigart, Esq.) and Law Office of Daniel G. Shay (Daniel G. Shay, Esq.), as Class Counsel.

**VII.   NOTICE AND CLAIMS PROCESS**: The Court approves the form, content and method of notice set forth in the Agreement. If they have not already done so, Defendants shall provide the Class List and Cell Phone Number List to the Settlement Administrator within thirty (30) days of this Order granting preliminary approval. No later than sixty (60) days after the date of this Order, the Settlement Administrator shall establish the Settlement Website.  No later than sixty (60) days after the date of this Order, the Settlement Administrator shall send by regular mail the Class Notice and Claim Form to each person in the Class List at their last known address as provided by Defendants or as updated by the Settlement Administrator through the National Change of Address Database or otherwise.  Any Class Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Settlement Administrator to such forwarding address. As for Settlement Class Members who are not identified in the Class List but whose cellular phone numbers are contained on the Cell Phone Number List, the Settlement Administrator shall use such methods as it determines are practicable (which may include a reverse-directory lookup and/or skip tracing) to attempt to match those unmatched telephone numbers to names and addresses.  As to Settlement Class Members whose names and addresses are not located through such methods, the Settlement Administrator shall provide notice by the Settlement Website.  The Settlement Website shall contain the full details of the Settlement and permit the filing of claims on the website. If the mail

attempts at notice are unsuccessful, and/or a Settlement Class Member otherwise fails to follow the procedures set forth in this Agreement for submitting a claim or requesting exclusion from the Settlement Class, the Settlement Website shall provide notice and the Settlement Class Member shall be deemed a member of the Settlement Class whose rights and claims with respect to the issues raised in this action will be determined by the Court's final Order approving the settlement of the class claim and this Action, and the Judgment, and by the other rulings in the Action. With their Motion for Final Approval of Settlement, Class Counsel shall file a declaration from the Settlement Administrator detailing its compliance with the notice procedures set forth in the Agreement. The Court finds that the form, content and method of notice set forth in the Agreement satisfy the requirements of Fed. R. Civ. P. 23(c)(2), the Constitution of the United States, and any other applicable laws, and due process, and constitutes the best notice practicable under the circumstances. The forms of notice set forth in Agreement and approved herein provide a means of notice reasonably calculated to apprise the Settlement Class Members of the pendency of the action and the proposed settlement, and thereby meet the requirements of Fed. R. Civ. P. 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution, and any other applicable law, and shall constitute due and sufficient notice to all Settlement Class Members entitled thereto.

VIII.   <u>SETTLEMENT AND CLAIMS PROCESS</u>: The Court preliminarily approves the $425,000 Common Fund as fair, reasonable and adequate for members of the Settlement Class. The Defendants shall deposit the Common Fund with the Settlement Administrator within the timeframe set forth in the Agreement. The Court preliminarily approves the process set forth in the Agreement for reviewing, approving and paying claims from the Common

Fund. The last day submit claims shall be one hundred thirty (130) days after the date of this order granting preliminary approval to the settlement. The Court also preliminarily approves the service awards that will be sought by Plaintiffs to be paid from the Common Fund.

IX.  CLASS CERTIFICATION:  The Court preliminarily finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

X.  EXCLUSIONS:  Any Settlement Class Member may request to be excluded from the Settlement Class (*i.e.*, "opt out") by mailing a letter or other writing, by first class mail, to the Settlement Administrator containing the Settlement Class Member's name and address, and telephone number and a statement that he or she requests to be excluded from the Settlement Class.  Any such request must be made in accordance with the terms set forth in the Class Notice and will be timely only if postmarked no later than one hundred thirty (130) days after the date of this Order granting preliminary approval of this settlement and Agreement (the "Opt-Out Deadline"). The Settlement Administrator shall provide the Parties with copies of all opt-out requests as they are received and, no later than five (5) days after the Opt-Out Deadline, the Settlement Administrator shall provide Defense Counsel and Class Counsel with a list of the Settlement Class Members who have requested exclusion from the Settlement Class. Any Settlement Class Member who submits a valid and timely request for exclusion shall not be a member of the Settlement Class, and shall not be bound by the Agreement or Settlement.  If more than 25 persons request exclusion from the Settlement Class by the Opt-Out Deadline, Defendants jointly but not severally shall have the option to terminate the Agreement and the settlement proceedings, and this Order shall be null and void and the settlement of no force and effect.  Defendants shall give notice of such termination in writing to Class Counsel and the

1   Settlement Administrator no later than ten (10) days after the Opt-Out
2   Deadline.  The notice of termination shall then promptly be filed with the
3   Court by Class Counsel.

4   XI.  <u>OBJECTIONS</u>:  Any Settlement Class Member may object to the terms of the
5   Settlement, including, but not limited to, the benefits to be paid to the
6   Settlement Class under the settlement, Class Counsel's application for
7   attorneys' fees and litigation expenses and the Class Representatives'
8   service payments by mailing a written objection to the Settlement
9   Administrator. Any Settlement Class Member who wants to appear at the
10  Final Approval Hearing, either personally or through counsel, must so state
11  in his or her objection.  Written objections must be mailed to the Settlement
12  Administrator no later than one hundred thirty (130) days after the date of
13  this Order granting preliminary approval of the settlement.  The timeliness
14  of objections and notices shall be conclusively determined by the postmark
15  date.  Class Counsel shall file with the Court any objections received with
16  the final approval motion papers.  No later than one hundred sixty (160)
17  days after the date of this Order granting preliminary approval of the
18  settlement, the parties may file with the Court replies to any objections.

19  XII.  Settlement Class Members who do not file their objections in the manner set
20  forth herein will be deemed to have waived all objections.

21  XIII. Class Counsel shall file a motion for approval of Class Representatives'
22  service payments and application for attorneys' fees and costs no later than
23  one hundred (100) days after the date of this Order granting preliminary
24  approval of the settlement.  Class Counsel shall file a motion for final
25  approval of settlement no later than one hundred fifty (150) days after the
26  date of this order granting preliminary approval of the settlement. The motion
27  for final approval of settlement and motion for attorney's fees shall be posted
28  on the Settlement Website by the Settlement Administrator so that they may

1   be reviewed and printed out by any member of the Settlement Class or any
2   other person.

3   XIV.  <u>FINAL APPROVAL HEARING</u>:   The Court shall conduct a hearing
4   (hereinafter the "Final Approval Hearing") on _____, 201_,  at
5   ____, in Courtroom __ (3rd Floor – Schwartz) of the United States District
6   Court for the Southern District of California, 221 West Broadway, San Diego,
7   CA, 92101. The Final Approval Hearing may be rescheduled or continued by
8   the Court without further notice to the Settlement Class Members.   At the
9   hearing, the Court will consider the following issues:

10      A.  Whether this action satisfies the applicable prerequisites for class
11  action treatment for settlement purposes under Fed. R. Civ. P 23;

12      B. Whether the proposed settlement is fundamentally fair, reasonable,
13  adequate, and in the best interest of the Settlement Class Members and
14  should be approved by the Court;

15      C.  Whether the order granting final approval of class action settlement
16  and judgment, as provided under the Agreement, should be entered,
17  dismissing the Action with prejudice and releasing the Released Claims
18  against the Released Parties; and

19      D.    Such other issues as the Court deems appropriate.

20  XV. Attendance at the Final Approval Hearing is not necessary. Settlement Class
21  Members need not appear at the hearing or take any other action to indicate
22  their approval of the proposed class action Settlement.

23  XVI. Pending the final determination of the fairness, reasonableness, and adequacy
24  of the proposed Settlement, no Settlement Class Member may prosecute,
25  institute, commence, or continue any lawsuit (individual action or class
26  action) with respect to the Released Claims against any of the Defendants.

27  XVII. If the Agreement is not finally approved for any reason, then this Order shall
28  be vacated, the Agreement shall have no force and effect, and the Parties'

rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

XVIII. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

Dated: _____

_____

THE HON. JEFFRY T. MILLER
U.S. DISTRICT COURT JUDGE