# EXHIBIT G

1      6.     Transactel objects to these requests to the extent that they call for information not within the possession, custody, or control of Transactel. The responses given herein are based upon information reasonably available to Transactel and documents within Transactel's possession, custody, and control.

7.     Transactel objects to the requests to the extent that they seek confidential or proprietary information of either itself, a party, or third parties.

8.     Because information and documents that might be viewed as responsive to the Requests have not yet been identified, Transactel reserves the right to assert additional objections to the production of documents and information and to supplement these objections.

9.     Any request or any portion of any request that is not expressly admitted is denied.

10.    Transactel expressly incorporates the above General Objections as though set forth fully in response to each of the following individual requests for admission, and, to the extent that they are not raised in any particular response, Transactel does not waive those objections.

Subject to the foregoing General Statement and Objections and without waiving any of them, Transactel responds as follows:

### RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU called telephone number ███-5440 on or about December 14, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows: Admit.

/////

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU had a telephonic conversation with Plaintiff Russell Smith on or about December 14, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows: Transactel admits that it had a telephone conversation with a man who answered a phone call that it dialed to a telephone number that it had been informed belonged to Plaintiff Russell Smith.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Plaintiff Russell Smith spoke with one of YOUR representatives, by telephone on or about December 14, 2016, who ask for Plaintiff Russell Smith to provide a utility bill.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows: Transactel admits that a man who answered a phone call made to the number that Transactel had been informed belonged to Plaintiff Russell Smith spoke with a representative of Transactel on or about December 14, 2016. Transactel denies that its representative asked the man to provide a utility bill.

**REQUEST FOR ADMISSION NO. 4:**

Admit that telephone number ▮▮▮-5440 is a telephone number for Plaintiff Russell Smith.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

1   Subject to and without waiving the foregoing, Transactel responds as
2   follows:  Transactel admits that it has been informed that ███-5440 is a
3   telephone number for Plaintiff Russell Smith.
4   **REQUEST FOR ADMISSION NO. 5:**
5   Admit that telephone number ███-5440 is a cellular telephone number.
6   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**
7   Transactel refers to the Preliminary Statement and General Objections and
8   incorporates them as if fully set forth herein.  Transactel objects to this request on
9   the ground that it calls for information not in its possession, custody, or control.
10  Subject to and without waiving the foregoing, Transactel responds as
11  follows:  After making a reasonable inquiry concerning the matter in the request,
12  Transactel lacks sufficient knowledge from which to admit or deny the request, and
13  on that basis denies the request.
14  **REQUEST FOR ADMISSION NO. 6:**
15  Admit that YOU did not provide any call recording disclosure to Plaintiff
16  Russell Smith at the beginning of YOUR telephone conversation with Plaintiff
17  Russell Smith on or about December 14, 2016.
18  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**
19  Transactel refers to the Preliminary Statement and General Objections and
20  incorporates them as if fully set forth herein.
21  Subject to and without waiving the foregoing, Transactel responds as
22  follows:  Transactel admits that it did not verbally inform the person who answered
23  the call to ███-5440 that the call would be recorded at the beginning of the call.
24  **REQUEST FOR ADMISSION NO. 7:**
25  Admit that YOU did not inform Plaintiff Russell Smith at the outset of
26  YOUR telephone conversation with Plaintiff Russell Smith on or about December
27  14, 2016 that the telephone conversation was audio recorded.
28  /////

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows: Transactel admits that it did not verbally inform the person who answered the call to ███-5440 that the call would be recorded at the beginning of the call.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU did not inform Plaintiff Russell Smith that the telephone conversation on or about December 14, 2016 was audio recorded until several minutes into the conversation and only after Plaintiff Russell Smith inquired as to whether the telephone conversation was being recorded.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows: Transactel admits that it did not verbally inform the person who answered the call to ███-5440 that the call would be recorded at the beginning of the call. Transactel denies that the person who answered the call inquired as to whether the telephone conversation was being recorded.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU audio recorded a telephone conversation with Plaintiff Russell Smith on or about December 14, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows: Transactel admits that it recorded the call made to ███7-5440 on or about December 14, 2016.

**REQUEST FOR ADMISSION NO. 10:**

Admit that it is common practice for YOU not to solicit consent to record telephonic communications prior to engaging consumers similarly situated to Plaintiff Russell Smith in a telephonic conversation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein. Transactel objects to this request as vague, ambiguous, compound, and failing to describe the information sought with sufficient particularity, including, but not limited to, the undefined terms "common practice" and "similarly situated." Transactel further objects to the request as it calls for a legal conclusion and the knowledge of facts beyond what it presently knows, *i.e.*, a determination as to who is "similarly situated" to Plaintiff.

Subject to and without waiving these objections, Defendant responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU audio recorded a telephone conversation with Plaintiff Khoi Nguyen on or about December 15, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows: Transactel admits that it recorded a call made to ███-7513 on or about December 15, 2016.

**REQUEST FOR ADMISSION NO. 12:**

Admit that it is common practice for YOU not to obtain' consent to record telephonic communications prior to engaging consumers similarly situated to Plaintiff Khoi Nguyen in a telephonic conversation.

/////