# EXHIBIT H

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows:  Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU had a telephonic conversation with Plaintiff Kelissa Ronquillo-Griffin on or about December 14, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows:  Transactel admits that it had a telephone conversation with a woman who answered a phone call that it dialed to a telephone number that it had been informed belonged to Plaintiff Kelissa Ronquillo-Griffin.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Plaintiff Kelissa Ronquillo-Griffin spoke with one of YOUR female representatives over the telephone on or about December 14, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows:  Transactel admits that a woman who answered a phone call made to the number that Transactel had been informed belonged to Plaintiff Kelissa Ronquillo-Griffin spoke with a female representative of Transactel on or about December 14, 2016.

/////

/////

1    Subject to and without waiving the foregoing, Transactel responds as

2  follows:  Transactel admits that it asked the person that answered the call made to

3  ████-4799 to send a copy of an identification document.

4  **REQUEST FOR ADMISSION NO. 9:**

5    Admit that YOU did not provide any call recording disclosure to Plaintiff

6  Kelissa Ronquillo-Griffin at the beginning of YOUR telephone conversation with

7  Plaintiff Kelissa Ronquillo-Griffin on or about December 14, 2016.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

9    Transactel refers to the Preliminary Statement and General Objections and

10  incorporates them as if fully set forth herein.

11    Subject to and without waiving the foregoing, Transactel responds as

12  follows:  Transactel admits that it did not verbally inform the person who answered

13  the call to ████-4799 that the call would be recorded at the beginning of the call.

14  **REQUEST FOR ADMISSION NO. 10:**

15    Admit that YOU did not inform Plaintiff Kelissa Ronquillo-Griffin at the

16  outset of YOUR telephone conversation with Plaintiff Kelissa Ronquillo-Griffin on

17  or about December 14, 2016 that the telephone conversation was audio recorded.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

19    Transactel refers to the Preliminary Statement and General Objections and

20  incorporates them as if fully set forth herein.

21    Subject to and without waiving the foregoing, Transactel responds as

22  follows:  Transactel admits that it did not verbally inform the person who answered

23  the call to ████-4799 that the call would be recorded at the beginning of the call.

24  **REQUEST FOR ADMISSION NO. 11:**

25    Admit that YOU did not inform Plaintiff Kelissa Ronquillo-Griffin that the

26  telephone conversation on or about December 14, 2016 was audio recorded until

27  several minutes into the conversation and only after Plaintiff Kelissa Ronquillo-

28  Griffin inquired as to whether the telephone conversation was being recorded.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows:  Transactel admits that it did not verbally inform the person who answered the call to ████-4799 that the call would be recorded at the beginning of the call but did inform her later during the call after being asked.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU audio recorded a telephone conversation with Plaintiff Kelissa Ronquillo-Griffin on or about December 14, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.

Subject to and without waiving the foregoing, Transactel responds as follows:  Transactel admits that it recorded the call made to ████-4799 on or about December 14, 2016.

**REQUEST FOR ADMISSION NO. 13:**

Admit that it is common practice for YOU not to solicit consent to record telephonic communications prior to engaging consumers similarly situated to Plaintiff Kelissa Ronquillo-Griffin in a telephone conversation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Transactel refers to the Preliminary Statement and General Objections and incorporates them as if fully set forth herein.  Transactel objects to this request as vague, ambiguous, compound, and failing to describe the information sought with sufficient particularity, including, but not limited to, the undefined terms "common practice" and "similarly situated."  Transactel further objects to the request as it calls for a legal conclusion and the knowledge of facts beyond what it presently knows, *i.e.*, a determination as to who is "similarly situated" to Plaintiff.