**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigaiton.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kelissa Ronquillo-Griffin; Khoi Nguyen; and Russell Smith, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>TransUnion Rental Screening Solutions, Inc., and Transactel (Barbados), Inc.,<br><br>    Defendants. | **Case No.:** 3:17-CV-00129-JM-BLM<br><br>**DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**JUDGE:** Hon. Jeffrey T. Miller |

DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS
CASE NO.: 3:17-CV-00129-JM-BLM

# DECLARATION OF JOSHUA B. SWIGART

1. I, Joshua B. Swigart, hereby declare under penalty of perjury, and pursuant to the laws of the State of California and the United States of America, that the foregoing is true and correct. If called as a witness, I would competently testify to the matters herein from my own personal knowledge.

2. I am a partner of the law firm of Hyde & Swigart, APC and co-counsel of record for plaintiffs Kelissa Ronquillo-Griffin, Khoi Nguyen, and Russell Smith (collectively "Plaintiffs") in the above-captioned action against defendants TransUnion Rental Screening Solutions, Inc., and Transactel (Barbados), Inc. (collectively "Defendants").

3. I am a member in good standing of the bars of the State of California and District of Columbia, Washington State, Wisconsin, and Michigan. I am also admitted in every federal district in California and have handled federal litigation in Arizona, Washington, Minnesota, Tennessee and Texas.

4. I am writing this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class in the action against Defendants.

5. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

6. I request to be preliminarily approved as Class Counsel for the proposed settlement class.

7. I have worked on this case since it was filed.

8. Based on discovery conducted, the at length mediation session, arm-length negotiations following mediation session, and the Parties' representations to each other, I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter.

9. I am unaware of any conflict of interest between the Plaintiffs and as between Plaintiffs and their counsel.

10. I also believe the proposed Settlement is fair, adequate and reasonable.

## CLASS COUNSEL'S EXPERIENCE

11. Hyde & Swigart, APC seeks appointment as Class Counsel in this Action for settlement purposes.

12. Since my admission to the California bar in 2003, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of unlawful recordings under the California Penal Code § 632 *et al* ("CIPA")., fair debt collections, the defense of debt collection lawsuits, and class action litigation under the TCPA and the Fair Debt Collection Practices Act.

13. My firm, Hyde & Swigart, APC in which I am a principal, has litigated over 2,000 cases in the past fifteen years. My firm has several offices, including in San Diego, California; Phoenix, Arizona; Dallas, Texas, and Minneapolis, Minnesota. Hyde & Swigart, APC has extensive experience in consumer class actions and other complex litigation, including the TCPA. My firm has a history of aggressive, successful prosecution of consumer class actions including matters involving litigation under the CIPA.

## EXPERIENCE RELEVANT TO THE CIPA

14. I have filed and litigated several other class actions based on the CIPA violations in the past several years. The following is a list and a brief summary of notable decisions in CIPA and other consumer matters in which I am or have been personally involved in:

### CIPA Experience

a. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code § 632 et seq. Appeals court reversing the trial courts granting of Defendant's

motion for summary judgment after case was certified);

b. *Knell v. FIA Card Services, N.A.*, et al., 12-CV-426 AJB(WVG)(S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,750,000. Counsel obtained final approval on August 15, 2014);

c. *Hoffman v. Bank of America, N.A.*, 12-CV-539 JAH(DHB) (S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,600,000. Finally approved on November 6, 2014);

d. *Zaw v. Nelnet Business Solutions, Inc., et al.*, C 13-05788 RS (N.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $1,188,110. Final approval granted on December 1, 2014);

e. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008) (Allowing the original plaintiff who lacked standing in a class action to conduct pre-certification discovery of the identities of potential plaintiffs with standing);

f. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code § 632 et seq. Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

<u>Related Consumer Experience</u>

g. *Abdeljalil v. GE Capital Retail Bank,* 12−CV−02078−JAH−MDD (S.D. Cal) (Class certification granted);

h. *Adams v. AllianceOne, Inc.*, 08-CV-0248-JAH (S.D. Cal) (Nationwide

TCPA class settlement providing class relief of $40 per claiming class member resulting in over $2,500,000 paid to claiming class members; final approval granted in 2013);

i. *Arthur v. SLM Corporation*, 10-CV-00198-JLR (W.D. Wash.) (Nationwide settlement achieving 24.15 million; final approval granted in 2012);

j. *Bellows v. NCO Financial Systems, Inc*., 07-CV-01413-W (AJB) (S.D. Cal) (One of the first class action settlements under the TCPA in the nation; Hyde & Swigart served as co-lead counsel; final approval granted in 2009);

k. *Catala v. Resurgent Capital Servs., L.P.,* 08-CV-2401 NLS, 2010 U.S. Dist. LEXIS 63501 (S.D. Cal.) (Co-lead counsel on a class settlement involving the Fair Debt Collection Practices Act);

l. *Conner v. JPMorgan Chase Bank, et al*., 10-CV-1284-DMS (BGS) (S.D. Cal.) (finally approved for $11,973,558; awaiting written order finally approving settlement after court finally approved settlement at hearing);

m. *Edstrom v. All Servs. & Processing,* 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005) (Numerous omissions from a letter sent by a debt collector to members of a homeowner's association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17. The FDCPA required strict compliance; actual confusion on debtors' part was not required);

n. *Engelen v. Erin Capital Management, LLC*, et al., No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB) (Reversing the lower court's granting of summary judgment to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

o. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004) (Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA);

p. *Gehrich v. Chase bank USA, N.A.*, 1:12-CV-5510 (N.D. IL) – (preliminarily approved for $34,000,000);

q. *Geoffroy, et al. v. Washington Mutual Bank*, 484 F. Supp. 2d 1115 (S.D. Cal. 2007) (Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

r. *Gutierrez, et al. v. Barclays Group, et al.*, 10-CV-1012-DMS (BGS) (Common fund created in the amount of $8,262,500 based on the receipt of unsolicited text messages; final approval granted in 2012);

s. *Heathman v. Portfolio Recovery Assocs.*, LLC, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013) (Holding that failing to properly list and disclose the identity of the original creditor in a state collection pleading is a violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e).

t. *Hooker v. Sirius XM Radio Inc.*, 4:13-cv-00003-AWA-LRL (E.D.Va. December 22, 2016) (finally approved TCPA class action settlement with a monetary fund of $35,000,000);

u. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) (Summary judgment was granted sua sponte in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

v. *Iniguez v. The CBE Group, Inc.*, 13-CV-00843-JAM-AC, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.) (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

w. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286-MMA (MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process);

x. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH (BGS) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process);

y. *Knutson v. Schwan's Home Service, Inc. et al.*, (finally approved for $2,535,280);

z. *Lemieux v. EZ Lube, Inc. et al.*, 12-cv-01791-BAS-JLB (S.D. Cal.) (finally approved for $479,364);

aa. *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.) (Achieving one of the highest class member payouts in a TCPA action of $1,331.25; final approval granted in 2012);

bb. *Malta, et al. v. Wells Fargo Home Mortgage, et al.*, 10-CV-1290-IEG (BLM) (Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

cc. *Mason v. Creditanswers,* 2008 U.S. Dist. LEXIS 68575 (Holding that a forum selection clause causing a California consumer to litigate its claims

seems contrary to the polices advanced by certain consumer protection statutes);

dd. *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.) (Action was transferred to the Northern District of Illinois and settlement was finally approved at $39 million);

ee. *Myers v. LHR, Inc.*, 543 F.Supp.2d 1215 (2008) (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

ff. *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

gg. *Owings v. Hunt & Henriques, et al.*, 2010 U.S. Dist. LEXIS 91819 (S.D. Cal.) (Recognizing that the Service Members Civil Relief Act applies to California National Guard Members and that the debt collection attorney's false declaration the court violates the FDCPA);

hh. *Rose v. Bank of America Inc.*, 11-CV-02390-EJD (N.D. Cal) (National TCPA action achieving a settlement of $32 million, final approval granted in August of 2014.)

ii. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.) (Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00; final approval granted in 2013);

jj. *Sherman v. Kaiser Foundation Health Plan, Inc.,* 13-CV-0981-JAH (JMA) (S.D. Cal.) (finally approved for $5,350,000);

kk. *Sherman v. Yahoo!, Inc.,* 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

ll. *Sparrow v. Mazda Am. Credit,* 385 F. Supp. 2d 1063 (N.D. Cal. 2005) (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

mm. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc) (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

nn. *Yates v. Allied Intl Credit Corp*., 578 F. Supp. 2d 1251 (2008) (Holding a debtor's claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

15. Many the cases listed above, which have settled, have resulted in the creation of combined common funds and/or distribution to class member in the tens of millions of dollars. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both myself and Hyde & Swigart, APC in successfully prosecuting complex class actions.

16. I was co-lead counsel in an appeal before the Ninth Circuit Court of Appeals in *Knutson v. Sirius XM Radio*, No. 12-56120 (9th Cir. 2014), which resulted in an order in favor of my client. I also successfully argued before the Ninth Circuit Court of Appeals in a TCPA matter in *Flores v. ADIR International, LLC*, No. 15-56260.

## HYDE & SWIGART'S OTHER CONSUMER RELATED EXPERIENCE AND RESULTS

17. Hyde & Swigart has extensive experience in other consumer related issues, including California Penal Code § 632, *et seq*., the Fair Debt Collection

Practices Act and other related consumer statutes. A brief summary of a non-inclusive list of notable published decisions are as follows:

**ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS**

18. I have undergone extensive training in the area of consumer law. The following is a list of recent training conferences I attended:

   a. National Consumer Law Conference; Oakland, CA – 2003;
   b. National Consumer Law Conference (FDCPA Mini-Conference); Kansas City, MO – 2004;
   c. National Consumer Law Conference; Boston, MA – 2004;
   d. Five-day extensive one-on-one training with The Barry Law Office; San Diego, CA –2005;
   e. Three-day FDCPA Mini-Conference; Minneapolis, MN – 2005;
   f. Four-day extensive one-on-one training with The Barry Law Office; Minneapolis, MN – 2005;
   g. Four-day National Association of Consumer Advocates Conference; Minneapolis, MN – 2005;
   h. Four-day National Consumer Law Center Conference; Nashville, TN –2008;
   i. Three-day National Consumer Law Center Conference; Portland, OR -2008;
   j. Speaker at a Three-day National Consumer Law Center Conference; San Diego, CA - 2009;
   k. Speaker ABA/JAG presentation to military service members and counsel; MCRD, San Diego CA – 2010;
   l. Speaker ABA teleconference on defending consumer credit card debt and related issues; San Diego, CA – 2010;

  m. Three-day National Consumer Law Center Conference; Seattle, WA - 2011;

  n. Two-day FDCPA Mini-Conference; New Orleans; LA - 2012;

  o. Two-day National Consumer Law Center Conference on the FDCPA; Seattle, WA - 2012;

  p. National Consumer Law Center Conference, National Convention; Balitmore, MD - 2013;

  q. Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA - 2013;

  r. Speaker National Consumer Law Center; Nuts and Bolts of TCPA Litigation; San Antonio, TX - 2014;

  s. Speaker San Diego County Bar Association; Convergence of the FDCPA and Consumer Bankruptcy; San Diego, CA - 2014;

  t. Guest Speaker at California Western School of Law; Consumer Law class - 2014;

  u. 8th Annual Class Action Seminar; San Francisco, CA – 2014;

  v. Speaker regarding class actions at the NCLC National Conference held in Anaheim, CA in 2016.

  w. Speaker at a Two-day National Consumer Law Center Conference regarding ethical considerations in consumer cases; New Orleans, Louisiana - 2017;

19. I am a member in good standing of the following local and national associations:

  a. National Association of Consumer Advocates;

  b. Federal Bar Association, Southern District of California Chapter;

  c. San Diego County Bar Association;

  d. Riverside County Bar Association;

  e. San Bernardino County Bar Association;

  f. Enright Inns of Court (2011-2014);

  g. American Association for Justice.

I declare under penalty of perjury of the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed in San Diego, CA on August 27, 2018.

**HYDE & SWIGART, APC**

By: *s/Joshua B. Swigart*
  Joshua B. Swigart

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH, #101
SAN DIEGO CA 92108

DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS
CASE NO.: 3:17-CV-00129-JM-BLM  11