**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELISSA RONQUILLO-GRIFFIN, KHOI NGUYEN, and RUSSELL SMITH, Individually and On Behalf of All Others Similarly Situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**TRANSUNION RENTAL SCREENING SOLUTIONS, INC. and TRANSACTEL (BARBADOS), INC.,**<br><br>**Defendants.** | **Case No.:** 3:17-cv-00129-JM-BLM<br><br>**DECLARATION OF JASON A. IBEY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>**JUDGE**:   Hon. Jeffrey T. Miller |

# DECLARATION OF JASON A. IBEY

I, Jason A. Ibey, declare:

1. I am co-counsel for Plaintiffs Kelissa Ronquillo-Griffin, Khoi Nguyen and Russel Smith (the "Plaintiff") in the above-captioned action against defendant Transunion Rental Screening Solutions Inc. ("TURSS") and Transactel (Barbados), Inc. ("Transactel," together the "Defendants").

2. I am an attorney admitted to the State Bar of California on November 26, 2012, and have been a member in good standing since that time. I was admitted to the State Bar of Utah on May 15, 2018, and have been a member in good standing since that time. I am also admitted in every federal district in California and have handled federal litigation in the federal districts of California.

3. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

4. I am a senior associate at Kazerouni Law Group, APC, and have worked on this action since February 1, 2017.

5. I am writing this declaration in support of the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class, in this action for alleged violations of California's Invasion of Privacy Act, Cal. Pen. Code §§ 630, *et seq*. ("CIPA"), and in support of my adequacy to be appointed as one of Class Counsel for the Plaintiffs and the settlement class.

6. I was one of the attorneys for Plaintiff who participated in the private mediation before Bruce A. Friedman, Esq. of JAMS on March 23, 2018, in

San Diego, CA, which resulted in settlement on a class basis, subject to a finalized written settlement agreement.

7. Before this mediation, parties had initiated discovery, including the Parties propounded discovery on one another, as well as, Plaintiffs being deposed.

8. Based on discovery materials, including a data analysis vendor's sampling, discussions with counsel for Transactel, it is my understanding that the class consists of approximately 665 unique cell phone numbers. It also my understanding that Defendant has names and addresses for 439 persons, and a partial name or full name for an additional 15 persons but not addresses, thus Transactel has information for 68% of these settlement class members.

9. Were this suit to continue, Plaintiffs would continue to seek discovery from Defendants, including but not limited to evidence to show TURSS may be vicariously liable for the calls of Transactel.

10. The Settlement provides for a *pro rata* distribution of the Net Settlement Amount, with each consumer recovering a maximum of $5,000 dollars.

11. In my opinion, this proposed CIPA settlement is fair and reasonable, and merits preliminary approval, including in comparison with other similar class action settlements.

12. I am unaware of any conflict of interest between Plaintiffs and the Settlement Class members, or between Plaintiffs and their counsel.

13. The Parties have agreed upon New Media Rights of California Western School of Law at the proposed *cy pres* recipient of uncashed or unclaimed settlement funds. I do not have any affiliation with New Media Rights, and it is my understanding that my co-counsel do not have an affiliation with New Media Rights.

14. I am aware that courts have approved New Media Rights to be a *cy pres* recipient of unclaimed funds in settlements involving consumer privacy as it

concerns their cell phones, specifically, settlements under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*.

## GENERAL LITIGATION EXPERIENCE

15. I predominantly practice in the Southern District of California and Central District of California; however, I have litigated numerous cases in each of the district courts in California. I have also litigated cases in district courts outside of California on a *pro hac vice* basis.

16. I practice law almost exclusively in the area of consumer actions, with over 90% of my legal practice dedicated to consumer class actions. I have been involved in litigating several dozens of consumer class actions, obtaining class certification status in five contested cases.

17. I have actively participated in at least 10 private mediations involving putative class actions involving consumer rights.

18. I have assisted with drafting six appellate briefs before the Ninth Circuit Court of Appeals.

19. I have presented oral argument before the Ninth Circuit Court of Appeal on two different consumer rights matters:

    a. *Chad Carter v. Rent-A-Center, Inc.*, No. 16-15835 (oral argument held on October 20, 2017); and

    b. *Karmen Self-Forbes v. Adavanced Call Center Techno.*, No. 17-15804 (oral argument held on August 16, 2018).

20. I presently serve as, or have served as, class counsel in the following consumer actions:

    a. *Fox v. Spectrum Club of Santa Barbara*, No. 16CV00050 (Superior Court of Santa Barbara) (On July 1, 2016, I was approved as one of the class counsel in this finally approved class action settlement under the Telephone Consumer Protection Act);

b. *Couser v. Dish One Satellite, LLC*, 5:15-cv-02218-CBM-DTB (C.D. Cal.) (On November 21, 2017, I was finally approved as class counsel in this Telephone Consumer Protection Act class action settlement for alleged violation of the do-not-call regulations);

c. *Barrow v. JPMorgan Chase Bank, N.A.*, 1:16-cv-03577-AT (N.D. Ga) (On March 16, 2018, I was preliminarily approved as one of the class counsel in this Telephone Consumer Protection Act class action settlement for which the final approval hearing is scheduled to take place on November 1, 2018).

21. I have contributed significantly to several consumer class actions in which a favorable published decision was issued, including but not limited to the following cases:

a. *Stemple v. QC Holdings, Inc.*, 12-cv-01997-BAS-WVG (S.D. Cal.) (TCPA case);

b. *Barani v. Wells Fargo Bank, N.A.*, 12-cv-02999-GPC-KSC (S.D. Cal.) (TCPA case);

c. *Olney v. Job.com, Inc. et al.*, 12-cv-01724-LJO-SKO (E.D. Cal.) (TCPA case);

d. *Dake v. Receivables Performance Management, LLC, et al.*, 12-cv-01680-VAP-SP (E.D. Cal.) (Unlawful recording case);

e. *Knutson v. Schwan's Home Service, Inc. et al.*, 12-cv-964-GPC-DHB (S.D. Cal.) (TCPA case);

f. *Sherman v. Yahoo!, Inc.*, 13-cv-00041-GPC-WVG (S.D. Cal.) (TCPA case);

g. *Gusman v. Comcast Corp.*, 13-cv-1049-GPC-DHB (S.D. Cal.) (TCPA case);

h. *Webb v. Healthcare Revenue Recovery Group, LLC*, 13-cv-00737-RS

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

(N.D. Cal.) (TCPA case); and,

    i. *Barrett v. Wesley Financial Group, LLC*, 13-cv-0554-LAB-KSC (S.D. Cal.) (TCPA case).

### EXPERIENCE WITH CIPA LITIGATION

22. I have worked closely on several putative class action cases involving claims for violation of California Invasion of Privacy Act, Cal. Pen. Code § 630, *et seq.*, including but not limited to:

    a. *Ronquillo-Griffin v. Telus Communications, Inc. et al.,* 3:17-cv-00129-JM-MLB (S.D. Cal.) (preparing motion for preliminary approval of class settlement);

    b. *Foote v. Credit One Bank, LLC,* 2:13-cv-08605-MWF-PLA (C.D.Cal.);

    c. *Olney v. Job.com, Inc. et al.*, 13-cv-02004-AWI-SAB (E.D.Cal.);

    d. *Bohkle v. U.S. Bank, N.A.*, 12-cv-09247-RGK-E (C.D.Cal.);

    e. *Dake v. Receivables Performance Management, LLC*, 5:12-cv-01680-VAP-SP (C.D.Cal.);

    f. *Garcia v. Earthlink, Inc.*, 3:12-CV-01129-DMS-BLM (S.D.Cal.);

    g. *Montegna v. Portfolio Recovery Associates, LLC*, 3:12-cv-00764-MMA-BGS (S.D.Cal.).

    h. *Couser v. Dish One Satellite, LLC*, No. RIC1603185 (Superior Court of California, County of Riverside).

23. I have actively participated in two private mediations involving lawsuits for alleged violations of CIPA.

### PUBLICATIONS

24. A recent article that I wrote on California's Invasion of Privacy Act under Cal. Pen. Code 630, *et seq.* was published in the May 2018 edition of Plaintiff magazine.

---

IBEY DECL. IN SUPP. OF MTN. FOR PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:17-CV-00129-JM-BLM      5

25. I wrote an article entitled, *Think twice before filing that Article III challenge*, which was published in the Daily Journal on November 1, 2016.

26. An article that I wrote on the Telephone Consumer Protection Act, entitled, *Those annoying robo calls and the changing standard of prior express consent,* was published in the March 2015 edition of Plaintiff magazine.

## MEMBERSHIPS

27. I am a member of the following organizations:

    a. The National Association of Consumer Advocates;

    b. Consumer Attorneys of California;

    c. The American Bar Association;

    d. St. George, Utah Chapter of the J. Reuben Clark Law Society.

## EXHIBIT

28. Attached hereto as Exhibit 1 is a true and correct copy of the declaration of Estuardo Ligorria that I received from counsel for Transactel on August 24, 2018.

I declare under penalty of perjury that the foregoing is true and correct, executed on August 27, 2018, pursuant to the laws of the United States and the State of California at St. George, Utah.

                                                      __/s/ Jason A. Ibey_____
                                                          Jason A. Ibey