# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KELLISA RONQUILLO-GRIFFIN, KHOI NGUYEN, and RUSSELL SMITH, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**TRANSUNION RENTAL SCREENING SOLUTIONS, INC. and TRANSATEL (BARBADOS), INC.,**<br><br>Defendants. | Case No.: 3:17-cv-129-JM-BLM<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Judge**: Hon. Jeffrey T. Miller |

Plaintiffs Kelissa Ronquillo a/k/a Kelissa Ronquillo-Griffin ("Ronquillo"), Khoi Nguyen ("Nguyen"), and Russell Smith ("Smith"), individually and on behalf of Class Members (collectively, "Plaintiffs" or "Class Representatives"), filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Action"). The Preliminary Approval Motion was unopposed by Defendants TransUnion Rental Screening Solutions, Inc. ("TURSS")

and Transactel (Barbados), Inc. ("Transactel") (collectively, "Defendants").

The Court has read and considered the Settlement Agreement and Release (the "Settlement Agreement" or "Agreement"), the Preliminary Approval Motion, and supporting documents.

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

I. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto. All capitalized terms used herein have the meanings defined herein and / or in the Agreement.

II. <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT</u>: The Court preliminarily finds that the Settlement of the Action, on the terms and conditions set forth in the Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Settlement Class Members, taking into consideration the benefits to Settlement Class Members; the strength and weaknesses of Plaintiffs' case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals. The Court finds that notice of the Settlement should be given to persons in the Settlement Class and a full hearing should be held on approval of the Settlement. The provisions of the Settlement Agreement are preliminarily approved and the Parties shall comply with its terms.

III. <u>SETTLEMENT ADMINISTRATOR</u>: The Court approves the selection of Kurtzman Carson Consultants, LLC ("KCC") to be the Settlement Administrator. The Settlement Administrator will administer the applicable provisions of the Agreement in accordance with the terms of the Agreement, including, but not limited to, distributing and providing the class notice, receiving and examining claims, calculating claims against the Common Fund, preparing and issuing all disbursements of the Common Fund to

Authorized Claimants, and handling inquiries from Settlement Class Members. All reasonable fees and costs of the Settlement Administrator shall be paid from the Common Fund.

IV. In compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, and as set forth in the Agreement, Defendants, themselves or through their designee, are ordered to serve written notice of the proposed settlement on the U.S. Attorney General and the appropriate California state official, unless such notice has already been served.

V. <u>CLASS MEMBERS</u>: Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby preliminarily and conditionally certified, for settlement purposes only, as a class action on behalf of the following Settlement Class Members:

> All persons in California who, during the period from January 24, 2016 through February 8, 2017, were called by Transactel on behalf of TURSS on their cellular telephones and spoke with a representative.

> Excluded from the Settlement Class are the Judges to whom the Action is assigned and any member of the Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

VI. <u>CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT</u>: For purposes of the Court considering preliminary approval, the Court appoints Plaintiffs as the Class Representatives and Kazerouni Law Group, APC (Abbas Kazerounian, Esq. and Jason A. Ibey, Esq.), Hyde & Swigart (Joshua B. Swigart, Esq.) and Law Office of Daniel G. Shay (Daniel G. Shay,

Esq.), as Class Counsel.

VII. <u>NOTICE AND CLAIMS PROCESS</u>: The Court approves the form, content and method of notice set forth in the Agreement. If they have not already done so, Defendants shall provide the Class List and Cell Phone Number List to the Settlement Administrator within thirty (30) days of this Order granting preliminary approval. The Court finds that the furnishing of information by Defendants to the Settlement Administrator for purposes of giving notice to Settlement Class Members or otherwise to administer the Settlement does not violate 15 U.S.C. § 1681b because the furnishing of information is pursuant to this Order, and because it is not the furnishing of consumer reports otherwise governed by 15 U.S.C. § 1681b. No later than sixty (60) days after the date of this Order, the Settlement Administrator shall establish the Settlement Website. No later than sixty (60) days after the date of this Order, the Settlement Administrator shall send by regular mail the Class Notice and Claim Form to each person in the Class List at their last known address as provided by Defendants or as updated by the Settlement Administrator through the National Change of Address Database or otherwise. Any Class Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Settlement Administrator to such forwarding address. As for Settlement Class Members who are not identified in the Class List but whose cellular phone numbers are contained on the Cell Phone Number List, the Settlement Administrator shall use such methods as it determines are practicable (which may include a reverse-directory lookup and/or skip tracing) to attempt to match those unmatched telephone numbers to names and addresses. As to Settlement Class Members whose names and addresses are not located through such methods, the Settlement Administrator shall provide notice by the Settlement Website. The Settlement Website shall contain the full details of the Settlement and permit the filing of claims on the

website. If the mail attempts at notice are unsuccessful, and/or a Settlement Class Member otherwise fails to follow the procedures set forth in this Agreement for submitting a claim or requesting exclusion from the Settlement Class, the Settlement Website shall provide notice and the Settlement Class Member shall be deemed a member of the Settlement Class whose rights and claims with respect to the issues raised in this action will be determined by the Court's final Order approving the settlement of the class claim and this Action, and the Judgment, and by the other rulings in the Action. With their Motion for Final Approval of Settlement, Class Counsel shall file a declaration from the Settlement Administrator detailing its compliance with the notice procedures set forth in the Agreement. The Court finds that the form, content and method of notice set forth in the Agreement satisfy the requirements of Fed. R. Civ. P. 23(c)(2), the Constitution of the United States, and any other applicable laws, and due process, and constitutes the best notice practicable under the circumstances. The forms of notice set forth in Agreement and approved herein provide a means of notice reasonably calculated to apprise the Settlement Class Members of the pendency of the action and the proposed settlement, and thereby meet the requirements of Fed. R. Civ. P. 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution, and any other applicable law, and shall constitute due and sufficient notice to all Settlement Class Members entitled thereto.

VIII. <u>SETTLEMENT AND CLAIMS PROCESS</u>: The Court preliminarily approves the $425,000 Common Fund as fair, reasonable and adequate for members of the Settlement Class. The Defendants shall deposit the Common Fund with the Settlement Administrator within the timeframe set forth in the Agreement. The Court preliminarily approves the process set forth in the Agreement for reviewing, approving and paying claims from the Common

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO.: 3:17-CV-129-JM-BLM           5

Fund. The last day submit claims shall be one hundred thirty (130) days after the date of this order granting preliminary approval to the settlement. The Court also preliminarily approves the service awards that will be sought by Plaintiffs to be paid from the Common Fund.

IX. CLASS CERTIFICATION: The Court preliminarily finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

X. EXCLUSIONS: Any Settlement Class Member may request to be excluded from the Settlement Class (i.e., "opt out") by mailing a letter or other writing, by first class mail, to the Settlement Administrator containing the Settlement Class Member's name and address, and telephone number and a statement that he or she requests to be excluded from the Settlement Class. Any such request must be made in accordance with the terms set forth in the Class Notice and will be timely only if postmarked no later than one hundred thirty (130) days after the date of this Order granting preliminary approval of this settlement and Agreement (the "Opt-OutDeadline"). The Settlement Administrator shall provide the Parties with copies of all opt-out requests as they are received and, no later than five (5) days after the Opt-Out Deadline, the Settlement Administrator shall provide Defense Counsel and Class Counsel with a list of the Settlement Class Members who have requested exclusion from the Settlement Class. Any Settlement Class Member who submits a valid and timely request for exclusion shall not be a member of the Settlement Class, and shall not be bound by the Agreement or Settlement. If more than 25 persons request exclusion from the Settlement Class by the Opt-Out Deadline, Defendants jointly but not severally shall have the option to terminate the Agreement and the settlement proceedings, and this Order shall be null and void and the settlement of no force and effect. Defendants shall give notice of such termination in writing to Class Counsel and the Settlement

Administrator no later than ten (10) days after the Opt-Out Deadline. The notice of termination shall then promptly be filed with the Court by Class Counsel.

XI. OBJECTIONS: Any Settlement Class Member may object to the terms of the Settlement, including, but not limited to, the benefits to be paid to the Settlement Class under the settlement, Class Counsel's application for attorneys' fees and litigation expenses and the Class Representatives' service payments by mailing a written objection to the Settlement Administrator. Any Settlement Class Member who wants to appear at the Final Approval Hearing, either personally or through counsel, must so state in his or her objection. Written objections must be mailed to the Settlement Administrator no later than one hundred thirty (130) days after the date of this Order granting preliminary approval of the settlement. The timeliness of objections and notices shall be conclusively determined by the postmark date.

Class Counsel shall file with the Court any objections received with the final approval motion papers. No later than one hundred sixty (160) days after the date of this Order granting preliminary approval of the settlement, the parties may file with the Court replies to any objections.

XII. Settlement Class Members who do not file their objections in the manner set forth herein will be deemed to have waived all objections.

XIII. Class Counsel shall file a motion for approval of Class Representatives' service payments and application for attorneys' fees and costs no later than one hundred (100) days after the date of this Order granting preliminary approval of the settlement. Class Counsel shall file a motion for final approval of settlement no later than one hundred fifty (150) days after the date of this order granting preliminary approval of the settlement. The motion for final approval of settlement and motion for attorney's fees shall be posted on the Settlement Website by the Settlement Administrator so that they may be reviewed and

printed out by any member of the Settlement Class or any other person.

XIV. <u>FINAL APPROVAL HEARING</u>: The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on ***May 6, 2019***, at ***10:00 AM*** in Courtroom 5D (5th Floor – Schwartz) of the United States District Court for the Southern District of California, 221 West Broadway, San Diego, CA 92101. The Final Approval Hearing may be rescheduled or continued by the Court without further notice to the Settlement Class Members. At the hearing, the Court will consider the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

C. Whether the order granting final approval of class action settlement and judgment, as provided under the Agreement, should be entered, dismissing the Action with prejudice and releasing the Released Claims against the Released Parties; and

D. Such other issues as the Court deems appropriate.

XV. Attendance at the Final Approval Hearing is not necessary. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action Settlement.

XVI. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Defendants.

XVII. If the Agreement is not finally approved for any reason, then this Order shall be vacated, the Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective

positions as if the Agreement had never been executed and this Order never entered.

XVIII. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

**IT IS SO ORDERED.**

Dated: November 1, 2018

_Jeffrey T. Miller_
United States District Judge